Richard-Enrique; Ulloa, Sui Juris
c/o postal department 771
Stone Ridge, New York republic

*In Propria Persona*

All Rights Reserved Without Prejudice

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUL 1 6 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,[sic]  ) | CASE # 1:10-CR-0321 (TJM) |
| ) | |
| Plaintiff,[sic]  ) | DEMAND TO QUASH |
| ) | GRAND JURY INDICTMENT |
| ) | FOR ERROR, FRAUD AND |
| v.  ) | IMPROPER INFLUENCE |
| ) | |
| ) | |
| RICHARD ENRIQUE ULLOA, [sic]  ) | |
| ) | |
| ) | |
| Defendant. [sic]  ) | |

# DEMAND TO QUASH GRAND JURY INDICTMENT FOR ERROR, FRAUD AND IMPROPER INFLUENCE OF U.S. ATTORNEY, RICHARD S. HARTUNIAN, AND FOR FAILURE TO STATE A CRIME AS A MATTER OF LAW AS PRESENTED BY AFFIDAVIT OF
# Richard – Enrique: Ulloa

State of New York      §
County of Ulster       §

I, Richard – Enrique: Ulloa, am a man upon the land, a follower of Yahshua the Messiah in the laws of The Almighty Supreme Creator, Yahvah first and foremost and the laws of man when they are not in conflict (Leviticus 18:3,4). Pursuant to Matthew 5:33-37 and James 5:12, let my yea be yea, and my nay be nay, as supported by your Federal Public Law 97-280, 96 Stat. 1211. I have personal knowledge of the matters stated herein, am over the age of majority, and hereby asseverate understanding the liabilities presented in your Briscoe v LaHue, 460 US 325.

# PREFACE

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor - indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."
Berger v. U.S., 295 U.S. 78, 88 (1935)

"As an attorney, it was my mandate to fight against authority when it was overbearing, abusive, or unjust, but also to respect and believe in the system. When I challenged the system it was not from disrespect; rather, it was the ultimate form of respect.

I understood then, as I do today, that absent challenge, authority becomes totalitarian. Authority needs to be challenged if we are to ensure the integrity of the process. It is one of the great truths of our system."
-- Judge Harold J. Rothwax

In this case foul blows have been struck, and absent challenge, authority becomes totalitarian, wherefore being unrepresented in this case, I present my good faith DEMAND TO QUASH THE GRAND JURY INDICTMENT FOR ERROR,

FRAUD, AND IMPROPER INFLUENCE OF U. S. ATTORNEY, RICHARD S. HARTUNIAN, AND FOR FAILURE TO STATE A CRIME AS A MATTER OF LAW, AS PRESENTED BY AFFIDAVIT OF Richard – Enrique: Ulloa.

# CONTEMPT – JUDICIAL NOTICE

1)  This court WILL take judicial notice that I hold the utmost respect for the courts of this state and of this nation; however, I do distinguish between the court and an officer of the court and as to the latter, neither my respect nor my contempt is freely given; it must be earned.

# OFFER OF PROOF

2)  I have witnesses, evidence and testimony in an offer of proof that officers of this court, a) lack jurisdiction, b) are knowingly and willfully prosecuting this alleged case against me by flagrant misapplication of law, c) are withholding exculpatory evidence, and misrepresenting pertinent facts and law to facilitate said vexatious, malicious prosecution in bad faith, and with unclean hands, for an unlawful purpose, specifically, with specific and deliberate intent to violate my rights secured by the U.S. Constitution as a matter of law, and d) lack sufficient years in their lives to do the prison time they have so diligently earned.

3)  **The court cannot refuse an offer of proof!**

4)  Upon evidencing the essential facts, and pertinent law, it will be plain and clear that the indictment against me must be quashed and this case must be dismissed with prejudice.

5)  *"Allegations such as those asserted by petitioner, (a pro se litigant), however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. Accordingly, although we intimate no view on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof."* **Haines v. Kerner, 404 U.S. 519, 522**

# FACTS, LAW, AND REASONS FOR QUASHING THE INDICTMENT AND DISMISSAL WITH PREJUDICE

6) I, Richard – Enrique: Ulloa having duly given this court, and the prosecutor, actual and express NOTICE OF ERROR, FRAUD, IMPROPER INFLUENCE OF THE GRAND JURY BY U.S. ATTORNEY, RICHARD S. HARTUNIAN, AND MISAPPLICATION OF LAW, hereby DEMAND the Grand Jury indictment against me in the above-styled alleged cause be quashed pursuant to my rights to freedom of speech, expression, and redress of grievances, and to appear and defend in person and by counsel, guaranteed to me by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and my antecedent, unalienable rights to both substantive and procedural due process of law, and equal rights and protections of law.

7)   The aforesaid indictment is worthless and not a legal document for the following reasons:

8) I have the right, protected by the state and federal constitutions to appear and defend in person and by counsel at EVERY STAGE of the criminal proceedings against me, which necessarily includes the array, impaneling, swearing and charging of the purported grand jury which returned the aforesaid purported indictment.

9) The deprivation of my constitutionally protected right to appear and defend in person and by counsel and be present and make any challenge I may have to the array or the polls of the aforesaid grand jury which indicted me was a fundamental error of constitutional proportions, rendering said grand jury incompetent to sit on my alleged case.

10) The deprivation of my right to be present and appear and defend in person and by counsel at the impaneling, swearing and charging of the aforesaid grand jury, vitiated the indictment not on account of its form, but for the more important controlling reason that it rendered said grand jury incompetent to sit on my alleged case.

11)  As a matter of prevailing constitutional law, my liberty cannot be taken away from me except on an indictment preferred by a **duly constituted and organized grand jury**, and one **competent** to inquire into my alleged offense.

12)  As a matter of prevailing constitutional law, the same rights exist to one held to answer a charge by a grand jury to be present to challenge the array or the polls as is vouchsafed to every defendant to be present to challenge the array or the polls of a petit jury.

13)  Notwithstanding general practice and custom in most state and federal criminal cases, as a matter of prevailing constitutional law, the right to be present in all criminal prosecutions includes the right to be present when the grand jury is impaneled, and cannot be confined *"...to the hour and place of actual peril, when liberty and life shall be in greatest jeopardy, when the accused shall stand before [a petit jury] a tribunal having power over either or both; but the words [in criminal prosecutions] are broad enough to cover the initiate prosecution, whenever and wherever it takes the matured form of a legal accusation of crime" (State v. McO'Blenis, 24 Mo. 405, quoted from State v. Warner, 65 S.W. 584 @588).*

14)  *"Where rights secured by the constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 436.*

15)  I have not appeared before the grand jury before or after it was impaneled, sworn in and charged to investigate me by your rules, while the prejudicial presence of Richard S. Hartunian, and/or other prosecuting attorneys in the Grand Jury chambers adversely and improperly influenced the Grand Jurors against me, and prevented my own personal testimony, whereas I had a preceding, absolute right protected by the state and federal constitutions to be present and challenge the array, impaneling or polling of said grand jury as aforesaid, and the record shows I have been denied that right, and hereby and herein make my challenge against said purported grand jury which has allegedly indicted me in the above-styled alleged case.

16)  The courts have ruled that a potential defendant may properly be subpoenaed to appear before a grand jury that is investigating his activities:  *"It is in keeping with the grand jury's historic function as a shield against arbitrary accusations to call before it persons suspected of criminal activity so that the investigation can be complete." United States v. Mandujano, 425 U.S. 564, 573 (1976).*

17) However, now that the purported grand jury in this alleged case has returned an indictment against me, it would be an abuse of process for said grand jury to now call me to testify, or use its subpoena powers on me, so said grand jury cannot possibly correct its error and the only way to correct the error is for this court to quash the indictment for the reasons stated herein.

18) Generally speaking, as a matter of law, an indictment may not be amended (See *Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849* and Rule 7 of Federal Rules of Criminal Procedure (2007).

# A STANDARD OF REVIEW PURSUANT TO THE FIFTH AMENDMENT, U.S. CONSTITUTION AND FEDERAL RULES OF CRIMINAL PROCEDURE, 6 and 11

19) *"If an indictment is found in willful disregard of the rights of the accused, the court should interfere and quash the indictment." U.S. v. Farrington, 5 F. 343, 348 (D.C.N.Y. 1881).*

20) *"No person shall be held to answer for a capital, or otherwise infamous crime, unless upon a presentment or indictment of a grand jury." 5th Amendment to the U.S. Constitution.* That does indeed confer a right not to be tried (in the pertinent sense) when there is no grand jury indictment. Undoubtedly, the common-law protections traditionally associated with the grand jury attach to the grand jury required by this provision—including the requisite secrecy of grand jury proceedings. *Midland Asphalt Corp. v. U.S., 109 S.Ct. 1494, 1499-1500 (1989).*

21) My argument in this regard is divided into two sections. First, it is my contention that no one in any state or federal proceeding has been indicted by grand jury as the words *"grand jury"* were construed by their authors and that State Legislatures and Congress had no authority to change the meaning or the intent of the *Fifth Amendment's* authors, rendering all grand jury proceedings since then unconstitutional. It is never to be forgotten that in the construction of the language of the Constitution here relied on...we are to place ourselves as nearly as possible in the condition of the men who framed that instrument. *Ex Parte Bain, 7 S.Ct. 781, 787 (1887).*

22)   No act of State Legislature or Congress can authorize a violation of the Constitution. ***United States v. Brigoni-Ponce, 95 S.Ct. 2574, 2578 (1975).*** The Constitution cannot be interpreted safely except by reference to common law and to British institutions as they were when the instrument was framed and adopted. ***Ex Parte Grossman, 267 U.S. 87, 108-109 (1925).***

23)   Second, if the State Legislatures or Congress did have such authority, the courts were obliged to follow the rules and statutes enacted by that body, failure to do so rendering the court without jurisdiction.

# FIRST DISCUSSION

24)   In ***Rex v. Wilkes, 4 Burrow's Reports 2527, 2562 (1768),*** from an English maxim popular prior to 1600, Lord Mansfield said: ***"Let justice be done, though the heavens fall."*** See also ***U.S. v. Coggin, 1 F. 49 (E.D. Wisc. 1880)*** (It is the duty of the court to administer the law according to its best understanding, regardless of the consequences).

25)   Constitutional restraints prohibit prosecutors from engaging in conduct that undercuts the independence of the grand jury. ***United States v. Zielinski, 740 F.2d 727, 730 (9th Cir. 1984).*** At least, that is the rhetoric. *"The grand jury usually degenerates into a rubber stamp wielded by the prosecuting officer according to the dictates of his own sense of propriety and justice."* ***United States v. Kleen Laundry & Cleaners, Inc., 381 F.Supp. 519, 521 (E.D.N.Y. 1974).***

26)   Any experienced prosecutor will admit that he can indict anybody at any time for almost anything before any grand jury. ***Delays in Criminal Cases, Campbell, 55 F.R.D. 229, 253 (1972).*** That reality is easily proven statistically. In 1976, for example, federal grand juries returned 23,000 indictments and 123 "no bills." ***Hearings on H.R. 94, 95th Congress, 1st Session, Congressional Record, pg. 739 (1977).***

27)   The grand jury was intentionally designed as a safeguard to protect defendants against oppressive government practices, such as what has happened to me. ***Butterworth v. Smith, 110 S.Ct. 1376, 1380 (1990); U.S. ex rel Toth v. Quarles, 76 S.Ct. 1 (1955).*** Under the common law it was understood that the grand jury was to stand between the prosecutor and the accused. ***Hale v. Henkel, 26 S.Ct. 370, 373 (1905).*** It appears to some that the grand jury is obsolete. ***Delays in Criminal Cases, Campbell, supra.***

28)  The problem is not that the machinery of the grand jury is obsolete.  The problem is that the Congress threw an insurmountable monkey wrench into the grand jury machinery in 1906 and State Legislatures have followed suit.  The *Fifth Amendment* had in view the role of the common law, governing the mode of the prosecuting of those accused of crime.  *Mackin v. United States, 117 U.S. 348 (1886).*  The grand jury had common law origins.  *In re April 1956 Term Grand Jury, 239 F.2d 263,  268 (7th Cir. 1956).*

29)  Under the common law the grand jury was instructed by a charge from the judge who sat upon the bench.  Indictments were then preferred to them in the name of the king, but at the suit of any private prosecutor.  *Blackstone's Commentaries, Vol. 5, pg. 302 (Tucker Edition 1803).*  That this was the practice in United States courts for generations after the *Fifth Amendment* was enacted is also easily seen.  The court is the only proper source from which a grand jury may obtain advice as to questions of law.  No other person has a right to give a grand jury an opinion on questions of law which affect the rights of individuals or of society.  *United States v. Kilpatrick, 16 F. 765, 770 (D.C.W.D.N.C. 1883).*  *Blackstone's Commentaries* are a satisfactory exposition of the common law.  *Bloom v. Illinois, 394 U.S. 194, 88 S.Ct. 1477 (1968).*

30)  The very fact of the presence of the prosecutor in the grand jury room contradicts the historically defined role of that body.  I ask, how can the grand jury protect the accused (me) from the accuser if the accuser is alone with the grand jury and can effectively control the course of its investigation, or indeed eliminate the investigation in favor of summary indictment?  *Schwartz, Demythologizing The Grand Jury, 10 American Criminal Law Review 701, 759 (1972).  See also page 758, note 291.*

31) On November 3, 1806, Joseph Hamilton Daviess, United States Attorney for Kentucky, moved that a grand jury be convened to consider indicting Aaron Burr for attempting to involve the United States in a war with Spain.  On December 3rd the grand jury was called.  Daviess immediately moved *"to be permitted to attend the grand jury in their room."*  This motion was considered *"novel and unprecedented"* and was denied.  After hearing the evidence in secret the grand jury deliberated and, on December 5th, an *"ignoramus bill"* ( "no bill," Black's Law Dictionary, 6th Ed., p. 746) was returned.  *Demythologizing The Grand Jury, supra, at 734.*

32)   Nor was the practice of prohibiting prosecutors from leading grand jury investigations and degrading the grand jury into a rubber stamp an 1806 *"anachronism,"* or *"archaic practice"* as pronounced by Schwartz in ***Demythologizing The Grand Jury, supra.***

33)   The powers of the grand jury, therefore, should not be extended farther beyond these conservative and salutary principles, than is clearly warranted by public necessity and the most approved precedents.  A prosecution officer has no right, of his own motion, or upon that of an *officious*, if not an ***intermeddling*** and ***malicious*** prosecutor, to send witnesses to the grand jury room, merely to be interrogated whether there has been any violation of the criminal law, within their knowledge. ***The law denounces such inquisitorial powers, which may be carried to the extent of penetrating every household, and exposing the domestic privacy of every family***, as was done against me and my friend by **BAR TERRORIST** Richard S. Hartunian and/or other self serving prosecutors attempting to justify their existence at my expense.  The repose of society as well as the nature of our free institutions, ***FORBIDS*** such a dangerous mode of inquisition.

34)   United States District Attorney, Richard S. Hartunian, while claiming to be an *"officer of the court,"* **IS ACTUALLY NOT A JUDICIAL OFFICER!  HE CANNOT PROPERLY ADMINISTER AN OATH, NOTWITHSTANDING DE FACTO STATUTORY GRANT OF AUTHORITY TO DO SO!  HE CANNOT DECLARE LAW!  HE CANNOT LAWFULLY INSTRUCT THE GRAND JURY IN THE LAW NOTWITHSTANDING DE FACTO STATUTORY GRANT OF AUTHORITY TO DO SO!  THAT FUNCTION HISTORICALLY AND CONSTITUTIONALLY BELONGS TO THE JUDGE ALONE!**  Thus, if the grand jury desires to be informed of the law or of their duties, they **must** go into court and ask instructions from the judge on the bench, and not allow themselves to be bamboozled by conviction orientated prosecutors as was apparently done to me, and, as a matter of prevailing constitutional law, said shyster had **no business** in the grand jury room of the grand jury that purportedly indicted me, because he was not a competent part of that body, and the grand jury, while being a component part of the court, is an independent and self-acting body, clothed with the very highest functions, and, as such, is directly responsible to the law, to me, and to society, and no one can counsel them but the judicial officer of the court, and then only on their request. They are constitutionally prohibited from allowing a government prosecuting attorney to communicate with them directly, and are to act solely upon their own knowledge or observation in making presentments.  They are to act upon bills sent from the court, with witnesses, not from politically motivated, conviction

conviction orientated government prosecutors, and the examination of witnesses sent by the court is to be conducted solely by them. Their findings must be solely their own, uninfluenced by the promptings or wrongful prejudicial suggestions of government prosecutors. See ***Lewis v. The Board of Commissioners of Wake Co., 74 N.C., 194, 197-199 (Superior Court of Wake County, 1876), quoted with approval in United States v. Virginia-Carolina Chemical Co., 163 F. 66, 75 (C.Ct.M.D. Tenn. 1908), and United States v. Kilpatrick, supra.***

35) That it was up to the **judge**, under the practice known to the common law as understood by the framers of the ***Fifth Amendment***, to instruct the grand jury as to its duties and responsibilities, was common knowledge in the state and federal courts of the 19th Century. See, e.g., ***Charge To The Grand Jury (several cases with the same title), Fed. Cas. No. 18,255 (Cir.Ct.D.Calif. 1872), 18,248 (C.Ct.D.W.Va. 1868), 18,251 (D.C.D.Oregon 1869), 18,257 (C.Ct.D.Maryland 1836), 18,258 (C.Ct.W.D.N.C. 1875).***

36) It is clear that neither Congress, nor the State Legislatures have any power to enact laws which defeat the original intent and purpose of our grand jury system and the ***Fifth Amendment***. As a federal judge of that era of the 19th Century remarked, ***"The moment the executive is allowed to control the action of the courts in the administration of criminal justice, their independence is gone." In re Miller, Fed. Cas. No. 9,552 (C.Ct.D.Ind. 1878).***

37) Earlier courts held that the government prosecuting attorney had no right to give an opinion as to whether there should be a bill of indictment or not, unless his opinion was requested as a matter of law by the grand jury. ***Ex Parte Crittenden, Fed. Cas. No. 3,393a (S.Ct.D.Ark. 1832), United States v. Kilpatrick, supra.*** That prosecutors were not allowed in the grand jury room, under the indictment by grand jury clause of the ***Fifth Amendment***, was well understood in this country for over 100 years. See ***United States v. Rosenthal, 121 Fed. 862, 874 (S.D.N.Y. 1903) and the cases cited therein.*** The only exception was an invitation from a grand jury foreman, but even then, the prosecutor was not allowed to give opinions of law or give any advice as to the weight and sufficiency of the evidence. ***United States v. Kilpatrick, supra.***

38) In order to overcome the ***Rosenthal*** decision and the plain intention of the Framers of the ***Fifth Amendment,*** Congress then enacted, on June 30, 1906, the statute that has come down to us as ***28 U.S.C. §515***, and the Rule that has come down to us as ***F.R.Cr.P. 6(d)***, permitting government attorneys to ***"attend the grand jury in their room,"*** and the State Legislatures have followed suit. See the

*Congressional Record for June 6, 1906, pages 7913-7914.* The question I ask is from what source or by what authority did Congress, or the State Legislatures arrogate to themselves the ***right*** to change the ***meaning*** and ***mode*** of grand jury procedure as it was understood in 1791 when the ***Fifth Amendment*** to the U.S. Constitution was enacted? Careful study shows there was no such authority and still is no such authority. As Cooley said in his ***Constitutional Limitations, 5th Edition, (Little, Brown & Co. 1883) pages 67-68 (emphasis in the original): "The meaning of the Constitution is fixed when it was adopted, and it is not different at any subsequent time when a court has occasion to pass upon it. The object of construction, as applied to the written Constitution, is to give effect to the intent of the people who authored it."*** If in fact Congress or the State Legislatures possess such arbitrary power to change the meaning of indictment by grand jury and the intent of its framers, then my position in this regard is lost. The ***U.S. Constitution***, if it is such a document in which meanings can change at the whim of the legislature, is simply worthless.

39) On the other hand, if *"indictment by grand jury"* (as opposed to a shyster state or federal prosecutor leading the incompetent, woefully ignorant, deceived, uninformed and uninstructed around by the nose) means the same today as it did in 1791, the problem for the presiding Judge in this case is an acute one, because he, like every State or Federal Judge, must take a solemn oath to judge impartially and to uphold the Constitution, pursuant to the ***Supremacy Clause, Article VI,*** and *28 U.S.C. §453,* which includes the ***Fifth Amendment***, and denying me, or any other American citizen his rights under the Constitution violates that oath of office. ***Adamson v. C.I.R., 745 F.2d 541, 546 (9th Cir. 1984).*** Violation of that oath is grounds for impeachment or removal from office, and if done knowingly and willfully, criminal prosecution. ***U.S. Code Cong. & Admin. News, page 6896 (1990).***

40) This court has the power to quash the purported indictment against me to remedy constitutional or statutory violations. ***U.S. v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991)*** There is, of course, a distinction between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other. ***U.S. v. Pierce, 959 F.2d 1297, 1300-1301 (5th Cir. 1992).*** It is the ultimate responsibility of this court to decide if the Texas State Legislature or Congress violated the Constitution. ***Information Providers Coalition v. F.C.C., 928 F.2d 866, 869 (9th Cir. 1991).*** The New York State Legislature and Congress possess no power not derived from the Constitution. An act of the New York State Legislature or Congress is void if not resting on authority conferred by that instrument. ***U.S. v. Germaine, 99 U.S. 508 (1878).*** A state or federal court should

abstain from determining the constitutionality of a statute only in exceptional circumstances. ***Lind v. Grimmer, 30 F.3rd 1115, 1121 (9th Cir. 1994).***

41) The New York State Legislature or Congress cannot---merely by legislating--- amend the Constitution. ***United Transp. Union v. I.C.C., 891 F.2d 908, 915-916 (D.C.App. 1989).*** The state or federal legislatures cannot enact laws for the accomplishment of objects not entrusted to the state or federal government. ***Linder v. U.S., 45 S.Ct. 446 (1925).*** No one in 1791 entrusted the state or federal government with the authority to enact laws intended to turn the grand jury into a rubber stamp for quisling, pettifogger, shyster BAR TERRORIST state and federal prosecutors. Ironically, federal prosecutors employed by the Department of Justice did not even **exist** until late into the following century. The Department of Justice is wholly a creation of Congress, June 22, 1870.

42) The test of a statute is by the Constitution, regardless of Supreme Court decision. ***R.C. Tway Coal Co. v. Glenn, 12 F.Supp. 570, 587 (W.D.Ky. 1935).*** Regardless, all the recent U.S. Supreme Court decisions concern mere Rule violations, such as ***Rule 6(d)*** that Congress simply did not have the authority to enact in the first place. It cannot be presumed that any clause in the Constitution is intended to be without effect. ***Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803).*** It appears that the ***Fifth Amendment,*** like the ***Fourth Amendment*** in the lower courts, has been reduced to a ***"mere form of words."*** ***Bivens v. Six Unknown Named Agents of the Fed. Bur. Of Narc., 91 S.Ct. 1999, 2006 (1971).***

43) I am not even attempting to show prejudice or bias. The issue is that, without a valid grand jury indictment, *"indictment by grand jury"* as understood by those who wrote the ***Fifth Amendment*** **when** they wrote it, the purported grand jury indictment against me is worthless, and this court is without jurisdiction to proceed in a criminal prosecution against me.

44) The consequences of a return to the original meaning and mode of procedure envisioned by the authors of the Fifth Amendment could conceivably result in the release of perhaps 100,000 or more men and women from state and federal prisons. That is not, and cannot be the concern of the presiding Judge and this court. The Constitution does not allow reasons of state to influence our judgment. Almighty God forbid it should. We must not regard political consequences, however formidable they might be; if rebellion was the certain consequence, we are bound to say, ***"Justitia, fiat, ruat coelum."*** ***Rex v. Wilkes, supra, at 2561-2562.***

# SECOND DISCUSSION

45) Lord Mansfield said in ***Rex v. Wilkes, supra, at 2561-2562, "God forbid that the defendant not be allowed every advantage he is entitled to by law."*** This fascist litigation against me illustrates the extent to which this Court, so far, appears to be willing to reduce the substantive law to ***"pretend rules…in order to [secure and] affirm a criminal conviction"*** solely to appease the **BAR TERRORIST** U.S. Attorney Richard S. Hartunian and/or other self serving prosecutors attempting to justify their existence at my expense who have maliciously moved against me in the nature of a criminal conspiracy. ***United States v. Mechanik, 106 S.Ct. 938, 950 (1986) (Marshall dissent).***

46) In ***Rex v. Wilkes, supra,*** Lord Mansfield stated that the Court could not alter the law. ***Rex, supra, at 2575. "Nothing suggests that the grand jury would not have returned the indictment in open court…" U.S. v. McChristian, 47 F.3d 1499, 1540 (9th Cir. 1995). "…the court cannot know that this suggestion represents the fact." Mechanik, supra.*** The questions that arise are these: Do **any** of the aforesaid deprivations of my rights and violations of Rule 6 deprive the trial court of jurisdiction for constitutional violations? Or, as the general practice seems to be lately, are **all** violations of my rights secured by the Constitution and Rule 6 reduced to the equivalent of ***"pretend-rules?"***

47) The provisions of federal ***Rule 6*** are addressed as follows: ***Rule 6(a).*** Were there in fact 16 to 23 members of the grand jury present at the session that purportedly indicted me? If so, was a **record** kept of the names of those individuals? ***Rule 6(b)1.*** How could I challenge the array of the grand jurors who purportedly indicted me if their **names** were not recorded? ***Rule 6(b)2.*** How can one challenge the legal qualifications of a **single grand juror** if the **names** of those who purportedly voted to indict me were not recorded? See e.g., ***U.S. v. Thompson, 144 F.2d 604, 606 (2nd Cir. 1944)(Hon. Learned Hand naming disqualified jurors). Rule 6(c).*** Is there a similar ***Rule 6(c)*** voting record of the Grand Jurors filed with the clerk of the court in this alleged case against me? In the federal courts this is simply a standard form supplied by the Administrative Officer (form DC53) identifying the court, the date, the location, the **number** of grand jurors concurring to indict me, and the **signature** of the grand jury foreperson. ***U.S. v. Deffenbaugh Industries, Inc., 957 F.2d 749, 757 (10th Cir. 1992).*** I.e., if only the **number** of grand jurors allegedly voting to indict me is recorded and not their names, ***Rule 6(b)(2)*** is rendered mere surplusage. Courts may not construe a

statute so as to make **any part** of it mere surplusage. ***U.S. v. Monroe, 943 F.2d 1007, 1015 n. 8 (9th Cir. 1991).*** Once ***Rule 6(b)(2)*** and its intent have been ignored there is no way to verify whether 12 or more **legally qualified** jurors voted to indict me or the grand jury foreman simply scribbled a number he thought appropriate over his signature. No investigation can ever be made as to how a grand juror voted. ***United States v. Kirkpatrick, supra.*** The failure to record the **names** of the 12 or more grand jurors who purportedly voted to indict me renders the indictment **void.**

48) I hereby request that the concurrence forms **signed** by the **minimum of nine** of the minimum of twelve grand jurors who purportedly found the indictment against me be disclosed pursuant to New York State law. By federal law, a minimum of twelve jurors must vote for indictment, and I am entitled to have said concurrence forms provided to me pursuant to ***FRCr.P 6(e)(3)(C)(i).*** ***FRCr.P 6(f)*** requires an ***"indictment may be found only upon the concurrence of 12 or more jurors."*** Failure to return an indictment against me by such procedure renders the indictment void. ***Gaither v. United States, 413 F.2d 1061 (D.C.Cir. 1969); United States of America v. Michael G. Kuball, U.S. District Court for the District of Alaska, Case No. A-91-059CR.***

49) A formal vote was required for a grand jury indictment against me. ***The Federal Grand Jury, 22 F.R.D. 343, 393 n. 350,*** and I have raised more than reasonable doubt such vote was actually taken. ***Rule 6(e)*** and your New York Code of Criminal Procedure appear to be merely a codification of the intent of Congress and the New York State Legislature to stand the true meaning of the ***"indictment by grand jury"*** clause of the Fifth Amendment on its head. The original common-law reason for the secrecy of grand jury proceedings was to insulate the proceedings from agents of the **government**. ***Demythologizing The Grand Jury, supra at 758 n. 291.*** Today, Federal Rule 6(e) and your New York Code of Criminal Procedure appear to protect the machinations of unethical, overzealous and unscrupulous prosecutors more so than anything else, as is evidenced by the actions of **BAR TERRORIST** Richard S. Hartunian and/or other self serving prosecutors attempting to justify their existence at my expense.

50) ***Rule 6(f)*** provides that an indictment may be found **only** upon the concurrence of 12 or more jurors, and said indictment **shall** be returned by the grand jury to a federal magistrate in open court, however your New York Code of Criminal Procedure allows for only nine or more jurors, and does not specifically, expressly command the names of the said nine or more grand jurors to be recorded in the court. ***"Shall"*** has a compulsory meaning, not open to the implication of mere

directory requirement. *U.S. ex rel Acorn v. Flynn, 11 F.2d 899, 900 (W.D.N.Y. 1926).* In the 19th Century the names of the grand jurors were called out and asked what their finding was. *U.S. v. Butler, Fed. Cas. No. 14,700 (C.Ct.D.S.C. 1877); U.S. v. Hammond, Fed. Cas. No. 15,294 (C.Ct.D.La. 1875)(Two grand jurors, named, by whom the indictment found were found unqualified to act).* The evils of any other system are discussed in *Renigar v. U.S., 172 F. 646 (4th Cir. 1909)(denigrated in U.S. v. McChristian, supra).*

51) If this in fact was the way the purported indictment against me was returned in open court there is an easy way to tell: there will be a record kept of the proceeding pursuant to your New York Code of Criminal Procedure, and *28 U.S.C. §753, the Court Reporter's Act.* It is my contention, based on my being denied proof by way of concurrence forms showing the names of the grand jurors who voted to indict me, that none of the Sections of the New York Statutes or *Rule 6* designed to protect me were adhered to. I ask, where are the records?

52) The criminal rules of procedure once had the effect of law. *In re Grand Jury, 1969, 315 F.Supp. 662, 673 (D.Md. 1970).* There is a danger of sliding unconsciously from the narrow confines of law into the more spacious domain of *"policy." Ryan Heating Co., Inc. v. N.L.R.B., 942 F.2d 1287, 1290 (8th Cir. 1991).* Institutions without respect---laws violated with impunity---are to our Republic the symptoms and seeds of death. *Charge To The Grand Jury, by Chief Justice Oliver Ellsworth (Circ.Ct.D.Ga. April 25, 1796), reprinted by numerous newspapers of that era. Doc. Hist. of the U.S. Supreme Court, 1789-1800, page 119.*

53) In short, based on the foregoing, and following, either the purported indictment against me must be quashed or dismissed with prejudice for either *First* and *Fifth Amendment* or *Rule 6* violations, or the indictment by grand jury clause of the Fifth Amendment and my rights secured by the First Amendment mean **nothing** and/or *Rule 6* is merely a **pretend rule** and your corresponding New York provisions of law imposed against me undermine the Constitution in the nature of sedition and treason, and represent impermissible, arbitrary, prosecutorial usurpation and official oppression.

54) I hereby allege and show that the purported grand jury indictment against me is based solely on the outright lies, speculation, conjecture, and fabrications by means of informal un-sworn hearsay testimony of false accuser and *"devil"**, U.S. Attorney, Richard S. Hartunian and/or self serving prosecutors attempting to

justify their existence at my expense.    See ***United States v. Hodge, 496 F.2d 87 (5th Cir. 1974).***

*\*Devil "false accuser," ##'s 1139, 1140, 1141,  1142, & 1228, Strong's Concordance of the Bible)*

55)  I hereby show the purported indictment in the above-styled alleged case is facially, fatally defective in both substance and form, in that it fails to state plainly, concisely, and definitely all requisite facts constituting each and every essential element of the alleged offense, as required by law.

56)  In this matter, the purported indictment in the above-styled alleged case clearly misapplies provisions of New York Penal Code against me for exercising my rights to redress of grievance secured by the First Amendment while the New York legislature lacks the authority to overthrow the Constitution for the United States of America in the nature of sedition and TREASON; **thus my prosecution is barred by the First Amendment.**

57)  The record shows the purported indictment makes no specific, articulated claim with precision or certainty, but instead makes ambiguous, overbroad, unsubstantiated statements and reflects and fabricates legal conclusions of sycophant persecutors using conjecture and speculation from their overbroad and unsubstantiated statements, showing that attorneys have taken said grand jury on an impermissible, arbitrary fishing expedition, taking full advantage of the aforesaid incompetence of said jurors, and my own lack of sufficient knowledge, understanding, and my admitted inability to effectively proceed absent competent, effective assistance of counsel, selectively targeting me with malice and deliberate intent to harass and intimidate me, for want of facts not in the record, in a futile attempt to verify facts not in evidence and deceive the grand jurors into accepting mere fallacious allegations and erroneous legal conclusions as evidence.

58)  Indeed, the record shows that U.S. Attorney, Richard S. Hartunian, and/or other prosecutors, in desperation, resorted to conduct that was so overbearing to the will of the grand jury that the indictment was, in effect, that of said attorney rather than the purported grand jury in the nature of a *"star chamber"* proceeding, requiring this court to quash the indictment of said grand jury against me as a matter of law. See ***United States v. McKenzie, 678 F.2d 629, 631-32 (5th Cir. 1982).***

59) The law provides that the grand jury proceedings against me must be recorded, and that the court and government attorney is responsible for seeing to it that this is done and the safekeeping of said recordings, however I have my doubts that this was done, and I hereby DEMAND such transcripts which cannot summarily be denied me, which denial is highly prejudicial to me, prohibiting me from establishing an effective defense against this false accusation.

60) The **JURY SELECTION AND SERVICE ACT** of 1968, **28 U.S.C., Sections 1861 to 1875** must be STRICTLY FOLLOWED as the standard for State Grand Jury selection and service.

61) The exclusion of minorities, or the **existence of influences of** sex, **religion, political beliefs,** and race **are unconstitutional,** and I hereby and herein allege, and the record shows such exclusion of minorities, and **existence of influences** of sex, **religion, political beliefs,** and race in the array, impaneling, swearing, and charging of the purported grand jury in this alleged case, was prejudicial to me because of lies perpetrated against me behind my back. See **Vasquez v. Hillery, 474, U.S. 254 (1986); Castaneda v. Partida, 430 U.S. 482 (1977).**

62) I hereby allege and show that prosecutorial misconduct substantially influenced the purported grand jury decision to indict me, and there is grave doubt that said decision was free from such substantial influence. See **Bank of Nova Scotia v. United States, 487 U.S. 250 (1988); United States v. Sigma Intern., Inc., 244 F.3d 841 (11th Cir. 2001).**

63) I hereby allege and show that, the purported grand jury indictment against me is based solely on the informal un-sworn hearsay testimony of admittedly biased and prejudiced U.S. Attorney, Richard S. Hartunian, and/or other prosecutors acting as per knowing and willful, flagrant misapplication of law, with specific intent to deprive me of my rights secured by the Constitution of the United States of America, and cause me harm under color of law. See **United States v. Hodge, 496 F.2d 87 (5th Cir. 1974).**

64) I hereby allege and show that the purported grand jury which moved against me by its indictment was not selected at random from a fair cross section of the county in the district or division wherein the court convenes, and that some may have been adversely influenced against me by statements of my false accusers as aforesaid, and that all citizens who might not have been so influenced did not have the opportunity to be considered for service of the said grand jury, but only select citizens, so as to create an homage jury accepting bribes from the undisclosed true

party in interest, the International Monetary Fund, thereby prejudicing me, requiring this court to dismiss or quash said indictment. See *Title 28, U.S.C., Section 1861.*

65) I hereby allege and show that certain classes of citizens were excluded from service as a grand juror in this case on account of their race, color, **religion**, sex, national origin, **political beliefs, or economic status,** which prejudiced me, requiring this court to quash the purported indictment against me. See *Title 28, U.S.C., Section 1862.*

66) I hereby allege and show that the State and this court has failed and refused to devise and place into operation a properly approved written plan for random selection of grand and petit jurors that shall be designed to achieve the objectives of your New York Code of Criminal Procedure, and *Sections 1861 and 1862* of *Title 28, U.S.C.,* and otherwise **comply with the provisions of** *Title 28, U.S.C., Section 1863,* **which has prejudiced me, compelling this court to quash the purported indictment.**

67) I hereby allege and show that the State, or its appointed commissioners, or this court, have failed and refused to publicly draw at random from the master jury wheel the names of as many persons as may be required for grand jury service, and otherwise be in compliance with your New York Code of Criminal Procedure, or *Title 28, U.S.C., Section 1864,* which has prejudiced me, compelling this court to quash the purported indictment.

68) I hereby allege and show that this court, or judge of this district court, failed and refused to make appropriate determination of commissioner and juror qualifications from competent evidence available to them, resulting in unqualified, or biased and prejudiced commissioners and jurors who were not fair and impartial, being impaneled on the purported grand jury, and otherwise be in compliance with your New York Code of Criminal Procedure and *Title 28, U.S.C., Section 1865,* which has prejudiced me, compelling this court to quash the purported indictment.

69) I hereby allege and show that the jury commissioners, or in the absence thereof, the judge of this court, have failed and refused to properly maintain a qualified jury wheel and failed and refused to place in said jury wheel the names of all persons drawn from the master jury wheel who are determined to be qualified as commissioners or jurors and not exempt or excused pursuant to the State or district plan, resulting in unfair selection of jurors for the purported grand jury in

this alleged case, and otherwise be in compliance with your New York Code of Criminal Procedure and *Title 28, U.S.C., Section 1866*, which has prejudiced me, compelling this court to quash the purported indictment.

70)  *"In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." Title 28, U.S.C., Section 1867(a).*

71)  *"Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission, or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate..." Title 28, U.S.C., Section 1867(d).*

72)  In this alleged case, the record shows I am not an expert in the law, nor have I been trained in either proper legal procedure, or in the practice of law, thus, it was impossible for me to present this affidavit until being made aware of certain facts and law by others competent in these matters, who have assisted me, and provided me with the information as presented herein until now, indeed the record shows that my computers were seized while I was subjected to summary pre-trial punishment by force of arms, deprived of my computers containing defense data resources, as well as being stripped of financial resources necessary for my defense.

73)  I allege and show that the master jury wheel from which the purported grand jury was selected in this alleged case against me, was not made available for public inspection for the purpose of determining the validity of the selection of said jury, and otherwise be in compliance with your New York Code of Criminal Procedure and *Title 28, U.S.C., Section 1868*, which has prejudiced me, compelling this court to quash the indictment.

74) I allege and show that the so-called *"voter registration lists"* and other such official lists of persons allegedly qualified to vote are incomplete and inaccurate, and said lists are prejudicial to me in that they do not contain names of all persons, but only those purportedly registered to vote, or otherwise possessing a status incompatible with fairness and impartiality essential to an unbiased, fair and impartial grand jury, depriving me of my rights, requiring this court to quash the indictment.

75) I hereby allege and show that the grand jury selection in the alleged case against me violated the policies and objectives set forth in your New York Code of Criminal Procedure and *Sections 1861 & 1862* of *Title 28, U.S.C.*, and the court has failed and refused to ensure that the summoning and qualification procedures conducted did not violate said policies and objectives, prejudicing me, and requiring this court to quash the indictment. See *Title 28, U.S.C., Section 1878.*

76) I hereby allege and show that the entire grand jury pool, and particularly those who formed the grand jury which indicted me, individually and collectively in this alleged case, were incompetent, in that all said jurors suffer from a lifetime of cognitive dissonance, compounded by the adverse influence of the false accusers, and improper influence of Richard S. Hartunian and/or other prosecutors in their flagrant abuse of their official capacity and by their official oppression,  which prohibited said jurors from knowing and understanding their proven historical, political, and legal responsibility and function as grand jurors, to impartially and objectively ascertain material and jurisdictional facts and the proper application of the law according to said facts without allowing their preconceived, vague, and imprecise notions or adverse influence to interfere with sound reasoning; in short, said jurors' opinions and beliefs and adverse influence precluded them from rendering fair, impartial and sound judgment, in that all said jurors have formed or expressed opinion concerning this matter by their woeful ignorance of said well-grounded historical, political facts and legal obligations owed to their countrymen in the Grand Jury process.

77) I hereby show the purported indictment in the above-styled alleged case is facially, fatally defective in both substance and form, in that it fails to state plainly, concisely, and definitely the requisite facts constituting each and every essential element of the alleged offense, fully apprising me of the nature and cause of the accusation as required by law, as in what is the true nature and cause of this charge and how is this law applicable against me for my having merely provided notice regarding my redress of grievance, and affording my false accusers opportunity to

cure the deprivation of my rights by payment to avoid my having to file civil suit against them in seeking redress of grievances?

78) My false arrest and false imprisonment occurred when I was wrongfully and willfully detained without my consent, and the said detention was without legal authority or justification. See *Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); Sears Roebuck & Co. v. Castillo, 693 S.W.2d, 374, 375 (Tex.1985);* and *James v. Brown, 637 S.W.2d 914, 918 (Tex.1982).*

79) Liability for false imprisonment can extend to anyone who unlawfully arrests or detains another, and anyone who directs, requests, or participates in said arrest or detention. See *Villegas v. Griffin Indus., 975 S.W.2d745, 754 (Tex.App.— Corpus Christi 1998, pet.denied); Bossin v. Towber, 894 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] writ denied); Cronen v. Nix, 611 S.W.2d 651, 653 (Tex.App.—Houston [1st.Dist.] 1980, writ ref'd. n.r.e.).*

80) In this case, the record shows my accusers have been acting in deliberate retaliation against me, in bad faith, and with unclean hands under color of law as per arresting and detaining me under color of law, thus they knew, or should have known, as would any rational, reasonable officer, the arrest and detainment of me was, and is, plainly subjective, unlawful, malicious exercise of the police power serving no legitimate government purpose, or compelling public interest whatsoever.

81) Absent mens rea and actus reus, the foregoing is substantiated by the fact that exercise of my right to redress of grievance fails to provide grounds for false arrest and false imprisonment by means of collusion and criminal conspiracy, which constitutes a malicious criminal prosecution.

82) Absent mens rea and actus reus, the record shows no genuine probable cause to initiate the proceedings by effecting my false arrest and false imprisonment, and that said false accusers acted against me with malice, in bad faith, and with unclean hands, and that I have suffered severe and extreme, irreparable damages and injuries and mental and emotional distress as a result of said prosecution.

83) The record shows, that the false accusers deliberately failed and refused to disclose all material information and knowingly provided false information to the admittedly biased and prejudiced prosecutor, Richard S. Hartunian upon which he has acted against me without reliance on his own discretion, thereby causing these malicious criminal prosecutions against me.

84)   The record shows the lawless conduct of the false accusers was the determining factor in the prosecutor's decision to prosecute me in this case by withholding facts that prove I am totally innocent of all charges in the criminal prosecutions initiated against me, and the real motivation was for purposes of RETALIATION committed under color of law, using color of process, with specific intent to deprive me of my rights secured by the U.S. Constitution, and cause me damages and injuries.

85) The record shows the prosecutor is aware that I had given Due Process Notice and Opportunity to my false accusers to cure their lawless and plainly perfidious behavior upon which this ridiculous charge is based.

86)   From the foregoing, and the facts in the record regarding the criminal prosecution initiated against me, it is perfectly clear that there does not exist any facts or circumstances that would have excited a belief in an objectively reasonable person, acting on the facts within his first-hand, personal knowledge, that I was, or that I am guilty of the crimes alleged, especially and particularly a properly educated, trained, and **sworn** officer of the court who is required to know and understand the proper application of the law he administers and enforces against the public he serves.

87)   Government of the Virgin Islands v. Gereau, 523 F.2d 140 (1975) *cannot assume facts not in evidence, even if judge believes facts to be accurate* …wherefore neither the judge of this court, nor the prosecutor, Richard S. Hartunian can assume facts not in evidence, which includes the unsubstantiated presumptive conclusion that the officers of the court acted with objective reasonableness and in good faith, and had probable cause, as opposed to the glaringly apparent subjective unreasonableness, bad faith, and unclean hands the undisputed facts in the record show.

88)   This presumption must be balanced, carefully weighing my liberty interests (and that of others) and our freedom from such clearly unjustifiable and oppressive criminal prosecution and our rights secured by the State and U.S. Constitutions against purported societal interests in the efficient administration and enforcement of criminal law, and the presumption of objective reasonableness, good faith, and probable cause must disappear when the prosecutor and court are confronted with my irrefutable evidence by my uncontested affidavits of material and jurisdictional facts in the record of this case which clearly and convincingly show that the motives, grounds, beliefs, and "evidence" acted upon by the officers of the court

completely fails to establish requisite probable cause to initiate these criminal proceedings against me.

89) Now that I have presented this court with the foregoing facts and law by my affidavit under penalty of perjury, clearly and convincingly showing that false accusers have acted against me in initiating this criminal prosecution absent probable cause, in an outrageously unreasonable and subjective manner, for the wicked and evil purpose of RETALIATION, in bad faith, and with unclean hands, the burden is now on said false accusers to show proof of probable cause, which, as a matter of law they cannot do, because their charges against me are clearly misapplication of law, committed with malice and with careless and reckless disregard for my rights or their respective oaths of office.

90) Clearly, there is sufficient direct and circumstantial evidence to show lack of probable cause, thus it is perfectly clear the police power was, and is being used against me and my friend Ed George Parenteau and associates as a means to take property without just compensation and practice religious persecution under color of law, under color of office, using color of process. See *Lloyd v. Myers, 586 S.W.2d 222, 227 (Tex.App.—Waco 1979, writ ref'd n.r.e.); J.C, Penny Co. v. Gifford, 422 S.W.2d 25, 28 (Tex.App.—Houston [1st.Dist.] 1967, writ ref'd n.r.e.); J.C. Penny Co. v. Ruth, 982 S.W.2d 586, 590 (Tex.App.—Texarkana 1998, no pet).*

91) I have a firm, good faith reliance that officers of the court have executed oaths to support both State and Federal Constitutions, and to uphold the law. I have a firm, good faith reliance that officers of the court are educated, trained, paid, and sworn to uphold the law. Officers of the court are required to report criminal activity as promptly as they become aware of it. In this matter, I have clearly been attacked and defrauded by officers of the court by specific intent, since they have no excuse such as ignorance of the law.

92) Acting in felony breach of fiduciary duty, officers of the court have acted in a criminal conspiracy to take my private property, without just compensation, violating by specific intent the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of The United States of America, taking fingerprints and photographs from me and stealing other private property by force of arms and imminent threat of physical violence against me and my friend, Ed George Parenteau, two honest and decent men entitled to the presumption of innocence and denying us the just compensation to which we are entitled. It is plain and clear that said violations of the Constitution are but one facet of the B.A.R. TERRORISTS

and fascist government armed thugs acting in collusion and conspiracy to overthrow the Constitution of The United States of America in the nature of sedition and treason as I show herein.

93) It is plain and clear that the First Amendment provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...". Federal Public Law 97-280, 96 Stat. 1211 provides that the Bible is the Word of God and plainly declares that we should apply its teaching in our lives, and I was and am doing so, and government oppressors are persecuting me and my friend Ed George Parenteau for it under color of law.

94) Judge Edith Jones of the U.S. Court of Appeals for the Fifth Circuit, told the Federalist Society of the Harvard Law School on February 28, 2003 "The first 100 years of American lawyers were trained on Blackstone, who wrote that: 'The law of nature ... dictated by God himself ... is binding ... in all counties and at all times; no human laws are of any validity if contrary to this; and such of them as are valid derive all force and all their authority ... from this original."

95) It is an undisputed fact that I have exercised my antecedent, unalienable rights to freedom of practice and exercise of my strongly and sincerely-held spiritual training and beliefs, freedom of speech, press, association, assembly, interstate travel, redress of grievances, and privacy by word and by deed, and for this U.S. Attorney Richard S. Hartunian and/or other prosecutors maliciously prosecute me on this patently frivolous nonsense.

96) It is an undisputed fact that the actions of any and all agents, officers, employees, and attorneys of government are not infallible, and, as former U.S. Supreme Court Justice, Robert Jackson once said: *"It is not the function of our government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error." American Communications Association v. Douds, 382, 442.*

97) It is an undisputed fact that my actions were falsely construed as a crime by my false accusers, however, for want of any evidence, and for want of proof of *mens rea*, and *actus reus*, my actions are all shown to be totally and completely lawful acts of rightful, peaceful remonstrance, and exercise of First Amendment rights, predicated on love of our Creator, Yahweh, and our Savior, Yahshua (One & the same), and His *"perfect law of liberty" (James, 1:25)*, love of my fellowman, and love of our land He has placed us in, called America, to be free under His Laws.

# CONCLUSION

98) During World War II, Winston Churchill made a list of some 50 Germans declaring that upon confirmation of identification, summary execution was appropriate. President Roosevelt agreed. Stalin, on the other hand, declared that the men listed must have a trial. In the instant case, the afore named sycophant police and devil prosecutor and judge of this court oppose giving me substantive and procedural due process and a fair trial and favor summary judgment and sentencing. In other words, they would not give me the consideration that Stalin, a reputed despotic tyrant, would give me.

99) "If you are determined to execute a man in any case, there is no occasion for a trial; the world yields no respect to courts that are merely organized to convict."
Robert H. Jackson, United States Prosecutor at Nuremberg

100) "An avidity to punish is always dangerous to liberty. It leads men to stretch, to misinterpret, and to misapply even the best of laws. He that would make his own liberty secure must guard even his enemy from oppression; for if he violates this duty he establishes a precedent that will reach to himself." Thomas Paine

101) "One witness shall not rise up against a man for any iniquity, or for any sin, in any sin that he sinneth: at the mouth of two or more witnesses, or at the mouth of three witnesses, shall the matter be established. If a false witness rise up against any man to testify against him that which is wrong; Then both the men, between whom the controversy is, shall stand before the Lord, before the priests and judges, which shall be in those days; And the judges shall make diligent inquisition: and, behold, if the witness be a false witness, and hath testified falsely against his brother; Then shall ye do unto him as he had thought to have done unto his brother: so shalt thou put the evil away from among you. And those which remain shall hear, and fear, and shall henceforth commit no more any such evil among you. And thine eye shall not pity; but life shall go for life, eye for eye, tooth for tooth, hand for hand, foot for foot." Deuteronomy 19:15-21

102) I am not an expert in the law however I do know right from wrong. If there is any human being damaged by any statements herein, if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendment to this document as necessary in

order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would controvert and overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within thirty (30) days from receipt hereof providing me with your counteraffidavit, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false sufficiently to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father Yahvah, through the power and authority of the blood of his son Yahshua be done on Earth as it is in Heaven.

## Reserving ALL Natural God-Given Unalienable Birthrights, Waiving None, Ever,

# 28 USC §1746

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 USC §1746

Signed on this the thirteenth day of the seventh month in the year of our Lord and Savior two thousand ten.

Executed on 07/13/2010:

_____

Richard-Enrique; Ulloa, *Sui Juris*
New York, republic

All Rights Reserved without Prejudice

**JUDITH S. MAYHON**
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MA6098585
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES JULY 14, 20 11

**Proof and Evidence of Service**

*I*, Richard-Enrique; Ulloa: *declare that I served by filing one copy of the "AFFIDAVIT & Demand to Quash" by* "hand-delivered by private carrier-service on "USDC of Northern NY" sent by post-office-first class-mail AND OR CERTIFIED MAIL *to the following:*

| | |
|---|---|
| THOMAS A. CAPEZZA | USDC OF NORTHERN NY |
| Assistant U.S. Attorney Bar #503159 | COURT CLERK |
| 445 Broadway, Room 509 | 445 Broadway, Room 509 |
| ALBANY, NEW YORK 12207 | ALBANY, NEW YORK 12207 |
| First class mail | First class mail |

Richard-Enrique; Ulloa
07/13/2010

JUDITH S. MAYHON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MA6095585
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES JULY 14, 20 _11_

# NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT