UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                                             1:10-cr-321

RICHARD ENRIQUE ULLOA,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Defendant Richard Enrique Ulloa ("Defendant") was indicted on four counts of mail fraud in violation of 18 U.S.C. § 1341.  It is alleged that Defendant participated in a scheme to obtain monies through, *inter alia*, the filing of false liens.  Defendant now moves to "quash the grand jury indictment for error, fraud and improper influence of U.S. Attorney Richard Hartunian, and for failure to state a crime as a matter of law. . . ." and to "dismiss due to illegal grand jury proceedings."

      As an initial matter, Defendant's motions fail to comply with the requirements of this Court's local rules.  Those rules impose page limits, see N.D.N.Y.L.R. 7.1 and criminal rule 12.1, and require that the papers be presented in a particular manner (e.g. double spaced).  See N.D.N.Y.L.R. 10.1.  Defendant is hereby advised that **THE COURT WILL REJECT ANY FUTURE DOCUMENTS THAT DO NOT COMPLY WITH THE LOCAL RULES**.

      Defendant also is advised that the Court will not entertain multiple motions for pre-trial relief.  See e.g. United States v. Fell, 360 F.3d 135, 146 (2d Cir. 2004)  (indicating a preference to avoiding "further piecemeal litigation); United States v. Lizardo-Acosta, 1994

WL 191999, at *1 (D. Kan. 1994) (Courts should "avoid deciding issues in a piecemeal fashion. The disposition of motions in a piecemeal fashion obviously requires both the court and the parties to needlessly invest additional resources in resolving pretrial issues."); see also Advisory Committee Notes to 1974 Amendment to Fed. R. Crim. P. 12.[1] Rather, the Court will entertain only ONE omnibus motion filed on or before **the motion filing deadline specified in the pre-trial scheduling order (see Dkt. No. 4) (which is July 21, 2010).** The Court will not entertain any Rule 12 motions after the July 21 deadline set forth in the pre-trial scheduling order.

Defendant moves to dismiss the Indictment on the ground of illegal grand jury proceedings. Defendant appears to move pursuant to Fed. R. Crim. P. 6(b)(1) and 6(b)(2) on the grounds that he was not properly notified of the "allegations of complaint and intent to present matters to a grand jury for consideration" and, therefore, he was deprived of the Fourth Amendment right to have access to affidavits of complaint, the Sixth Amendment right to interview witnesses against him, the Sixth Amendment right to the assistance of counsel, and the right to challenge the jury selection process and/or the qualifications of jury candidates. Defendant also attacks the overall grand jury process.

"A grand jury's indictment is based on probable cause, not on a preponderance of the evidence, and that body makes its judgment after an ex parte proceeding at which the target of its inquiry is normally not permitted to call or cross-examine witnesses." United

---

[1] The Advisory Committee Notes provides in relevant part as follows:

This and other amendments to rule 12 are designed to make possible and to encourage the making of motions prior to trial, whenever possible, and in a single hearing rather than in a series of hearings. . . . [The Advisory Committee] is of the view that the single pretrial hearing should be made possible and its use encouraged by the rules.

States v. Miller, 116 F.3d 641, 669 (2d Cir. 1997).  "A defendant does not ordinarily have the right to challenge [grand jury] proceedings because of their ex parte nature." United States v. Thomas, 632 F.2d 837 (10th Cir. 1980).  The Supreme Court has held that "a District Court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudice the defendants." Bank of Nova Scotia v. United States, 108 S. Ct. 2369, 2373 (1988).  "[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Id. at 2374 (quoting United States v. Mechanik, 106 S. Ct. 938, 945 (1986).

      Defendant identifies no such violations.  Contrary to his contentions, Defendant is not entitled to prior notice of grand jury proceedings and he is not entitled to participate in the grand jury process. United States v. Williams, 504 U.S. 36, 51-52, 112 S. Ct. 1735 (1992).  "[I]n this country . . . the suspect under investigation by the grand jury [does not] . . . have a right to testify or to have exculpatory evidence presented." Id. at 52.  Further, an unindicted defendant has no right of counsel in connection with grand jury proceedings. United States v. Vasquez, 675 F.2d 16, 17 (2d Cir. 1982) ("the fact that a person is the subject of an investigation is not enough to trigger his Sixth Amendment right to counsel.").  "For a Sixth Amendment right to counsel to attach, adversarial proceedings must have commenced against an individual, 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" Id. (quoting Brewer v. Williams, 430 U.S. 387, 398, 97 S. Ct. 1232, 1239 (1977)); see also McNeil v. Wisconsin, 501 U.S. 171, 111 S. Ct. 2204 (1991).  Defendants contentions concerning the right to interview witnesses and to access to affidavits of complaint are irrelevant to the grand jury process.

Moreover, Defendant articulates no infirmities concerning how the grand jury was drawn, summoned or selected, or the qualifications of any grand juror.  Defendant also fails to identify any violation of the few, clear rules crafted to ensure the integrity of the grand jury's functions, see United States v. Williams, 504 U.S. 36, 46, 112 S. Ct. 1735 (1992), and any prejudice resulting from any potential misconduct.  The Court has considered Defendant's remaining arguments and finds them to be without merit.

For the foregoing reasons, Defendants fails to specify sufficient reasons warranting dismissal of the Indictment.  Accordingly, Defendant's motions to quash the indictment (Dkt. No. 21), and to dismiss the indictment (Dkt. No. 22), are DENIED.

IT IS SO ORDERED.

Dated: July 21, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge