**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Criminal Action No.** |
| | **10-CR-321 (TJM)** |
| v. | |
| **RICHARD ENRIQUE ULLOA,** | |
| **Defendant.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTIONS FILED SEPTEMBER 10, 2010**

On September 10, 2010, a number of motions and objections were filed on behalf of defendant RICHARD ENRIQUE ULLOA ("ULLOA"). *See ECF nos. 38-44*. The government responds as follows:

**I.   Objection: I do not understand the Charges (ECF no. 38).**

Defendant claims that he does not understand the charges. *See ECF no. 38.* The government consents to a hearing, requiring defendant's presence, to ascertain whether defendant is qualified to proceed *pro se*, and, if not, whether defendant should be required to retain counsel or qualifies for the appointment of counsel. A hearing to determine if defendant should proceed with counsel is especially applicable considering defendant's statement in a separate filing that: "I cannot represent myself, since I am myself and as stated in the Bill of Rights, I will proceed with several assistance of counsel, to include

Robert Fox."[1]  *See ECF no. 43.*  In light of defendant's claim that he does not understand the charges, and defendant's statement that he cannot represent himself, the government consents to a hearing to ascertain whether defendant should proceed represented by qualified counsel admitted to practice in the United States District Court for the Northern District of New York.

## II.     Objection: Having to Produce Confidential Salary Information (ECF no. 39).

Defendant objects to the demand to produce confidential salary information to Pretrial Services.  *See ECF no. 39.*  Condition 7(e) of the Order Setting Conditions of Release requires defendant to "[m]aintain or actively seek employment."  *See ECF no. 5, pg. 2.*  The same order requires that "defendant shall provide financial information as directed by Pretrial Services and not apply for lines of credit without permission of Pretrial Services."  *Id.* at 3.  In light of the provision mandating disclosure of financial information as directed by Pretrial Services, the government opposes defendant's objection and requests that defendant be ordered to comply with the conditions of release.

## III.    Motion for a More Definitive Statement (ECF no. 40).

Defendant makes a motion for a more definitive statement.  *See ECF no. 40.*  In said motion, defendant asks such questions as: "So who is the UNITED STATES OF AMERICA?"  *Id.* at 2 (capitalization in original).  "WHO is this Plaintiff and what

---

[1] On July 21, 2010, the Honorable David R. Homer, U.S. Magistrate Judge, conducted a hearing and determined that "defendant is capable and competent to proceed on his own behalf and that he knowingly, voluntarily and intelligently waived his 6th Amendment right to counsel."  *See Docket, dated July 21, 2010.*  To the extent, however, that defendant claims he does not understand the charges and cannot represent himself, the government consents to a hearing to ascertain whether defendant should proceed represented by counsel.

jurisdiction does it have to bring suit in and for the private Federal Corporation defined in 28 USC 3002?" *Id.* at 3 (capitalization in original).

The government construes defendant's motion as a demand for a Bill of Particulars, and, for the reasons set forth below, opposes same.

"Whether or not to grant a motion for a bill of particulars rests in the sound discretion of the trial judge." *United States v. Kipp*, 990 F. Supp. 102, 105 (N.D.N.Y. 1998) (McAvoy, J.) (citations omitted) (denying motion for bill of particulars, finding that discovery previously provided along with the additional discovery the government agreed to provide was sufficient to allow defendant to prepare for defense).

"A bill of particulars should only be required when the charges in the indictment are so general that they fail to appraise the defendant of the specific acts of which he is accused." *Id.* (citations omitted); *see United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (a bill of particulars is appropriate if the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise); 1 Charles Alan Wright, Federal Practice and Procedure § 130 at 658 (4th ed. 2008); *see also, United States v. Kaplan*, 490 F.3d 110, 129 (2d Cir. 2007) (holding that a difference between bill of particulars and evidence presented at trial is only grounds for reversal if defendant can show that the difference caused prejudice). "A criminal defendant is entitled to an indictment that states the essential elements of the charge against him." *United States v. Pirro*, 212 F.3d 86, 91 (2d Cir. 2000) (citing *Jones v. United States*, 526 U.S. 227, 232 (1999); *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v.*

*LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) (quoting *Hamling*, 418 U.S. at 117).  "In determining whether a bill of particulars is warranted, the court should consider 'the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants'."  *United States v. Walker*, 922 F. Supp. 732, 739 (N.D.N.Y. 1996) (Munson, J.) (quoting *United States v. Diaz*, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987) (quoting *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983))).  The requested information must be "necessary," not merely helpful or "useful".  *United States v. Chalmers*, 410 F. Supp. 2d 278, 286 (S.D.N.Y. 2006).  If the information is available in the indictment or through some other acceptable means, then a bill of particulars is unnecessary.  *Bortnovsky*, 820 F.2d at 574.

A court's ruling on a motion for a bill of particulars is fact sensitive and must account for the particular factors of the case it considers.  *See United States v. Bin Laden*, 92 F. Supp. 2d 225, 234-35 (S.D.N.Y. 2000); *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979) ("[E]ach case is particularly limited to its own facts."); 1 Charles Alan Wright, Federal Practice and Procedure § 132 at 687 (4th ed. 2008).  Precedent has limited impact in determining when to grant a motion for a bill of particulars.  *See United States v. Greater Syracuse Board of Realtors*, 438 F. Supp 376, 380 (N.D.N.Y. 1977).  The fact that voluminous discovery has been offered is not sufficient, by itself, to warrant a bill of particulars.  *See United States v. Nicolo*, 523 F. Supp. 2d 303, 316 (W.D.N.Y. 2007) (citing *United States v. Ferguson*, 478 F. Supp. 2d 220, 227 (D. Conn. 2007)).  If there is a large amount of discovery, then a bill of particulars is warranted only if the large amount of discovery would "obfuscate[ ]" the allegedly unlawful conduct and inhibit the defense's trial preparations.  *See United States v. Mahaffy*, 446 F. Supp. 2d 115, 119-20 (E.D.N.Y. 2006).  "[T]he most frequent case in which particulars are warranted is where discovery is overwhelmingly extensive *and* the government fails to designate which documents

it intends to introduce and which documents are merely relevant to the defense." *Id*. at 119 (emphasis in original). If granted, the prosecution is restricted to the particulars furnished by a bill of particulars. *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).

Defendant Ulloa is charged with four counts of mail fraud. *See ECF no.* 1, Indictment. The Indictment describes "The Lien Scheme," offers a "Description of the Lien Scheme," and details "Execution of The Lien Scheme." *Id.* In each section, the indictment includes fact specific information to include dates and detailed descriptions of the alleged conduct. Additionally, the indictment does not allege a complicated scheme. Rather, it alleges instances where defendant allegedly filed false UCC filings. Finally, the government has provided documentary discovery to defendant and will continue to do so as more discovery becomes available. In sum, defendant is not entitled to a Bill of Particulars.

## IV.	Objection: "Not Guilty" Plea Entered by Court Without Consent (ECF no. 41).

Defendant seeks to document his objection to the Court entering a plea of "not guilty." *See ECF no. 41*. Defendant claims this plea was entered without his consent or authority inasmuch as defendant replied "innocent" when asked by the Court how defendant pled. *Id.* To the extent that defendant's claim places form above substance, and the docket entry for July 21, 2010, states: "Deft pleads 'innocent'," a government response is not required.

V.     **Objection: Having Signed a Form for Release Medical Information (ECF no. 42).**

Defendant objects and seeks to rescind his signatures on medical release forms. *See ECF no. 42.* To the extent that the Order Setting Conditions of Release does not appear to require said signatures, s*ee ECF no. 5,* the government takes no position on said objection and defers to Pretrial Services.

VI.    **Notice to Enter Sworn Statements in Writing into Record (ECF no. 43).**

Defendant seeks to enter sworn statements in writing into the record. *See ECF no. 43.* The subject exhibits are identified as Exhibit 1 and Exhibit 2. *Id.* at 5 and 6-9, respectively. To the extent that the exhibits have already become part of the record by virtue of their being filed, a government response is not required.[2]

VII.   **Demand to Dismiss Indictment for Various Reasons (ECF no. 44).**

Defendant filed a notice of unconstitutional practices and unconstitutional conditions and plain errors. *See ECF no. 44.*

In *Point One* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 7-20*, defendant alleges that he is unable to get a fair trial due to the judicial bias resulting from the broad and unsupported allegation that "the judge is representing the UNITED STATES OF AMERICA." *Id.* Defendant fails to allege any facts in support of said allegation and his claim should be denied. Moreover, to the extent that *Point Two*, *see ECF no. 44-1, ¶¶*

---

[2] For the reasons mentioned in Section I of the instant response, Exhibit 2 is noteworthy to the extent that the defendant claims: "I cannot represent myself, since I am myself and as stated in the Bill of Rights, I will proceed with several assistance of counsel, to include Robert Fox." *See ECF no. 43.*

*21-30*, and *Point Five* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 66-76*, have as their premise the unsupported allegation of *Point One* (i.e., a biased judge), *Points Two* and *Five* are equally without merit.

In *Point Three* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 31-40*, defendant alleges that he has been denied assistant of counsel of choice.  Likewise, in *Point Eight*, *see ECF no. 44-1, ¶¶ 98-110*, defendant "objects, [that] the court is attempting to force and enforce a waiver of defendant's right to counsel of choice by placing defendant in a fictional realm and making defendant his own representative." *Id.* at 109.  As mentioned in *Sections I* and *VI*, above, to the extent that defendant claims that he cannot represent himself, coupled with the allegations of *Point Three* and *Point Eight*, the government consents to a hearing to ascertain whether defendant should proceed represented by qualified counsel admitted to practice in the United States District Court for the Northern District of New York.

In *Point Four* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 41-65*, defendant alleges, in substance, unconstitutional conditions of release.  Following multiple hearings, The Honorable David R. Homer, U.S.M.J., fashioned conditions of release that were reasonably tailored to the specific circumstances of this case.  Thus, *Point Four* is without merit.

In *Point Six* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 77-85*, defendant alleges, in substance, unconstitutional and unlawful practice.  Defendant does not offer any specific facts in support of his claim.  Thus, *Point Six* is without merit.

In *Point Seven* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 86-97*, defendant

alleges, in substance, the imposition of technical burdens on one defendant that is "Non-technical, Unskilled in the Law and Unrepresented." Defendant, however, does not cite specific violations worthy of relief. Thus, *Point Seven* is without merit.

In *Point Nine* of his *Memorandum of Law*, *see ECF no. 44-1, ¶¶ 111-49*, defendant alleges that the indictment is defective. Defendant claims, *inter alia*, that the mail fraud statute is vague and unconstitutionally infringes on defendant's First Amendment rights. First, the mail fraud statute has long withstood claims that it is unconstitutionally vague. *See United States v. Feinberg*, 535 F.2d 1004, 1010 (7th Cir. 1976); *see also United States v. Gartman*, 420 F. Supp. 420, 421 (E.D. Pa. 1956). Additionally, the Second Circuit has considered a challenge to the mail fraud statute on the context of a claim that it violated the First Amendment, and nevertheless upheld the mail fraud convictions. *See United States v. Rowlee*, 899 F.2d 1275, 1280 (2d Cir. 1990) (affirming jury charge of then Chief Judge Neal P. McCurn). Thus, *Point Nine* is without merit.

Finally, a properly convened grand jury concluded that there was sufficient evidence and voted in favor of an indictment that tracked the language of the mail fraud statute, an indictment that was sufficient to invoke this Court's jurisdiction and to state an offense. *See United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). Defendant's claims are therefore without merit.

## **CONCLUSION**

The government respectfully offers to brief in further detail any additional issues the Court deems appropriate.

September 27, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　RICHARD S. HARTUNIAN
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　/s/ Thomas A. Capezza
　　　　　　　　By:　  _____
　　　　　　　　　　　　　　　　　　　Thomas A. Capezza
　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　Bar Roll No. 503159