UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     v.                           1:10-cr-321

RICHARD ENRIQUE ULLOA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant Richard Enrique Ulloa ("Defendant") was indicted on four counts of mail fraud in violation of 18 U.S.C. § 1341. It is alleged that Defendant participated in a scheme to obtain monies through the filing of false liens. The Indictment alleges that:

1. on or about September 24, 2009, Defendant filed a false and fraudulent lien with the Washington State Department of Licensing against the Town Justice of the Town of Rosendale (whom Defendant appeared before in connection with certain traffic tickets) claiming to be entitled to $552,513,000.00;

2. on or about September 24, 2009, Defendant filed a false and fraudulent lien with the Washington State Department of Licensing against a Town of Rosendale Police Officer (who had issued Defendant two traffic tickets) claiming to be entitled to $552,513,000.00;

3. on or about October 6, 2009, Defendant filed a false and fraudulent lien with the Washington State Department of Licensing against an executive of the Mid-Hudson Valley Federal Credit Union claiming to be entitled to $2,820,000,000.00; and

4.	on or about February 12, 2010, Defendant filed a false and fraudulent lien with the New York State Department of State against an executive of the Mid-Hudson Valley Federal Credit Union claiming to be entitled to $2,820,000,000.00.

The Indictment further alleges that Defendant used the Postal Service in connection with his scheme.

**<u>Whether Defendant Understands the Charges</u>**

Defendant filed a document (Dkt. No. 38) stating that he was objecting "to the court not reading or clarifying the charges. It was entered for the record that I had read the charges, thst [sic] is correct, but I still DO NOT UNDERSTAND the charges." Dkt. No. 38. The Court has reservations concerning the veracity of Defendant's claim that he does not understand the charges and has reason to believe that his claim is legal maneuvering. Nevertheless, the Court will endeavor to explain and clarify the charges.

As previously indicated, the Indictment alleges that Defendant violated the mail fraud statute, 18 U.S.C. § 1341, on four separate occasions. The mail fraud statute, 18 U.S.C. § 1341, makes it a crime to devise or intend to devise:

> any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed . . . .

18 U.S.C. § 1341.  To convict Defendant for violating this statute, the government will have to prove the following elements beyond a reasonable doubt: (1) a scheme to defraud victims; (2) of money or property; (3) through the use of the mails.  United States v. Shellef, 507 F.3d 82, 107 (2d Cir. 2007); United States v. Walker, 191 F.3d 326, 334 (2d Cir. 1999).

In simplified form, the Indictment alleges that, on four separate occasions, Defendant used the Postal Service in furtherance of a scheme to obtain money or property from various individuals by filing liens that lacked any valid legal basis.  The Court finds that the Indictment fairly describes the conduct alleged to have violated § 1341 and presents it in a manner that is reasonably understandable and comprehensible.  Moreover, the Court finds that the Indictment provides sufficient detail to allow Defendant to understand the charges against him and the factual bases of the charges and to prepare a defense.

Defendant is again advised that, if he needs assistance in connection with the instant criminal proceeding, he has the right to assistance by a licensed attorney who is admitted to appear in this District.  In light of Defendant's apparent intention to proceed *pro se* (which he has the right to do), the Court directs the Clerk to appoint standby counsel for Defendant to provide any requested assistance.

**Objection to Produce Salary Information to Pre-Trial Services**

Defendant filed a document (Dkt. No. 39) objecting to the request from Pre-Trial Services that he supply salary information.  Defendant contends that submission of his pay stub with most of the information contained therein redacted should be sufficient for Pretrial Services's needs.

Among the conditions of Defendant's release were the requirements that he maintain or actively seek employment and that he provide financial information as directed by

Pretrial Services and not apply for lines of credit without permission of Pretrial Services. The Court will reserve on this issue pending a response from Pretrial Services as to the necessity of including the redacted information and whether they believe that redacting such information would violate the conditions of release.

**Motion for More Definite Statement**

Defendant also filed a motion for a more definite statement (Dkt. No. 40). In the motion, Defendant asks various questions such as "WHO is the Plaintiff?," "What Jurisdiction does the Plaintiff have to sue," "How does the United States the Federal Corporation as defined in 28 USC 3002 relate to the UNITED STATES OF AMERICA," etc. Defendant's questions are irrelevant to the matter at hand. The Court is satisfied that it has jurisdiction over this matter and that section 1341 is a validly enacted statute. United States v. Gil, 297 F.3d 93, 100 (2d Cir. 2002) (and cases cited therein).

**Objection to Plea**

Defendant also has filed a document (Dkt. No. 41) stating that he is "documenting my objection to the court entering a plea other then [sic] what I had had [sic] said and without my consent and without my approval." According to Defendant, the plea "was entered without my consent or authority. It was entered by the court who pronounced for the record I was not guilty. When the court asked me if I was guilty or not guilty, I replied 'innocent.' So this court errored [sic] when entering a plea." Defendant contends that the Court's actions in this regard violated his due process rights. The Court disagrees. The word "innocent"

means "free from guilt."[1]  There is no meaningful distinction between Defendant's claim of "innocence" and entry of a plea of not guilty.

**Objection to Having to Sign a Medical Release Form**

In another filing (Dkt. No. 42), Defendant objects to and "rescind[]s my signatures on the Medical Release form, which I was force [sic] to sign as part of my Pre-Trial release." Defendant contends that the release form violates HIPPA.  Defendant states that any time there is a need for medical records, the Court can simply issue an order directing the release of those records.  The Court will reserve on this issue pending a response by Pretrial Services on the necessity for a medical release.

**Notice to Enter Sworn Statements In Writing Into The Record**

Defendant filed a document (Dkt. No. 43) advising that he "will be entering as Exhibit (07/07/2010) and Exhibit 2 (07/21/2010) my sworn statements read into the record on those dates."  The exhibits were attached to Dkt. No. 43 and, thus, are now part of the docket in this case.

**Notice of Unconstitutional Practices, etc.**

Defendant filed a document (Dkt. No. 44) asserting various issues, which the Court will address *seriatim*.  First, Defendant contends that he cannot get a fair trial "since the judge is representing the UNITED STATES OF AMERICA, the Plaintiff in this case."  The Court is part of a separate and distinct arm of the government and Defendant has identified no grounds warranting recusal.  Accordingly, this claim is rejected.

---

[1] http://www.merriam-webster.com/dictionary/innocent

Second, Defendant contends that he been denied the assistance of counsel of choice. As previously noted, Defendant has the right to the assistance of a licensed attorney who is authorized to practice before this Court. Accordingly, there has been no denial of the right to counsel.

Third, Defendant raises some issues concerning the terms of his pretrial release. The Court finds no merit to Defendant's contentions.

Fourth, Defendant contends the Court lacks jurisdiction and that the mail fraud statue is unconstitutionally vague and ambiguous and violates his First Amendment rights. As previously noted, the Court has jurisdiction. Moreover, the mail fraud statute is not vague or ambiguous and does not infringe upon Defendant's free speech rights. United States v. Rybicki, 354 F.3d 124, 142-43 (2d Cir. 2003); United States v. Rowlee, 899 F.3d 1275, 1280-81 (2d Cir. 1990); United States v. DeFusco, 940 F.2d 413 (5th Cir. 1991); In re Grand Jury Matter, Gronowicz, 764 F.2d 983 (3d Cir. 1985).

The Court has considered Defendant's remaining contentions and finds them to be without merit.

**Conclusion**

For the foregoing reasons:

(1) the Clerk is directed to appoint standby counsel for Defendant;

(2) the Clerk of the Court shall serve a copy of this Decision and Order on pretrial services and direct them to respond to the issues concerning: (a) the medical release; and (b) the requirement to provide salary information, within fourteen days; and

(3) in all other regards Defendant's motions (Dkt. Nos. 38, 39, 40, 41, 42, 43, and 44) are DENIED.

IT IS SO ORDERED.

Dated:October 18, 2010

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge