UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                       1:10-cr-321

RICHARD ENRIQUE ULLOA,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Defendant Richard Enrique Ulloa ("Defendant") filed a document (Dkt. No. 39) objecting to the request from Pre-Trial Services that he supply salary information. Defendant contends that submission of his pay stub with most of the information contained therein redacted should be sufficient for Pretrial Services's needs. The Court directed Pretrial Services to respond to Defendant's contention. Pretrial Services has now responded.

        Among the conditions of Defendant's release were the requirements that he maintain or actively seek employment and that he provide financial information as directed by Pretrial Services and not apply for lines of credit without permission of Pretrial Services. The financial disclosure condition, including the requirement to provide payroll information, was imposed because Defendant is charged with engaging in a fraudulent scheme to obtain monies through the use of the mail. Pretrial Services believes that requiring Defendant to submit payroll information allows it to monitor Defendant's financial status in a least restrictive fashion. Pretrial Services contends that "a review of a paystub serves as verification of his status, eliminating the need for this office to contact the employer directly."

The Court agrees with Pretrial services and further agrees that requiring full disclosure of payroll information will help Pretrial Services to protect the public from potential harms. Accordingly, Defendant shall immediately provide unredacted payroll information as required by Pretrial Services. The failure to do so may constitute a violation of the terms and conditions of pretrial release, which could result in the revocation thereof.

In another filing (Dkt. No. 42), Defendant objected to the requirement that he sign a medical release form. Pretrial Services has now indicated that such a requirement is not needed at this time, but that it may be needed in the future. Accordingly, Defendant need not supply a medical release form at this time. Should Pretrial Services believe there to be a need for such a requirement in the future, it may make a proper application to the Court.

For the foregoing reasons:

(1) Defendant's motion (Dkt. No. 39) to be permitted to redact payroll information is DENIED; and

(2) Defendant's motion concerning the medical release form (Dkt. No. 42) is GRANTED. Defendant need not supply a medical release form, but Pretrial Services may seek to have such a condition imposed in the future as necessary.

IT IS SO ORDERED.

Dated: October 27, 2010

Thomas J. McAvoy
Senior, U.S. District Judge