U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 27 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Action No.<br>**10-CR-321 (TJM)** |
| v. | **SUPERSEDING INDICTMENT** |
| **RICHARD ENRIQUE ULLOA,** | VIO: 18 U.S.C. §§ 1341 and 1349 |
| Defendant. | Seven Felony Counts |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE GRAND JURY CHARGES:

COUNTS ONE THROUGH SEVEN

(18 U.S.C. § 1341 – MAIL FRAUD)

INTRODUCTION

1.   For the relevant period of this indictment, defendant RICHARD ENRIQUE ULLOA was a resident of the Northern District of New York.

THE LIEN SCHEME

2.   From in or about June 2009, and continuing until on or about at least February 2010, within the Northern District of New York, defendant RICHARD ENRIQUE ULLOA, with the intent to defraud, devised and intended to devise a scheme or artifice to defraud, and for obtaining money and property by means of materially false or fraudulent pretenses,

representations and promises, to wit: defendant directed false and fraudulent efforts against officials of Ulster County, executives of Mid-Hudson Valley Federal Credit Union ("MHVFCU"), and Wells Fargo Bank, N.A. ("Wells Fargo") who displeased him in one manner or another, to obtain money and to falsely and fraudulently keep the rightful owners of such money from freely controlling their funds, through the mailing of documents and the filing of liens intended to create indebtedness purportedly under the Uniform Commercial Code.

### DESCRIPTION OF THE LIEN SCHEME

3. On or about May 13, 2009, defendant RICHARD ENRIQUE ULLOA was pulled over by a police officer ("Police Officer"), whose name is known to the grand jury, for the Town of Rosendale, Ulster County. As a result of that traffic stop, defendant was issued two traffic tickets. The traffic tickets required an appearance in Rosendale Town Court where a Town Justice, whose name is know to the grand jury, presides.

4. On June 2, 2009, defendant RICHARD ENRIQUE ULLOA appeared before said Town Justice who set bail in the amount of $10,000 due, in part, to the defendant's failure to provide identification.

5. Shortly thereafter, defendant RICHARD ENRIQUE ULLOA started to accuse said officials of kidnaping him and began drafting, mailing and filing various documents purporting to be legal in nature, including "invoices," complaints, judgments, "Notice of Final Determination and Judgment Nihil Dicit," and "liens."

6. Specifically, on or about June 4, 2009, defendant RICHARD ENRIQUE ULLOA sent to said Town Justice a "Criminal Complaint," which included a fraudulent "invoice." The invoice stated: "demanding payment of $8,260,750.00 (eight million, two hundred sixty thousand, seven hundred fifty silver dollars) for damages due to your lack of non response to the

Criminal Complaint, Opportunity to Cure, and Counterclaim. Your failure to respond within the time limit made this a self executing confession of judgment. You received notification and Full Disclosure which made this a legally binding contract. The claim translated into United States Federal Reserve notes is 20 times the silver amount, which is (minus interest and penalties) $165,215,000 (One hundred sixty-five million, two hundred fifteen thousand USD)." The document was sent utilizing United States Postal Service (USPS) certified mail.

7.   On or about September 11, 2009, defendant RICHARD ENRIQUE ULLOA sent a document entitled "Notice of Final Determination and Judgment Nihil Dicit" to the Town of Rosendale and said Town Justice. The document was sent utilizing USPS certified mail. In this document, defendant gave a factual summary of the May through August 2009, events surrounding the traffic stop, court proceedings and his detention. For example, the document stated, among other things, "I was kidnaped and held against my will for approximately 3 days. I notified [Town Justice] that I was not a citizen under their jurisdiction and I had not committed any crimes. I was arrested without a lawful 4th amendment warrant, and was held for a ransom of ten thousand [$10,000.00] Federal Reserve notes." The "Notice of Final Determination and Judgment Nihil Dicit" also stated: "THIS IS THE FINAL NOTIFICATION AND JUDGEMENT NO OTHER NOTIFICATIONS WILL BE SENT TO YOU. COLLECTION OF THIS LAWFUL CLAIM, AGAINST YOUR BONDS, INSURANCE POLICIES, 801-K, CAFR FUNDS, PROPERTIES, OR ANY SOURCE OF REVENUE TO CURE YOUR DISHONOR IN THE PUBLIC WILL BEGIN IN THREE BUSINESS DAYS IF THIS CLAIM IS NOT PAID IN FULL. ADDITIONAL CIVIL DAMAGES AND CRIMINAL CHARGES MAY ALSO BE FORTHCOMING. NON RESPONSE IS A SELF EXECUTING POWER OF ATTORNEY TO FILE LIENS AND ENCUMBRANCES AGAINST ANY AND ALL PROPERTY OF THE

LIBELLEES AND THEIR PARENT COMPANY OR COMPANIES." The "Notice of Final Determination and Judgment Nihil Dicit" also included a section entitled: <u>CERTIFICATE OF NON RESPONSE.</u> In this section, defendant itemized prior mailings (including USPS tracking numbers) to the Town of Rosendale and town officials demanding payment pursuant to purported "Commercial Claims."

8. On or about September 24, 2009, defendant RICHARD ENRIQUE ULLOA caused the filing of a lien against said Town Justice with the Washington State Department of Licensing, falsely and fraudulently asserting via the lien that the Town Justice owed RICHARD ENRIQUE ULLOA $552,513,000.00.

9. On or about September 24, 2009, defendant RICHARD ENRIQUE ULLOA caused the filing of a lien against said Police Officer with the Washington State Department of Licensing, falsely and fraudulently asserting via the lien that said Police Officer owed RICHARD ENRIQUE ULLOA $552,513,000.00.

10. Also beginning in or about September 2009, the exact dates unknown, defendant RICHARD ENRIQUE ULLOA began to direct similar false and fraudulent efforts against other officials of Ulster County who displeased him in one manner or another to obtain money and to falsely and fraudulently keep the rightful owners of such money from freely controlling their funds, through the mailing of documents and the filing of liens intended to create indebtedness purportedly under the Uniform Commercial Code.

11. By December 2008, defendant RICHARD ENRIQUE ULLOA had fallen in arrears on a mortgage held by Mid-Hudson Valley Federal Credit Union ("MHVFCU"). By written agreement of the parties, MHVFCU collected the amount in arrears from defendant's savings account at MHVFCU. MHVFCU subsequently began foreclosure proceedings against

the subject property after defendant had again fallen in arrears.

12.     Defendant RICHARD ENRIQUE ULLOA sent written correspondence to MHVFCU including numerous Bills for Damage. For example, on or about March 2, 2009, defendant sent a Bill For Damages through the USPS to MHVFCU for the alleged violation of a "Notice to Cease, Desist, and Quit," with a bill totaling $46,000,000.

13.     On or about October 6, 2009, defendant RICHARD ENRIQUE ULLOA caused the filing of a lien against an executive of MHVFCU, whose name is known to the grand jury, with the Washington State Department of Licensing, falsely and fraudulently asserting via the lien that the executive owed RICHARD ENRIQUE ULLOA $2,820,000,000.00.

14.     Also on or about October 6, 2009, defendant RICHARD ENRIQUE ULLOA directed similar false and fraudulent efforts against other executives of MHVFCU who displeased him in one manner or another to obtain money and to falsely and fraudulently keep the rightful owners of such money from freely controlling their funds, through the mailing of documents and the filing of liens intended to create indebtedness purportedly under the Uniform Commercial Code.

15.     On or about November 24, 2009, defendant RICHARD ENRIQUE ULLOA sought to forestall an upcoming foreclosure action and caused the filing of a lien identifying himself, RICHARD ENRIQUE ULLOA, as a "Secured Party (natural living man) [who] has both a paramount claim to all Collateral held under any commercial accounts of the Legal Fiction aka RICHARD ENRIQUE ULLOA, and the Jurisdictional Control over the Legal Fiction aka RICHARD ENRIQUE ULLOA." Said UCC lien, filed with the New York State Department of State, included an "Attachment 'A' – Property List" that identified approximately one hundred and nineteen properties, including the real property that was the subject of the MHVFCU matter,

as referenced in ¶ 11 above, as "protected."

16.     On February 12, 2010, defendant RICHARD ENRIQUE ULLOA caused the filing of a lien against an executive of MHVFCU, whose name is known to the grand jury, with the New York State Department of State, falsely and fraudulently asserting via the lien that the executive owed RICHARD ENRIQUE ULLOA $2,820,000,000.00.

17.     On February 12, 2010, defendant RICHARD ENRIQUE ULLOA caused the filing of a UCC Financing Statement regarding MHVFCU, with the New York State Department of State, that falsely and fraudulently asserted via the UCC Financing Statement that a financial interest of MHVFCU in the amount of $6,912.50 had been discharged by a promissory note, an alleged copy of which was attached to the UCC Financing Statement.

18.     On February 12, 2010, defendant RICHARD ENRIQUE ULLOA caused the filing of a UCC Financing Statement regarding Wells Fargo Bank, N.A. ("Wells Fargo"), with the New York State Department of State, that falsely and fraudulently asserted via the UCC Financing Statement that a mortgage held by Wells Fargo in the amount of $183,043.56 had been discharged by a promissory note, an alleged copy of which was attached to the UCC Financing Statement.

19.     On February 13, 2010, defendant RICHARD ENRIQUE ULLOA caused the filing of a UCC Financing Statement regarding Wells Fargo, with the New York State Department of State, that falsely and fraudulently asserted via the UCC Financing Statement that a mortgage held by Wells Fargo in the amount of $183,043.56 had been satisfied by assignment of a promissory note to counsel for Wells Fargo.

## EXECUTION OF THE LIEN SCHEME

20.     On or about the dates listed below, for the purpose of executing, and attempting to

execute, the above-described scheme and artifice, defendant RICHARD ENRIQUE ULLOA knowingly did place in any post office or authorized depository for mail matter, any matter or thing whatever to be sent and delivered by the Postal Service, and did cause to be delivered by mail according to the direction thereon the following liens against the aforesaid individuals, each such mailing constituting a separate count of this Indictment:

| Count | Date | Amount | Location Filed | Purported Debtor |
|---|---|---|---|---|
| One | 09/24/2009 | $552,513,000.00 | Washington State Department of Licensing | Town Justice |
| Two | 09/24/2009 | $552,513,000.00 | Washington State Department of Licensing | Police Officer |
| Three | 10/06/2009 | $2,820,000,000.00. | Washington State Department of Licensing | Executive of MHVFCU |
| Four | 02/12/2010 | $2,820,000,000.00. | New York State Secretary of State | Executive of MHVFCU |
| Five | 02/12/2010 | $6,912.50 | New York State Secretary of State | MVFCU |
| Six | 02/12/2010 | $183,043.56 | New York State Secretary of State | Wells Fargo Bank, N.A. |
| Seven | 02/13/2010 | $183,043.56 | New York State Secretary of State | Counsel to Wells Fargo Bank, N.A. |

**(All in violation of Title 18, United States Code, Sections 1341, 1349 and Section 2)**

A TRUE BILL

Dated: October 27, 2010

*/s/ Foreperson*
FOREPERSON OF THE GRAND JURY

RICHARD S. HARTUNIAN
United States Attorney

By: */s/ Thomas A. Capezza*
Thomas A. Capezza
Assistant U.S. Attorney
Bar Roll No. 503159