UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                    Cr. No. 10-CR-321
                                            (Hon. Thomas J. McAvoy)

     -vs-

RICHARD ENRIQUE ULLOA,

          Defendant.

_____


## UNITED STATES' REQUESTS TO CHARGE


**RICHARD S. HARTUNIAN**
**United States Attorney**
**Northern District of New York**
**Thomas A. Capezza**
**Assistant U.S. Attorney**
**Bar Roll No. 503159**
**445 Broadway**
**Albany, New York 12207**

# **TABLE OF CONTENTS**

**Request No.**                                                                                        **Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROPOSED GENERAL PRELIMINARY INSTRUCTIONS . . . . . . . . . 2

1      Role of the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2      Indictment Is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3      Role of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4      Consider Only The Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5      "On or About" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6      Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7      Inference Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

8      Witness Credibility – General Instruction . . . . . . . . . . . . . . . . . . . . . . . 12

9      Use of Accomplices and Unindicted
       Co-conspirators as Government Witnesses . . . . . . . . . . . . . . . . . . . . . . . 14

10     Interview of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

11     Defendant's Interest If Defendant Testifies . . . . . . . . . . . . . . . . . . . . . . . 17

12     Improper Consideration of Defendant's Right Not to Testify . . . . . . . . . 18

13     Conduct of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

14     Presumption of Innocence And Burden of Proof . . . . . . . . . . . . . . . . . . 20

15     Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

i

PROPOSED SUBSTANTIVE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . 23

16   The Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

17   Mail Fraud:  18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

18   The Essential Elements of the Offense Charge . . . . . . . . . . . . . . . . . . 26

19   Intent to Defraud - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

20   "Any Scheme or Artifice to Defraud" and "False or Fraudulent
     Pretenses, Representations or Promises" - Defined . . . . . . . . . . . . . . . . 28

21   A Scheme to Defraud Includes Depriving Victim of
     Right to Control Assets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

22   Use of the Mails - Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

23   Effort to Obtain Money Can Be for the Benefit Other
     than the Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

24   Good Faith Mistake vs. Disagreement With the Law . . . . . . . . . . . . . . 34

25   Attempt or Conspiracy to Commit Offense 18 U.S.C. § 1349 . . . . . . . . 36

27   Consideration of Legal Decisions on Intent and Knowledge . . . . . . . . . 37

28   Knowledge – Conscious Avoidance . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

29   Principals 18 U.S.C. § 2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

30   Principals 18 U.S.C. § 2(a) (Continued) . . . . . . . . . . . . . . . . . . . . . . . . 40

31   Principals 18 U.S.C. § 2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

     PROPOSED GENERAL CONCLUDING INSTRUCTIONS . . . . . . . . 42

32   Failure to Name a Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

33   Testimony and Exhibits in General . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

34    Right To See Exhibits and Hear Testimony;
      Communications With Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   45

35    Charts and Summaries . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   46

36    Sympathy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   47

37    Punishment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   48

      CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   49

## PRELIMINARY STATEMENT

The government respectfully requests that the Court include the attached instructions in its charge to the jury.  In addition, the government requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

# PROPOSED GENERAL

# PRELIMINARY INSTRUCTIONS

<u>Request No. 1</u>

<u>Role of the Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

—————————————————

<u>Modern Federal Jury Instructions</u>, § 2-2 Sand, Siffert, Loughlin, Reiss (2000 ed.), hereafter "Sand" with instruction number.

<u>Request No. 2</u>

<u>Indictment Is Not Evidence</u>

I remind you that an indictment itself is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination of whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

_____

Sand, § 3-1

4

Request No. 3

Role of the Jury

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility - or believability - of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses - the testimony they gave, as you recall it - and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

5

You may also consider stipulations of the parties, if any, as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

_____

Sand, § 2-3

Request No. 4

Consider Only The Charge

The defendant is not charged with committing any crime other than the offenses contained in the indictment.  You have heard evidence of other acts allegedly committed by the defendant.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

_____

Sand, § 3-3

7

<u>Request No. 5</u>

<u>"On or About"</u>

The Indictment charges that the offenses were committed "on or about" and "between" certain dates.  The proof need not establish with certainty the exact dates of the alleged offenses.  It is sufficient if there is a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

_____

<u>U. S. v. Steven Hunter</u>, 99-CR-153 (N.D.N.Y.)

<u>United States v. Itzkowitz</u>, 96-CR-786 (E.D.N.Y.), <u>affd</u>, 1999 WL 43643, 172 F.3d 39 (2d Cir. 1999).

<u>Adapted from</u> Sand, <u>supra,</u> Instruction 3-12.

Request No. 6

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.  After weighing all the evidence, if you are not convinced of the guilt of a defendant beyond a reasonable doubt, you must find him not guilty.

_____

Devitt and Blackmar, § 12.04.

9

Request No. 7

Inference Defined

During the trial you have heard the attorneys or the defendant use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial

10

evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be

satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

_____

Sand, § 6-1

Request No. 8

Witness Credibility – General Instruction

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias.

12

Does the witness have a relationship with the government or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness - consciously or not - to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself.   Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

_____

Sand, § 7-1

13

<u>Request No. 9</u>

Use of Accomplices and Unindicted
<u>Co-conspirators as Government Witnesses</u> (If Necessary)

In this case you have heard from at least one witness, called by the United States, who testified about his involvement with the defendant in various activities at issue in the indictment.  The United States alleges that those who knew of the illegal activities and participated in the activities are accomplices.  An accomplice is a person who knowingly participated in the crime but in this case, has not been charged.

A witness is not incapable of telling the truth solely because he or she is an accomplice to the crime alleged in the Grand Jury's Indictment.

In prosecuting a crime, the government is frequently forced to rely upon the testimony of accomplices, that is, persons who are themselves criminally responsible for the very crimes alleged against the defendant in the Indictment.

The law lays down several rules which govern your treatment of accomplice testimony.  In the first place, it is no concern of yours or mine why the government chose not to charge a certain person or to treat others with leniency.  The decision of who should be prosecuted and to what degree is a matter which the Constitution and statutes of the United States delegate solely to the Attorney General of the United States and the United States Attorneys who, acting under the Attorney General's authority, carry out his or her constitutional mandate.  The Constitution and Statutes of the United States do not give you or me any authority to supervise the exercise of this responsibility.

14

Further, if you come to the conclusion that an accomplice witness has given reliable testimony, you are required to act upon it exactly as you would act on any other testimony you find to be reliable.

The law imposes stringent requirements upon you in evaluating the reliability of accomplice testimony.  In order to be sure the accomplice has neither fabricated a story to incriminate someone or colored the facts of an otherwise true story to make someone appear to be more guilty than he actually is, you should exercise caution, considering whether the accomplice has an interest in the case and whether he has a motive to testify falsely.  If you believe the testimony of an accomplice to be true, you may accept it and pursuant to your charge as fact-finders of the court, decide what weight, if any, to give their testimony.

_____

U. S. v. Steven Hunter, 99-CR-153 (HGM) (N.D.N.Y.)

United States v. Harris Goldman, 91-CR-59 (HGM) (N.D.N.Y. 1992), aff'd, United States v. Laughlin, 10 F.3d 961 (2d Cir. 1994).

United States v. Rowlee, 86-CR-211 (NPM), (N.D.N.Y.  1988) affd, 899 F.2d 1275 (2d Cir. 1990).

United States v. Aguilera, 87-CR-255 (CGC) (N.D.N.Y. 1989) affd, ____ F.2d _____, (2d Cir. 1991).

United States v. Stanley Friedman, (Nov. 21, 1986, S.D.N.Y.) Transcript pp. 6470-6472.

Request No. 10

Interview of Witnesses

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for and during the course of the trial.  You should not draw any unfavorable inference from that conduct.  To the contrary, both sides were obliged to prepare this case as thoroughly as possible.

_____

U. S. v. Steven Hunter, 99-CR-153 (N.D.N.Y.)

United States v. Itzkowitz, 96-CR-786 (E.D.N.Y.), affd, 1999 WL 43643, 172 F.3d 39 (2d Cir. 1999).

(Adapted from jury charge in United States v. Michael Bloome, 90 CR 504 (ILG) (E.D.N.Y.).

16

<u>Request No. 11</u>

<u>Defendant's Interest If Defendant Testifies</u>

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant decided to testify.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

_____

Sand, § 7-4

<u>Request No. 12</u>

<u>Improper Consideration of Defendant's Right Not to Testify</u>

The defendant did not testify in this case.  Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

_____

Sand, § 5-21

<u>Request No.  13</u>

<u>Conduct of Counsel</u>

It is the duty of the attorney for each side of a case, or the defendant representing himself, to object when the other side offers testimony or other evidence which a party believes is not properly admissible.  Counsel and the defendant also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client or the defendant because they objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

_____

Sand, § 2-8

19

Request No. 14

Presumption of Innocence And Burden of Proof

Although the defendant has been indicted, you must remember that an indictment is only an accusation.  It is not evidence.  The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against him.  I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven guilt beyond a reasonable

20

doubt.

_____

Sand, § 4-1

Request No. 15

Reasonable Doubt

I have said that the Government must prove the defendant guilty beyond a reasonable doubt.  The question naturally is what is reasonable doubt?  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And, it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt, it is your duty to vote to acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of the defendants' guilt beyond a reasonable doubt, you should vote to convict.

_____

Sand, § 4-2

# PROPOSED SUBSTANTIVE CHARGES

<u>Request No. 16</u>

<u>The Charges</u>

The Indictment contains seven counts of separate substantive violations of the mail fraud statute.

_____

18 U.S.C. § 1341.

<u>Request No. 17</u>

<u>Mail Fraud:  18 U.S.C. § 1341</u>

Counts one through seven charge defendant Richard Enrique Ulloa with mail fraud.

The relevant statute on this subject is Section 1341 of Title 18 of the United States Code.  It provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises … for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier … or knowingly causes to be delivered by mail or such carrier according to the direction thereon … any such matter or thing, shall be [guilty of a crime].

---

18 U.S.C. § 1341

<u>Request No. 18</u>

<u>The Essential Elements of the Offense Charged</u>

In order to sustain its burden of proof for the crime of using the mails to further a scheme or plan to defraud or a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises as charged in Counts 1-7 of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:   The defendant, Richard Enrique Ulloa, knowingly devised or knowingly participated in a scheme or artifice to defraud or knowingly devised or knowingly participated in a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises as detailed in Counts 1-7 of the indictment.

Two:   The defendant, Richard Enrique Ulloa, did so with the intent to defraud; and

Three:  In advancing, or furthering, or carrying out this scheme to defraud or scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant, Richard Enrique Ulloa, used the mails or caused the mails to be used.

_____

Devitt, Blackmar and O'Malley § 40.03

26

Request No. 19

Intent to Defraud - Defined

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

_____

Devitt and Blackmar § 40.14

Request No. 20

"Any Scheme or Artifice to Defraud" and "False or
Fraudulent Pretenses, Representations or Promises" - Defined

The phrase "any scheme or artifice to defraud" or "any scheme or artifice . . . for obtaining money or property" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

A "scheme or artifice to defraud" includes a scheme to deprive another person of tangible as well as intangible property rights. Intangible property rights means anything valued or considered to be a source of wealth including, for example, the right to decide how one's money is spent.

28

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or successful in obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  It is not necessary for the government to prove that anyone lost any money or property as a result of the scheme or plan to defraud or scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

An unsuccessful scheme or plan to defraud or scheme or plan to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

---

Devitt, Blackmar and O'Malley § 40.13

United States v. Frick, 588 F.2d 531, 536 (5th Cir., cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 385 (1979);

United States v. Dick, 744 F.2d 546, 551 (7th Cir. 1984);

United States v. Schaflander, 719 F.2d 1024, 1027 (9th Cir. 1983), cert. denied, 467 U.S. 1216, 104 S.Ct. 2660, 81 L.Ed.2d 366 (1984);

United States v. Price, 623 F.2d 587, 592 (9th Cir.), cert. denied, 449, U.S. 1016, 101 S.Ct. 577, 66 L.Ed. 2d 475 (1980) (evidence of a high degree of probability of fraud in addition to shutting one's eyes to avoid learning the truth may support conviction)

<u>Request No. 21</u>

A Scheme to Defraud Includes Depriving
<u>Victim of Right to Control Assets</u>

The Indictment alleges that, in addition to attempting to obtain money from various individuals, the defendant also attempted to injure these victims by preventing them from controlling their own assets.  In a mail fraud prosecution, a scheme to defraud victims of money can include their right to control their own assets.  This of course makes sense since the ability to manage one's finances can be essential to prevent financial damage/loss.  As one of many possible examples, damage caused to a victim's credit could affect that person's ability to refinance their home - something that could hurt him financially were he not able to do so.  That the defendant would be unlikely to know for sure the precise impact that his liens would cause has no bearing if you determine he intended to cause financial damage to the alleged victims.  So long as the defendant intended such damage, it is irrelevant whether he was actually successful or not.

_____

<u>United States v. Walker</u>, 191 F.3d 326, 335 (2d Cir. 1999)

Request No. 22

Use of the Mails - Defined

The use of the United States mails is an essential element of the offense of mail fraud as charged in Counts 1-7 of the indictment.

The government is not required to prove that the defendant actually mailed anything or that the defendant event intended that the mails would be used to further, or to advance, or to carry out the scheme or plan to defraud or scheme or plan to obtain money or property by false or fraudulent pretenses, representations, or promises.

The government must prove beyond a reasonable doubt, however, that the mails were, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud or scheme to obtain money or property by false or fraudulent pretenses, representations, or promises. The government must also prove that the use of the mails would follow in the ordinary course of business or events or that the use of the mails by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item itself mailed was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the mails furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or

the scheme or plan to obtain money or property by means of false or fraudulent pretenses,

representations or promises.

_____

Devitt & Blackmar § 40.04

Request No. 23

Effort to Obtain Money Can Be for the Benefit
Other than the Defendant

Under the statutes at issue in this case, any false or fraudulent effort to obtain money need not be for the direct benefit of the defendant.  That is, the defendant may be found guilty for endeavoring to obtain money from a victim for the benefit of an entity or individual other than himself.

_____

18 U.S.C. § 1341 (Elements do not require defendant to seek money necessarily for himself.)

33

Request No. 24

Good Faith Mistake

The defendant maintains that he did not act with intent to commit mail fraud but rather at all times acted in the good faith belief that his actions were lawful and appropriate. The United States, on the other hand, maintains that Mr. Ulloa did not act in good faith but rather acted to gain revenge, as part of his mail fraud scheme.

Since an essential element of mail fraud is intent to defraud or to obtain money as a result of false or fraudulent representations, it follows that good faith on the part of the defendant is a complete defense. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements or omissions of material fact, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by the defendant is a good defense. However, good faith may become fraudulent if it continues after a fraudulent intent has been formed. Therefore, it is no defense even if you determined the defendant first made representations in good faith but later, during any time charged in the indictment, realized that the representations were not true but continued to make them.

_____

Sand, § 44-5 (as modified).

United States v. Thorn, 00-CR-88 (NDNY 2000)(disagreement with law no defense to mail fraud);

United States v. Kraeger, 711 F.2d 6, 7 (2d Cir. 1983)(good faith misunderstanding of law may negate willfulness, but good faith disagreement with the law does not);

United States v. Lamont, 565 F. 2d 212, 227 (2d Cir. 1977) (defendant's initial good faith representation turned false after he learned the truth but continued to make claim);

United States v. McKinley, 53 F.3d 1170, 1172 (10th Cir. 1995) (Federal judges and prosecutors are absolutely immune from liability under federal and state law for actions undertaken in the performance of their official duties);

Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) (same).

Request No. 25

Attempt or Conspiracy to Commit Offense 18 U.S.C. § 1349

Pursuant to 18 U.S.C. § 1349: Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

_____

18 U.S.C. § 1349

<u>Request No.  27</u>

<u>Consideration of Legal Decisions on Intent and Knowledge</u>

This Court has accepted into evidence certain judicial opinions directly involving the Defendant. The first, <u>Government Exhibit 7</u>, is a temporary restraining order issued by the Supreme Court of the State of New York.  The second, <u>Government Exhibit 8</u>, is a Decision and Order by the Supreme Court of the State of New York.  I instruct you that I have admitted these decisions only on the issue of the defendant's intent and the degree to which Mr. Ulloa had been placed on notice that his conduct in the present case was not lawful, and thus whether he lacked good faith. You must utilize these decisions for that limited purpose and obtain all legal instructions in this case from me.

_____

<u>United States v. Ebner</u>, 782 F.2d 1120, 1125-26 (2d Cir. 1986) (prior judicial decisions involving defendant admissible to prove mental intent).

<u>United States v. Collarafi</u>, 876 F.2d. 303, 304-06 (2d Cir. 1989)(pretrial mandamus of district court decision; district court required to allow introduction of prior judicial decisions relating to defendant's mental intent).

37

Request No.  28

Knowledge – Conscious Avoidance

The government must establish beyond a reasonable doubt that the defendant under consideration by you acted "knowingly".  Guilty knowledge cannot be established by demonstrating mere negligence or even foolishness on the part of the defendant.  An inference or theexistence of knowledge may be drawn howevr from the evidence you find that the defendant deliberately closed his eyes to what would otherwise have been obvious.  No person can disclaim knowledge merely by closing his eyes intentionally to facts.  Knowledge of the existence of a particular facts is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.  If you find from all the evidence that a defendant has a conscious purpose to avoid learning that a particular crime was being committed, then you may infer from this conduct that the defendant knew a crime was being committed.  A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment will justify an inference charging the defendant with knowledge.  Stated another way, a defendant's knowledge may be inferred from blindness to the existence of fact.

_____

United States v. Feroz, 848 F.2d 359 (2d Cir. June 1, 1988)

United States v. Shareel, 714 F.2d 232, 233 (2d Cir. 1983)

United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir. 1986)

<u>Request No.  29</u>

<u>Principals 18 U.S.C. § 2(a)</u>

18 U.S.C. § 2(a) states,

"Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

A person may be found guilty of an offense even if he personally did not do every act constituting the offense charged if he aided and abetted the commission of the offense.  In order to have aided and abetted the commission of a crime, a person must have, before or at the time the crime was committed,

(1)     associated him- or herself with the unlawful venture;

(2)     participated in it as something he/she wished to bring about; and

(3)     sought by his/her actions to make it succeed.

---

<u>United States v. Lanier</u>, 838 F.2d 281, 284 (8th Cir. 1988)

<u>Request No.  30</u>

<u>Principals 18 U.S.C. § 2(a)</u> (Continued)

In order to sustain the conviction of a defendant who has been charged as an aider and abettor, it is necessary that there be evidence showing an offense to have been committed by a principal and that the principal was aided or abetted by the accused, although it is not necessary that the principal be convicted or even that the identity of the principal be established.

---

<u>Ray v. United States</u>, 588 F.2d 601, 603-04 (8th Cir. 1978)

<u>Request No.  31</u>

<u>Principals 18 U.S.C. § 2(b)</u>

18 U.S.C. § 2(b) states,

"Whoever wilfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

Thus, to establish a defendant's guilt of a crime under the theory that he wilfully caused it, the government must prove that the defendant had the mental state necessary to violate the underlying criminal statute and that the defendant wilfully – that is to say, intentionally – caused another to commit the necessary act.

"Causation" is not some attenuated relationship between offender and offense. The "causer" is punishable as a principal for willful action that brings about an offense.

You need not find that the defendant himself physically committed the crime, or supervised or participated in the actual criminal conduct charged in the Indictment.  You need not find that the other person who committed the necessary act did so with any criminal purpose or intent.

In other words, under our law, the defendant who wilfully causes a criminal act is as liable for the criminal act as he would be had he physically committed it himself.

_____

Sand, § 11-3; <u>Pinkerton v. U.S.</u>, 328 U.S.640 (1946) (<u>rehearing denied</u>, 328 U.S. 818); <u>U.S. v. Gabriel</u>, 125 F.3d 89, 99, 101 (2d Cir. 1997); <u>U.S. v. Jordan</u>, 927 F.2d 53, 55 (2d Cir. 1991)

# PROPOSED GENERAL

# CONCLUDING INSTRUCTIONS

<u>Request No. 32</u>

<u>Failure to Name a Defendant</u>

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial, from the fact that certain persons were not named as defendants in the indictment.  The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury/  Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

_____

Sand, § 3-4 [modified to remove language about co-conspirators and immunity]

<u>Request No. 33</u>

<u>Testimony And Exhibits  in General</u>

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence.

Exhibits which have been marked for identification but not received may not be considered by you as evidence.  Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witness' answers are evidence and you are not to consider a question as evidence.  Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

_____

Sand, § 5-4 [deleted references to stipulations and judicial notice]

<u>Request No. 34</u>

<u>Right To See Exhibits and Hear Testimony;</u>
<u>Communications With Court</u>

You are about to go into the jury room and begin your deliberations. If during

those deliberations you want to see any of the exhibits, they will be sent to you in the jury

room upon request. If you want any of the testimony read, that can also be done. But,

please remember that it is not always easy to locate what you might want, so be as

specific as you possibly can in requesting exhibits or portions of testimony which you

may want.

Your requests for exhibits or testimony--in fact any communication with the

court--should be made to me in writing, signed by your foreperson, and given to one of

the marshals. I will respond to any questions or requests you have as promptly as

possible, either in writing or by having you return to the courtroom so I can speak with

you in person. In any event, do not tell me or anyone else how the jury stands on the issue

of the defendant's guilt until after a unanimous verdict is reached.

_____

Sand, § 9-3

Request No. 35

Charts and Summaries (If Necessary)

The government has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

_____

Sand, § 5-12

<u>Request No. 36</u>

<u>Sympathy</u>

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that a defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that, once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the Government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

_____

Sand §2-12

<u>Request No. 37</u>

<u>Punishment</u>

The question of punishment is not to enter into your deliberations.  This is a function for the court.  Your only concern is to determine guilt or innocence.  You make that determination by weighing the evidence as I have explained, drawing the inferences that you find warranted, and finding the facts to which you apply the law as I give it to you in these instructions.  A consideration of the type or extent of any penalties that may or may not be imposed has no place in that process.  You are not to be swayed or influenced or concerned in any way by the question of any punishment that might be imposed.

_____

Sand, § 9-1

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the Government requests the opportunity to submit further instructions or amend those submitted as appropriate.