UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA            Cr. No. 10-CR-321
                                       (Hon. Thomas J. McAvoy)

     -vs-

RICHARD ENRIQUE ULLOA,

                Defendant.
_____


## TRIAL MEMORANDUM OF THE UNITED STATES

Trial To Commence: Monday, December 27, 2010
United States Courthouse and Federal Building
445 Broadway
Albany, New York 12207



                                RICHARD S. HARTUNIAN
                                United States Attorney
                                Northern District of New York
                                Thomas A. Capezza
                                Assistant U.S. Attorney
                                Bar Roll No. 503159

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

EVIDENTIARY ISSUES ANTICIPATED TO ARISE AT TRIAL  . . . . . . . . . . . . . . . 1

I.      The United States May Introduce Judicial Decisions Involving the
        Defendant, to Demonstrate Notice to Him that His Conduct Was Illegal,
        and With Regard to His Intent to Defraud . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     The Defendant's Right to Represent Himself is Qualified by His
        Obligation to Adhere to Appropriate Courtroom Conduct and to Your
        Honor's Rulings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    Admissions by the Defendant Are Admissible Under the Federal
        Rules of Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     The Defendant May Not Introduce His Own Self-Serving Documents
        Since They Are Not Admissions Against a Party Opponent  . . . . . . . . . . . 4

V.      A Scheme To Defraud Includes Depriving Victim of Right To
        Control Assets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

VI.     A Pro Se Defendant Must Conform His Opening Statement to the
        Rules of Law; The District Court Should Not Permit Statements about
        the Law or Other Matters Which Are Not Likely to Be Permitted In
        Evidence at Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Federal Cases</u>

American Association of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104
(9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cooley v. United States, 501 F.2d 1249 (9th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . 5

Illinois v. Allen, 397 U.S. 337 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

McKaskle v. Wiggins, 465 U.S. 168 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Potomkin Cadillac Corp. v. B.R.I. Coverage Corp., 38 F.3d 627 (2d Cir. 1994) . . . . . . . 5

United States v. Ciampa, 793 F.2d 19 (1st Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Collarafi, 876 F.2d 303 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 1

United States v. Ebner, 782 F.2d 1120 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

United States v. Erickson, 676 F.2d 408 (10th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Harwood, 998 F.2d 91 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Hershenow, 680 F.2d 847 (1st Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Jones, 628 F.2d 402 (5h Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Kraeger, 711 F.2d 6 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Lawson, 670 F.2d 923 (10th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Rea, 958 F.2d 1206 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Salameh, 152 F.3d 88 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Speight, 2003 WL 22025322 (C.A.2 (N.Y.)) . . . . . . . . . . . . . . . . . . . . 6

United States v. Strickland, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Walker, 191 F.3d 326 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Federal Statutes**

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 801(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Evid. 801(d)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**INTRODUCTION**

Richard Enrique Ulloa is under Indictment for seven felony offenses. Count 1 charges mail fraud based upon false and fraudulent letters and lien documents, sent through the United States mails, in violation of 18 U.S.C. § 1341. In this count the victim is a Town Justice. Count 2 charges substantive mail fraud with evidence similar in nature to Count 1. The victim is a Police Officer. Counts 3 through 5 charge mail fraud similar to Counts 1 and 2. The victims include executives of Mid-Hudson Valley Federal Credit Union and its legal counsel. Counts 6 and 7 charge mail fraud similar to Counts 1 and 2. The victims include Wells Fargo Bank, N.A. and its legal counsel.

**EVIDENTIARY ISSUES ANTICIPATED
TO ARISE AT TRIAL**

I.   The United States May Introduce Judicial Decisions Involving the Defendant, to Demonstrate Notice to Him that His Conduct Was Illegal, and With Regard to His Intent to Defraud

The Second Circuit has ruled that the United States may introduce prior judicial decisions that involve a defendant where such decisions are relevant to his intent and the degree to which he had been placed on notice that his conduct in the present case was not lawful. See United States v. Ebner, 782 F.2d 1120, 1125-26 (2d Cir. 1986); United States v. Collarafi, 876 F.2d 303, 304-06 (2d Cir. 1989) (district court required to allow introduction of prior judicial decision relating to defendant's mental intent). In the instant case two judicial decisions are admissible.

1

On November 2, 2009, The Honorable Christopher E. Cahil, JSC, issued a temporary restraining order enjoining Defendant Richard Enrique Ulloa from, in substance, filing liens against Plaintiffs Mid-Hudson Valley Federal Credit Union, its executives, and its counsel, without the consent of a Court of competent jurisdiction (Government Exhibit 7).

On December 14, 2009, The Honorable Richard M. Platkin, AJSC, issued a written decision and order enjoining Defendant Richard Enrique Ulloa from, in substance, filing liens against Plaintiffs Mid-Hudson Valley Federal Credit Union, its executives, and its counsel, without the consent of a Court of competent jurisdiction (Government Exhibit 8).

Notwithstanding the above judicial decisions, Defendant Richard Enrique Ulloa filed liens against Mid-Hudson Valley Federal Credit Union, its executives, and its counsel, without the consent of a Court of competent jurisdiction.  The judicial decisions are highly probative of the defendant's intent and the extent to which he had been placed on notice that his conduct was improper.  His refusal to comply is probative of his lack of good faith effort to comport with the law.  The government respectfully requests that the decisions be introduced, and at the time they are introduced, the jury be advised of the purpose for which they are accepted into evidence.  Moreover, the government respectfully requests that such instruction be repeated in Your Honor's final charge.

II.     The Defendant's Right to Represent Himself is Qualified by His Obligation to Adhere to Appropriate Courtroom Conduct and to Your Honor's Rulings.

Although the defendant has knowingly and intelligently waived his right to counsel, this Court may terminate self-representation by a defendant who deliberately engages in

serious and obstructionist misconduct.  See McKaskle v. Wiggins, 465 U.S. 168 (1984) ("A defendant can waive his Faretta rights").  Similarly, Mr. Ulloa could lose his right to testify if he misbehaves on the witness stand, and could lose his right to be present in the courtroom if he steadfastly refuses to maintain decorum.  Illinois v. Allen, 397 U.S. 337, 344-47 (1970).  In that event, standby counsel would take over the defense as Ulloa's attorney.  If standby counsel is ultimately called upon to represent the defendant, Mr. Ulloa cannot create error by refusing to cooperate.  Effective assistance of counsel depends in part on the client's assistance to his lawyer.  See United States v. Strickland, 466 U.S. 668, 691 (1984).  Ulloa may undermine his own defense by spurning counsel's overtures, just as he may do so, for example,  (however unlikely) by admitting his guilt on the witness stand.

      III.     Admissions by the Defendant Are Admissible
                 Under the Federal Rules of Evidence

Pursuant to Fed. R. Evid. 801(d)(2)(A), statements by the defendant constitute an admission by a party opponent and are non-hearsay.  The United States anticipates that the defendant may attempt to preclude introduction of such admissions by claiming they are prejudicial.  Of course, virtually all evidence introduced against the defendant is prejudicial to one degree or another.  However, the Court's discretion to preclude "unfair prejudice" (that substantially outweighs the probative value of otherwise admissible evidence) relates to that type of evidence which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one".  See Adversary Committee note to Rule 403.  Beyond directly incriminating evidence, the Second Circuit has held that it is proper and appropriate for District Courts to admit evidence related to background

3

information and motive under circumstances far more potentially prejudicial than exist herein.  See United States v. Salameh, 152 F.3d 88, 110 (2d Cir. 1998) (declining to exclude background and motive evidence related to a terrorist attack on World Trade Center buildings).

One particular document is of note.  On May 11, 2010 the defendant wrote to the Special Agent in Charge of the Federal Bureau of Investigation, Albany, New York (Government Exhibit 32).  In the letter the defendant claims that he is the vicitim of an ongoing crime perpetrated by Mid-Hudson Valley Federal Credit Union and attorneys working with them.  In that letter the defendant urges the FBI to "gather evidence, and pursue whatever criminal charges may be appropriate against the individuals and entities named herein."  This letter and supporting documents will be offered to show defendant's intent to defraud and absence of good faith.

IV.   The Defendant May Not Introduce His Own Self-
Serving Documents Since They Are Not
Admissions Against a Party Opponent

Under Federal Rule of Evidence 801(d)(2) documents that might otherwise constitute hearsay do not, if they are admitted against a party.  Rule 801(d)(2)(A) provides "**Admission by a party opponent.**  The statement is offered against a party and is (A) the parties own statement, in either an individual or representative capacity . . .."  (Emphasis supplied.) Thus, while the United States may offer documents authored by the defendant under 801(d)(2) the defendant cannot offer his own self-serving out-of-court statements.  See Potomkin Cadillac Corp. v. B.R.I. Coverage Corp., 38 F.3d 627, 633-34 (2d Cir. 1994)

4

(assertions made by a party in documents are admissible only when offered against, not by, the party that made them); <u>United States v. Harwood</u>, 998 F.2d 91, 97 (2d Cir. 1993) (same)[1]; <u>United States v. Rea</u>, 958 F.2d 1206, 1225 (2d Cir. 1992) (government's introduction of documents constituting defendant's statements does not open the door for defendant to introduce his own statements).

Should Ulloa testify he may claim that he relied upon certain writings in formulating his purported beliefs. He may further state that he undertook legal research, but he may not introduce the opinions, books, statutes, etc. into evidence, as such materials both usurp the function of the Court to provide the law and confuse the jury on what the law actually requires. <u>United States v. Kraeger</u>, 711 F.2d 6, 7-8, (2d Cir. 1983); <u>Cooley v. United States</u>, 501 F.2d 1249, 1253-54 (9th Cir. 1974) (exclusion of a letter, IRS training manuals, and Supreme Court decisions upheld); <u>United States v. Lawson</u>, 670 F.2d 923, 929 (10th Cir. 1982) (exclusion of tape recordings of tax protest meeting relied upon by the defendant upheld); <u>see also United States v. Jones</u>, 628 F.2d 402, 403 n. 1 (holding that even where the defendant testifies, evidence that he made a sincere, private judgment that the law is invalid, and hence he was exempt from its sanctions, is not admissible). <u>Accord</u>, <u>United States v. Erickson</u>, 676 F.2d 408, 411 (10th Cir. 1982).

> V.   A Scheme To Defraud Includes Depriving Victim
>       of Right To Control Assets.

As alleged in the Indictment, in addition to attempting to obtain money from various

---

[1] <u>Harwood</u> also stands for the proposition that Ulloa may not attempt to introduce statements of unindicted co-conspirators because they are not party opponents of the defendant. <u>Id</u>. at 97.

individuals, the Defendant also attempted to injure these victims by preventing them from controlling their own assets.  In a mail fraud prosecution, a scheme to defraud victims of money includes the right to control their assets. <u>United States v. Walker</u>, 191 F.3d 326, 335 (2d Cir. 1999) (harm actionable under mail fraud statute includes  the right to control one's own assets).  This of course makes sense since the ability to manage one's finances is essential to prevent financial damage/loss.  As one of many possible examples, damage caused to a victim's credit could affect that person's ability to refinance their home–something that would hurt him financially were he not able to do so.  That the defendant would be unlikely to know for sure the precise impact that his lien would have has no bearing on his overall intent to cause financial harm.  The United States intends to introduce evidence that the Defendant's intention was to cause financial damage to his victims to the greatest extent possible.  <u>See</u> <u>United States v. Speight</u>, 2003 WL 22025322 (C.A.2 (N.Y.)) (affirming convictions, reserving on the question of whether one's credit rating qualifies as "money or property" under § 1341).

VI.  A Pro Se Defendant Must Conform
His Opening Statement to the Rules
of Law; the District Court Should
Not Permit Statements about the
Law or Other Matters Which Are
Not Likely to Be Permitted In
Evidence at Trial.

In opening statement or at other times during the trial the defendant is not entitled to utilize his pro se status as a means of testifying about matters within his personal knowledge without taking the stand.  Similarly, he should not be allowed to address the jury in his opening statement about matters of law, which is the exclusive province of the Court.  In United States v. Hershenow, 680 F.2d 847, 857 (1st Cir. 1982) the Court ruled that the scope and extent of an opening is within the control of the trial court as is the timing of the defendant's opening.  A pro se defendant's right to make an opening statement is prescribed by the extent to which it remains within the bounds of propriety and good faith.  Thus, any efforts by the defendant to "put the government on trial" except to the extent that it relates to evidence which can reasonably be anticipated to be admitted, should not be allowed.  See also American Association of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) (pro se litigants are not excused from following court rules); United States v. Ciampa, 793 F.2d 19, 24 (1st Cir. 1986) (Judge's direction to defense counsel to tell the jury

what he expects the evidence to show that is relevant to the issues involved in the case, is

appropriate admonition).

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney

/s/ Thomas A. Capezza

By:    _____

Thomas A. Capezza
Assistant U.S. Attorney

8