

**U.S. Department of Justice**

*United States Attorney*
*Northern District of New York*

*445 Broadway*
*Albany, New York 12207*
*(518)431-0247*

December 17, 2010

***Filed Via ECF***

Hon. Thomas J. McAvoy
United States District Judge
Northern District of New York
United States Courthouse
15 Henry Street
Binghamton, New York 13901

            Re: **United States v. Richard Enrique Ulloa**
                     **10 CR 321 (TJM)**

Dear Judge McAvoy:

    The government writes to respectfully advise the Court of a 2009 finding in a state court proceeding that defendant Richard Enrique Ulloa was legally determined to be incompetent, a finding that was subsequently reversed by a higher state court.

    More specifically, defendant Ulloa had been arrested by local law enforcement in May 2009 for operating a vehicle without a license.  The defendant subsequently appeared in town court and was ordered by the town judge to undergo a psychiatric evaluation.  The town judge subsequently dismissed the charges based on a determination that the defendant was incompetent.

    Defendant Ulloa appealed that finding to a Supreme Court Justice because, as a result of the incompetency determination, defendant's pistol permit was revoked and his weapons were surrendered.  To that end, defendant wrote a letter to the Honorable Christopher E. Cahill, Justice of the Supreme Court, dated as "corrected" November 16, 2009 (copy attached).  In an Order dated January 21, 2010, as a result of defendant's written submission, Justice Cahill reversed the revocation of the pistol permit and authorized return of the defendant's weapons (copy attached).

*Hon. Thomas J. McAvoy*
*United States District Judge*
*December 17, 2010*
*Page Two*

On July 21, 2010, following the state court determinations, the Honorable David R. Homer, U.S.M.J., conducted a hearing. During that hearing, defendant Ulloa was sworn and questioned as to his knowledge of federal procedures. *See ECF entry July 21, 2010*. Based on that hearing Judge Homer determined that defendant "is capable and competent to proceed on his own behalf and that he knowingly, voluntarily and intelligently waived his 6[th] Amendment right to counsel." *Id.*

The state court determinations came to light during the course of preparing for trial and pre-date Judge Homer's determination that the defendant is competent. To the extent, however, that the Court has an ongoing responsibility to consider competency, the government writes to advise the Court of the state determinatios. In *United States v. Arenburg*, 605 F.3d 164 (2d Cir. 2010), the Second Circuit held that the district court erred by failing to revisit the issue of the defendant's competency to stand trial, based on the defendant's bizarre behavior during his pro se representation of himself at trial including his references to "microwave channels broadcasting his thoughts." Notwithstanding the magistrate's competency finding, two months earlier, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." The Second Circuit remanded in order to give the district court the opportunity to consider whether the defendant was competent throughout the trial.

The government is ready to proceed to trial on December 27, 2010.

                                        Respectfully submitted,

                                        RICHARD S. HARTUNIAN
                                        United States Attorney

                                        /s/ Thomas A. Capezza

                      By:   Thomas A. Capezza
                           Assistant U.S. Attorney

cc: Richard Enrique Ulloa
    P.O. Box 771
    Stone Ridge, New York 12484