**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

      **V.**

                                             **1:10-CR-321**

**RICHARD ENRIQUE ULLOA,**

                  **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**ORDER**

**I. Introduction**

      Defendant **RICHARD ENRIQUE ULLOA** moves for reconsideration of this Court's

Order that amended his terms and conditions of release pending sentencing.  See dkt. #

105.  For the following reasons, Defendant's motion is denied.

**II. Discussion**

      After Defendant's conviction, the Court allowed Defendant to remain free on the

conditions of his pretrial release with the following admonition: "[I]f you file one drop of

paper, except an appeal, in the nature of a lien or anything that might encumber anybody's

assets, I will order you remanded immediately."  Dec. 30, 2010 Trans. p. 228.  In

response, Defendant asserted: "As you're aware, I do have to file some other papers

because I have to take care of the bankruptcy issue, I have to take care of other pending

litigation that's going -- that, you know, they're attacking me, I have to answer those

papers." Id. p. 229.   The Court understood the reference to "other pending litigation that's going on" to be to the bankruptcy proceeding and the civil RICO proceedings brought against Defendant in this Court.  Based on this understanding, the Court allowed Defendant to answer papers in those matters.  Id.   The following colloquy on this issue took place at the conclusion of the proceeding:

> **MR. EVANGELISTA**: Same terms and conditions, if he violates --
>
> **THE COURT**: Right. And the additional terms and conditions I imposed on him.
>
> **MR. EVANGELISTA**: Right.
>
> **MR. ULLOA**: Nothing new, just answer what I have to answer, is that correct?
>
> **THE COURT**: Right. And that includes filing liens and --
>
> **MR. ULLOA**: Absolutely.
>
> **THE COURT**: -- and UCCs.
>
> **MR. ULLOA**: Absolutely, okay.
>
> **MR. EVANGELISTA**: No UCCs.
>
> **MR. ULLOA**: Can I terminate 'em?
>
> **THE COURT**: Yeah, you can terminate 'em.

Id. pp. 230-31.

Thereafter, the Court learned of Defendant's actions on January 20, 2011 of filing an affidavit of service in relation to Defendant's prior demand for certain information and a bond from the Commissioner of the Internal Revenue Service.  Defendant asserted in that demand that the Commissioner's failure to respond would be deemed "criminal activity against [Defendant]."   This demand was in keeping with the pattern of criminal activity that

was the subject of Defendant's criminal conviction.

Defendant's assertion that the filing of the affidavit of service was allowed by the Court because it "was part of a current case" is wholly disingenuous. The filing of the affidavit was not an "answer" to papers in some pending court matter and it was not an effort to terminate a UCC lien filed by Defendant.  Moreover, Defendant's current assertion that the filing of the affidavit of service was allowed by the Court raises concerns that Defendant will not voluntarily comply with the conditions of pre-sentence release imposed on December 30, 2010 and reinforces the need for the amended conditions imposed on January 27, 2011.  See Jan. 27, 2011 Order, dkt. # 104].

## II. Conclusion

There exists no basis for the Court to reconsider its decision to amend Defendant's terms of pre-sentence release.  Defendant's motion for reconsideration [dkt. # 105] is **DENIED**.


**IT IS SO ORDERED**

DATED:February 3, 2011



_____
Thomas J. McAvoy
Senior, U.S. District Judge