**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

      V.                                        1:10-CR-321

**RICHARD ENRIQUE ULLOA,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**ORDER**

      Defendant **RICHARD ENRIQUE ULLOA** has applied to the Court for permission "to open a new bankruptcy and state case since the federal case for mortgage fraud was dismissed and needs to be filed in state court and the bankruptcy was dismissed . . . ." Dkt. # 115. This application is presumably in relation to this Court's January 27, 2011 Order amending the terms and conditions of Defendant's pre-sentence release and ordering, *inter alia*, that

> (1) Defendant **shall not file** in any court, in any federal, state or municipal clerk's office, or in any public agency any document indicating that Defendant or anyone else holds a lien, encumbrance, civil or criminal claim, civil or criminal judgment, or entitlement to relief against any person or any entity **unless** Defendant has first received the permission of this Court or his United States Probation Officer to file such document.

> (2) Defendant shall not cause to be delivered to any person or entity, whether private or public, any demand that the person or entity provide to the Defendant, or to anyone acting on Defendant's behalf, information, proof of authority or jurisdiction, an affidavit, a bond, or documentation **unless**

1

Defendant has first received the permission of this Court or his United States Probation Officer to deliver such a document.

01/27/11 Order.

The Court notes that nothing in the January 27, 2011 Order bars Defendant from exercising his First Amendment right to access the courts to file a legitimate legal action based upon a good fath belief that he has right to recovery under the laws of the United States or one of the states in the Union.  Nor does the Order prohibit Defendant from filing legally proper documents to defend himself from the claims of others.  What the Order does prohibit is conduct similar to that which was the basis of Defendant's convictions in this Court.

That being said and based upon what little information that Defendant has presented (i.e. merely that Defendant wants to file a bankruptcy petition in state court), the Court sees no impediment from the January 27, 2011 Order to the filing of a bankruptcy petition in state court.  Inasmuch as it is not this Court's role or function to review the content or merits of any legal action proffered by Defendant, the Court offers no opinion as to the merits of Defendant's proposed bankruptcy action or whether such action is instituted for legitimate, good faith reasons.

Defendant also seeks to file a "mortgage fraud" action in state court because a similar such action in federal court was dismissed.  Again, Defendant provides little information about such action and the Court must conclude that the mere filing of a civil action does not, in an of itself, violate the Court's Order. Again, it is not the Court's role or function to review the content or merits of Defendant's actions to determine if they are proper.  The Court offers no opinion as to the merits of Defendant's proposed mortgage

fraud action or whether such action is instituted for legitimate, good faith reasons. Nonetheless, the Court notes that a review of the Northern District of New York's docket reveals that Judge Sharpe dismissed three similar cases brought by Defendant concerning mortgages.  See <u>Ulloa vs. Mid Hudson Valley Federal Credit Union, et al.</u>, 10-CV-132; <u>Ulloa v. Wells Fargo Bank, N.A. et al.</u>, 10-CV-345; and <u>Ulloa v. Mid Hudson Valley Federal Credit Union et al.</u> 10-CV-356.  In his decision dismissing those actions, Judge Sharpe noted that Mr. Ulloa "asserted claims against the Ulster County Supreme Court based on what appears to be its involvement in processing a motion filed by [Mid-Hudson Valley Federal Credit Union]."  <u>See</u> Jan.10, 2011 Mem. Dec. & Ord. in <u>Ulloa vs. Mid Hudson Valley Federal Credit Union, et al.</u>, 10-CV-132 [dkt. # 22], p. 10, n. 4.  This allegation against the Ulster County Supreme Court sounds as if it is a retaliatory action brought against a public entity merely because the public entity performed its authorized public function.  If that were the case, and if a similar such allegation were made in the action Defendant seeks now to file without a legitimate good faith basis for the claim, then Defendant will have to accept whatever consequence might arise therefrom.

      Defendant's application, dkt. # 115, is granted.

**IT IS SO ORDERED**

DATED:  April 18, 2011

                                        Thomas J. McAvoy
                                        Senior, U.S. District Judge