**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

      v.

**RICHARD ENRIQUE ULLOA,**

           **Defendant.**
_____

                                                    1:10-CR-321

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.   INTRODUCTION**

The Court previously denied Defendant's motion for transcripts of two days of testimony before the grand jury because Defendant failed to provide a particularized need for the disclosure of such testimony. See March 4, 2011 Decision and Order, dkt. # 113. Defendant now moves for "reconsideration" of this decision, but this time seeking "all grand jury transcripts & in-court presentations." See Dkt. # 122.  In this regard, Defendant seeks "a transcript of the entire [grand jury] proceeding, which includes everything that was said in the grand jury, excluding deliberation if not allowed . . . ." Mot. ¶ 2. Defendant does not seek the grand jury testimony of the witnesses who were called at trial inasmuch as this has already been provided to him. See id. ¶ 20.

For the reasons that follow, the motion is denied.

## II. DISCUSSION

"We begin by reiterating that the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." United States v. R. Enterprises, Inc., 498 U.S. 292, 300-301 (1991). "The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." United States v. Mechanik, 475 U.S. 66, 75(1986) (O'Connor, J., concurring in judgment). The defendant "has the burden of showing that the government's use of the grand jury was improper." United States v. Salameh, 152 F.3d 88, 109-110 (2d Cir.1998). Defendant has failed to meet this burden.

The fact that the grand jury was held *ex parte* provides no basis to inspect the grand jury minutes or to dismiss the indictment. "A grand jury's indictment is based on probable cause, not on a preponderance of the evidence, and that body makes its judgment after an *ex parte* proceeding at which the target of its inquiry is normally not permitted to call or cross-examine witnesses." United States v. Miller, 116 F.3d 641, 669 (2d Cir. 1997). "A defendant does not ordinarily have the right to challenge [grand jury] proceedings because of their *ex parte* nature." United States v. Thomas, 632 F.2d 837 (10th Cir. 1980). Contrary to his contentions, Defendant was not entitled to participate in the grand jury process. United States v. Williams, 504 U.S. 36, 51-52, 112 S. Ct. 1735 (1992). "[I]n this country . . . the suspect under investigation by the grand jury [does not] . . . have a right to testify or to have exculpatory evidence presented." Id. at 52.

Moreover, Defendant articulates no infirmities concerning how the grand jury was

2

drawn, summoned or selected, or the qualifications of any grand juror. Defendant also fails to identify any violation of the few, clear rules crafted to ensure the integrity of the grand jury's functions, see United States v. Williams, 504 U.S. 36, 46, 112 S. Ct. 1735 (1992), and any prejudice resulting from any potential misconduct. See Bank of Nova Scotia v. United States, 108 S. Ct. 2369, 2373 (1988)("a District Court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudice the defendants."); Id. at 2374 ("[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations.")(quoting United States v. Mechanik, 106 S. Ct. 938, 945 (1986)).

As the Court has previously held in this case, there is no impropriety simply because a Superceding Indictment was returned by a second grand jury. See May 13, 2011 Decision & Order, dkt. # 136, pp. 8-9 (and cases cited). Moreover, Defendant has failed to point to any improprieties in the grand jury process and instead relies upon mere surmise and supposition. Id. Such is insufficient to warrant the relief Defendant now seeks.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion for "all grand jury transcripts & in-court presentations" [dkt. # 122] is **DENIED**.

**IT IS SO ORDERED**

DATED: May 24, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge