IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   Case No.  10 - CR - 321 (TJM)

UNITED STATES OF AMERICA,

                                                          GOVERNMENT'S SENTENCING
                                                          MEMORANDUM

      v.

RICHARD ENRIQUE ULLOA,

      Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence defendant to a period of incarceration consistent with that of the advisory sentencing guidelines.

# I

# INTRODUCTION

On December 30, 2010, following a three-day jury trial, defendant was found guilty of seven counts of mail fraud, in violation of 18 U.S.C. § 1341. The defendant is scheduled to be sentenced on July 12, 2011.

# II

# APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum Sentences**

The defendant's conviction for seven counts of mail fraud, in violation of 18 U.S.C. § 1341 subjects the defendant, for each count, to a statutory maximum term of 20 years imprisonment; a 3 year maximum term of supervised release, *see* 18 U.S.C. § 3583, and a fine of $250,000. *See* 18 U.S.C. § 3571.

**2.   Guidelines Provisions**

   **a.   Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for mail fraud, in violation of 18 U.S.C. § 1341 is 7. *See* U.S.S.G. § 2B1.1(a)(1). That level should be increased by 30. *See* U.S.S.G. § 2B1.1(b)(1)(P) (intended loss is greater than $400,000,000). That level should be increased by 3. *See* U.S.S.G. § 3A1.2(a) (victim is a government officer or employee). Thus, the total adjusted offense level is 40.

   **b.   Acceptance of Responsibility**

The defendant is *not* entitled to a downward adjustment for acceptance of responsibility.

### c. Criminal History Category

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the combined offense level is 40 and the criminal history category is I. Thus, the federal sentencing guidelines advise that the defendant receive a sentence of 292 to 365 months imprisonment.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court impose a guidelines sentence, a special assessment, a fine and restitution. The government agrees with the assessment of the Probation Office that defendant has not demonstrated an inability to pay fines or costs. *PSIR ¶ 57.*

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v.*

*United States*, 551 U.S. 338, 354 (2007).[1]

In this case, defendant was convicted following trial. The evidence at trial established that defendant acted maliciously and his conduct was very detrimental to those whom defendant targeted. Defendant maliciously consumed public resources, and placed undue financial burdens on private and public individuals and entities. Indeed, the trial testimony and the victim impact statements describe the fear, anxiety and financial hardships endured by the various victims. *See PSIR ¶¶ 19-24.* Moreover, defendant, to date, has demonstrated no remorse for his conduct. Significantly, on May 10, 2011, following his conviction and prior to sentencing, defendant violated his conditions of release by defying a Court Order, and the Court revoked his bail.

The imposition of an order requiring payment of restitution in full, according to a schedule set by the Court, is mandatory pursuant to 18 U.S.C. §§ 3663A(c)(1)(A) and 3664(f).

Respectfully submitted this 21th day of June, 2011,

    RICHARD S. HARTUNIAN
    United States Attorney

    /s/ Thomas A. Capezza
By: _____
    Thomas A. Capezza
    Assistant United States Attorney
    Bar Roll No. 503159

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.