Richard Enrique Ulloa

Date: April 8, 2014
Via U.S.P.S. Tracking No. 7006 2150 0004 7632 8913

COURT CLERK
U.S. DISTRICT COURT
228 WALNUT STREET
HARRISBURG, PENNSYLVANIA 17108

RE: CLAIM NO.REU-20140102-01/Richard Ulloa v Eric Holder, et al..
In Re: Account/Case/Docket Nos. 10-CR-321 and others affiliated.
U.S. District Court, Albany, New York, USA.

Dear Court Clerk,

Would you please be so kind and file this with the court for hearing and assign a number for the matter at hand?

Thank you for your assistance and effort.

Respectfully yours in law,

Claimant/Affiant/Petitioner
Richard Enrique Ulloa

REU/slf

Encl..

FILED
APR 10 2014
PER
HARRISBURG, PA DEPUTY CLERK

13-CV-2303

Richard Enrique Ulloa
County of
State of
United States of America

PETITION FOR THE REDRESS OF GRIEVANCE

IN THE NATURE OF A

DEMAND AND NOTICE FOR IMMEDIATE RELEASE

Claim No.REU-20140102-01
(In Re:10cr321/US Dist Ct,Albany NY USA & other accts)

Richard Enrique Ulloa, In Pro Per
and The People of New York, ex rel.,
Claimant/Plainatiff/Affiant

V.

ERIC HOLDER,U.S. ATTORNEY GENERAL,
U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
UNITED STATES OF AMERICA,
all federal corporations and agents thereto,
Jointly and severally, Successors and Assigns,
Defendants/Respondents

Issuing Authority:

1. McNally v US 483 US 350 (1987)-which ruled that §371 & §1341 being the fraud laws are void if not used in the limited scope of the statute definition and the money and property in controversy is owned by the government.
2. Black v US 561 US SCt (2010) & Skilling v US 561 US SCt (2010)(2013)-which ruled that before one can be punished it must be shown that his case is plainly within the statute definition.
3. Preston v Heckler 734 F2d 1357 (9th Cir 1984) & National Bank of Oregon v Ind Ins Agents of America 508 US 439 (1993)-which ruled that a use of U.S. code inconsistent with the statute definition is impeached and void.
4. US v Panarella 2011 US Dist LEXIS 84102,decided July 29 Third Circuit-which ruled that the judgment was void using the fraud law against Panarella citing McNally Rule. Panarella was released from the unproven obligation by Judge McLaughlin.
5. Clark v Anderson 502 F2d 1080 (3rd Cir 1974)-which ruled that where the state obtained a judgment urging the law as valid and later it is ruled inconsistent with the statute definition it is a use of law by arbitrary,discriminatory and prejudicial.
6. Lanzetta v New Jersey 306 US 451 453 (1939)-a statute use ruled void cannot be used later to retry or reindict and other facts and laws herein.

U.S.P.S. TRACKING NO.7006 2150 0004 7632 8913

R i c h a r d   E n r i q u e   U l l o a

Date: April 8, 2014
VIA U.S.P.S. TRACKING NO. 7006 2150 0004 7632 8913

COURT CLERK AND ALL JUDICIAL OFFICERS
228 WALNUT STREET
HARRISBURG, PENNSYLVANIA 17108

Claim No.REU-20140102-01
In Re: 10-CR-321 & other accts.

RE: PUBLIC CORRESPONDENCE TO THIS JUDICIAL BODY
FROM A VETERAN OF THE UNITED STATES NAVY

To All Whom This May Concern,

I am writing this correspondence to any and all parties of this administrative tribunal concerning the course of events in this matter at bar.

Enclosed please find my DEMAND AND NOTICE FOR IMMEDIATE RELEASE. It is placed into the record by authority of the legal research I have uncovered concerning which completely and conclusively proves that the use of statute law against me under the guise of United States Code is false and lawless.

As in the U.S. Supreme Court rulings McNally v US 483 US 350 (1987); Black v US 561 US SCt (2010) and Skilling v US 561 US SCt (2010)(2013) of which the last two rulings voted 9 to 0 regarding illegal use of the fraud law as described therein, clarified that the judgment currently held by the UNITED STATES OF AMERICA is void and of no effect. Any other position is legally and logically indefensible. In fact numerous circuit cases have released many.

What is most disturbing to me is the presence of this in the face for which I served in the United States Navy as an honorably discharged veteran. When I enlisted I took an oath to the U.S. Constitution. I am certain the person(s) who brought forth this matter before the court of record knew or should have some knowledge of this case law condemning the illegal use of 18 USC 1341. But, by some irregular and adverse circumstances, the prosecution proceeded and did obtain a judgment contrary to everything I know in the McNally, Black and the Skilling Rules. How can this happen? How can a U.S. court possibly operate in the presence of these rulings and assist in the conviction of a citizen of this great country? More importantly, how can this happen and proceed against a veteran of this nation's armed forces?

Regardless of the reasons, legal or illegal, a judgment was obtained counter to U.S. Supreme Court rulings that place a dark veil upon the actions that transpired against me. We are the nation who preaches the integrity of the court system to others in the world judicial arena. Can anyone in this court state after mandated judicial review of this issue before it state that agents of the Defendants did follow the statute definition to its limited scope? Can the agents of the parties in opposition state they owned the money and property in controversy as Justice White in McNally and Justice Ginsburg rules in Skilling? I find no such evidence. Upon that, not having complied with these Article III requisites alone, I am so proceeding as is my right in law and what I enlisted to defend.

Respectfully yours,

Richard Enrique Ulloa

---

IN THE UNITED STATES COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Richard Enrique Ulloa, In Pro Per, and the People of New York, ex rel., Claimant/Plainatiff/Third Party Intervenor
v.
ERIC HOLDER, U.S. ATTORNEY GENERAL; U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, UNITED STATES OF AMERICA, all federal corporations and agents thereto, Jointly and Severally, Defendants.

Claim No.REU-20140102-01
(In Re: 10CR321 & other accts.)

DEMAND AND NOTICE
FOR
IMMEDIATE RELEASE

STATEMENT OF ADMITTED AND VERIFIED FACTS

1. My true family appellation is Richard Enrique Ulloa.

2. This DEMAND AND NOTICE is directed to any and all parties in receipt and those participating in the confinement, detainment and restraint in violation of the laws cited herein as mandated by the United States Supreme Court in McNally v 483 US 350 (1987)(ruling that the use of the fraud law in the Act of Congress creating §371 and its progeny §1341, §1343, §1344, §1346, §1347, §1349 and others are void if not limited to the statute definition, -if the government does not own the money and property in controversy and any instruction is given to the jury contrary to this mandate); Skilling v US 561 US, 130 SCt (2010)(2013)(ruling and affirming the McNally Rule & voiding the use of §1346 as void for vagueness); Black v US 561 US, 130 SCt (2010)(ruling that erroneous jury instructions such as in the McNally Rule concerning the original Act creating §371 are unlawful); and other laws cited herein.

3. This DEMAND AND NOTICE is declared in relation to account no. 10CR321 & others made against the Defendants, UNITED STATES OF AMERICA, a corporation pursuant to 28 USC 3002, its agencies, agents, contrators, subsidiaries, successors and assigns which are currently enforcing a judgment against the Claimant and Third Party Intervenor named above. Such judgment was erroneously obtained and entered by processes counter to fundamental due process and equal protection of the laws denied and abridged to the Claimant as proclaimaed in the Constitutions of the United States and State of New York and Pennsylvania.

4. The Defendants listed above are represented by the U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS and the U.S. ATTORNEY GENERAL operating by executive authority. This judgment is not due any legal merit or recognition by these parties and are so noticed that the laws cited herein absolutely, completely, and conclusively provide that the authority, jurisdiction and enforcement currently applied against this Claimant is unlawful and VOID AB INITIO.

5. The Claimant was alleged to have violated 18 USC 1341 and others dated 10/27/2010. These applications used by the corporations listed and parties in receipt are not in holders of lawfulful equity, Therefore, as a matter of law, this Claimant is authorized to place and post this DEMAND AND NOTICE in any and all postings both public and private to exonerate, vindicate, expunge and eradicate any and all records of the illegal judgment being enforced.

6. The Claimant's authority is founded in black letter law and fundamental law so declared herein that false pretenses and concealment of facts were garnered to instruct a grand or petit jury to unlawfully arrest, detain and control equity of the Claimant violating his natural rights in the organic instruments of this nation. The Defendant's process displays lack of good faith, clean hands and full disloure to acquire unconscionable consent agreements permitting judgment.

8. The Supreme Court in McNally cite,'The district court's jury instruction erroneously permitted a conviction for conduct not within the reach of §1341. Justice Byron White adding there was nothing in U.S. code that would permit the unlawful enforcement of this judgment. The legal maxim,'Expressio unius est exclusio alterius' imples that when certain things are specified in law,contract or will, an intention to exclude all other from its operation may be inferred. See Newblock v Bowles 170 Okla 487,40 P2d 1097 1100.

9. Under this maxim of law listed in ¶8, 'If the statute specifies one exception to a general rule or specifies the effects of certain provisions, other exceptions or effects are excluded!.See Black Law Dictionary, 6th Ed.,p.581. From this is gained that any use of U.S. code not applying to the Claimant's conduct is an illegal use of law and the judgment is void by arbitrary and prejudicial acts. The McNally Rule and the Maxim of law describe that the Claimant is due equal protection and due process denied and abridged by the Defendants. The Supreme Court mandates and compels this administrative law court under Article IV, §III to fulfill its obligation and discharge the judgment and Claimant post haste.

10. It is clear the disctrict court in the Claimant's matter,'Permits a conviction for conduct not within reach of §1341 and such a conviction must be reversed.' Justice White at p. 295,¶1. The district court allowed a judgment where,'The statute reaches false promises and misrepresentations.' Justice White at p. 295, §48. 'There are no constructive offenses and before one can be punished, it must be shown that his case is plainly within the statute.' See Law Key §1-Punishable Offenses, p. 295. The Defendants and their agents and assigns failed a central requisite in the assessing and interpreting conduct giving rise to a valid charge defined in the statute definition by authority exerted to prosecute and enforce an expression of U.S. code,statute definition or rugulatory provision that does not exist.

11. The McNally Rule correctly applies original jurisdiction and the Act of Congress creating the statute at large as the authority warranted to operate correct use of law by delegation beyond implied presumptions. Justice White rules this matter is a state decision. See Appeal Key §1304-Presumptions, p.295. 'The United States Supreme Court will not consider the prosecution's assertion...There is nothing in the jury charge that required such a finding.' See Appeal Key §1267-Factual Issue. Likewise, this court is mandated in law not to consider or permit false or alternative presumptions to support and provide legal recognition in this judgment against the Claimant by any agents of the Defendants.

12. The district court in the matter where the judgment was obtained is based upon a false finding of fact and erroneous proceeding where a grand and/or petit jury was instructed by the Defendants and their agents on a reading of law applied by their own reading to their benefit against the limited scope of the statute definition which renders such application,reading and judgment against and now enforced counter the Claimant as void and a nullity. See Old Wayne v McDonough 204 US 8 (1907). The Defendants and their agents are relying upon false promises and overt misrepresentations to enforce their 'finding' and it must be 'reversed and remanded.' Justice White at p.297.

13. 'The government concedes that it was error for the district court to include the instruction of tax fraud in the substantive mail fraud instruction'. Id at 11,n9. '..but the effect of that error is now at issue.' Id at p.299,subscript.

14. Regardless of any and all opinion,enforcment or control contrary by the Defendants by and through their agents,'(a)the language and legislative history of §1341 demonstrate that it is limited to the protection of money and property rights [of government] and does not extend to the intangible rights of the citizenry.'

quoting Justice White at page 296. Where the Defendants or any officer of the law uses a code,regulation,rule or otherwise contrary to and inconsistent to the statute definition the use of law is void and remains void. See Preston v Heckler 734 F2d 1359 1367 (9th Cir 1984); National Bank of Oregon v Ind Ins Agents of America 508 US 439 (1993) and Koons v Nigh 543 US 50 (2004).

15. Any court,tribunal,judge or law enforcement officer in receipt of this DEMAND AND NOTICE is COMMANDED to condemn,reject,vacate and withdraw their support of this judgment wrongfully rendered for conduct of the Claimant which does not apply and correlate to the original intent of Congress in §371 which is the Act creating all progeny fraud laws. This inconsistency is unlawful and provides that illegal restraint by a false authority and control is contemporary. Id at p.298 by Justice White.

16. Even the history of the statute of §1341 do but accomplish.'false pretenses in order to make out which there must be a misrepresentation to some existing fact.' Justice White at p.300, referencing Durlan v US 161 US 306 (1896). Regardless of any intention,theory or benefit the Defendants see or envision in their use and application of the law, the congressional intent is the one that must be recognized. Where the Defendants and their agents fail to apply all the elements, facts,ingredients,sentencing factors or otherwise and fail to place them before a grand or petit jury correctly as Congress intended and prove each and every aspect in the statute definition beyond a reasonable doubt, the judgment is void and MUST BE DISMISSED. Justice White at p.300,¶3.

17. The Supreme court ruled, 'It is arguable, that they(current and historical statute use) are to be construed independently.' Justice White at p.301. 'This approach has been taken by each of the courts of appeals that has addressed the issue.' See US v Clapps 732 F2d 1148 1152 (CA3 1984) and US v States 488 F2d 761 764 (CA8 1973). Justice White is additionally thorough by adding, 'Other cases have held §371(§1341 historical and legislative intent and use) reaches conspiracies other than those of property interests.' Id at p.301, quoting Haas 216 US 462 (1910). 'Yet today the court for all practical purposes rejects the long standing construction of the statute.' Justices Stevens and O'Connor dissenting at p.306. The rule known inside McNally is best summed up by the exact and explicit expression of the two seperate and distinct definitions now at use, one by the Supreme Court and the one placed forward in a theoretical proposal for the societal good:

> '[a] statute...which has for its protection of the individual property rights of the members of a civic body, is one thing; a statute which has for its object the protection and welfare of the government alone, which exists for the purpose of administering itself in the interests of the public, [is] quite another.' Id.at 7. Section 371 is a statute aimed at protecting the Federal Government alone.'
> See Curley v US 130 F 1 (CA1 1904) quoted in Haas v Henkel.

18. Assessing the historical and legislative expression of the original writings in an Act of Congress creating §371 which is the parent of the subsequent fraud progeny laws, the Supreme Court summized, 'We believe this broad construction(historical of §1341) is based on a construction, not applicable to the mail fraud statute.' Id at p.301, subscript. This conclusion by the Supreme Court is the correct and only acceptable assessment as it is the intent of Congress which is superior law to any interpretation contrary. See Clark v Anderson 502 F2d 1080 (3rd Cir 1974). Any other use represents an arbitrary and prejudicial use of law prohibited by Congress. The explicit expression and intent of Congress in the construction, application and interpretation of a statute definition is 'divine', and is not to be tampered with. See Mut Pharm Co v Bartlett 570 US (2013); Justice Alito.

These findings of fact also concur and are logically aligned with the ruling in Adams v US 319 US 312 (1943) which states all U.S. code use is limited in scope to the territories, District of Columbia and insular possessions.

19. **'To punish anyone...it must be shown that his case is plainly within the statute.'** Justice White quoting Fasulo v US 272 US 620 (1926) at p.302. From the evidence collected herein by this Supreme Court, the historical and legislative intent of the statute is not present in the Claimant's matter as applied and interpreted by the Defendants claim of equity in their cause captioned above.

20. For this judgment of conviction to stand and have validity, it must be found and proven by the Defendants that 'control'. 'ownership', 'title', and 'jurisdiction' by statute authority expressly embossed by an Act of Congress correlates with their application to the Claimant's conduct. Where the items of controversy are not owned by government then there can be no Article III standing which is a constitutional requisite to commence suit. 'Standing is an essential and unchanging part of the case-or-controversy requirment of the U.S. Constitution, Art. III. To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior..'. Justice Alito in Davis v FEC 554 US SCt (2008) at Hn2.

21. 'There is nothing in the jury charge that required such a finding. We hold therefore that the jury instruction on the substantive mail fraud count permitted a conduct **not within reach of §1341.** Justice white at 303. With regards to the McNally Rule, it is concluded that a wrongful judgment was obtained against McNally, Hunt and Gray, who petitioned the Supreme court for the same remedy this Claimant now asserts, proves and conclusively provides that what is in play, which is an illegal use of §371, then it makes not difference whether the Defendants herein use §1341 or §1349 for that matter.

22. Based upon these conclusions:

'The government concedes that if the petitioner's substantive mail fraud convictions are reversed, their conspiracy convictions should also be reversed.' Justice White at p.303.

23. The government concession is key as it attests that the Claimant's assertions in this DEMAND AND NOTICE are correct that his is a claim under the Equal Protection Clause and Due Process Clause failing the Fair Notice requirement and Article III standing requisite. The following cases support the McNally application:
   1. 'The object of the alleged scheme or artiface to defraud must be aa recognized property right.' US v Henry 29 F3d 112 115 (3rd Cir 1994).
   2. Mail fraud conviction reversed, Cleveland v US 531 US 12.
   3. Reconsideration ordered by McNally Rule. US v Walker 490 F3d 1282 1297 (11th Cir 1997).
   4. 'The convictions for conspiracy and wire fraud are vacated.' US v Brown 459 F3d 509 (5th Cir 2006).
   5. '..there was no chance David could be retried for using the mail system to defraud others of their intangible rights.' Patterson v Haskins 470 F3d 645 654 (6th Cir 2006).
   6. 'These consequences are neither speculative nor incidental, but are ongoing and concrete...The convistion in the above-captioned matter is hereby vacated.' US v Panarella 2011 US Dist LEXIS 84102 ED-Pa.

24. In the case, US v Hedaithy 393 F3d 580 (3rd Cir 2004), the court quoted McNally but went into the intent of Congress where it contended:

'Congress responded to McNally by enacting 18 USC 1346. In doing so, Congress brought within §1341..the intangible right of honest services ..counterfeiting. **Neither of these modifications, however are relevant in this case.'** Id at Hedaithy 392 at 591, Fn13.

The direct translation of this ruling in the Hedaithy court is that any ruling or use of statute law by addendum or amendment to the clear intent of Congress are void and **not relevant.**

25. From the McNally Rule we can conclude the following, completely and concurrently with this matter of this,the Claimant's proof of claim:
   11. '..here there was no charge(that fits the statute definition) and the jury was not required to find the Commonwealth itself was defrauded.' Id at p.302.
   22. 'In fact, the commissions Hunt and Gray received **were** not the Commonwealth's money.' Id at p.296,¶2(b).
   33. 'Nor was the jury charged(with authority and jurisdiction) that to convict it must find the Commonwealth was deprived of control over how its money was spent.' Id at p.296,¶2(b).
   44. 'The mail fraud statute clearly protects property rights(of government alone) but does not refer to the intangible right of the citizenry(personal rights).' Id at p.300.
   55. **'The government concedes that it was error for the district court..'.** (to render jury instructions upon an unfounded statute theory). Id at p.299.
   56. **'WE GRANTED CERTERIORI...AND NOW REVERSE.'** Justice White at p.299,¶4.

26. It is noteworhty that using the deductive reasoning we have utilized thus far, 18 USCC 1346 was manufactured to overcome the McNally Rule. In fact, the Skilling Rule at 561 US SCt (2010)(2013), later explained, mentions that the McNally Rule was overuled by the Skilling Rule, but it failed to mention that it was 18 USC 1346 which was ruled'void for vagueness', quoting Justices Ginsburg, Scalia and Alito. There was no mention that the original intent of Congress in §371 was unlawful or 'void for vagueness'. We can thereby safely deduce that, and rightfully so in line with other Supreme Court rulings that the intent of an Act of Congress is 'divine' To explain contrary to a clear congressional intent is 'pointless'. See US v LaBonte 520 US 751 774 (1997), Justice Thomas.

27. What is to be taken in context from the McNally Rule is:
   1. The fraud statute definition is limited in scope to its express terms.
   2. The government must own the items of money or property in controversy.
   3. Any jury instruction, grand or petit, contrary to the above two requisites creates 'error of law', and,
   4. Under the above conditions where there is a use of the definition or a violation of the 'money or property' requisite, the government concedes to a wrongful judgment.

These issues remain in tact and untouched despite the fact the Skilling Rule says McNally is 'overruled'. It must be such as the congressional intent is supreme law from the people's representatives and may be corrected in only rare exceptions. See US v Clintonwood Elkhorn Min Co 553 US SCt, 170 LEd 2d 392 (2008).

28. In similar and same configuration, the McNally Rule is the Claimant's foundational construction of the fraud law that was not be adhered to by the Defendants. This is also supported by the Skilling Rule and the Black Rule which we will cite later in parallel assembly that these two rules affirm the McNally Rule and at the same time destroy the use of §1346, and correspondingly, other fraud sections under the exact prescription.

29. Integrating paragraphs 1 to 28, the McNally Rule, which for all practical uses is nothing more than the affirmation of the original Act of Congress which so created §371 and from that all fraud sibling offspring. As affecting this to the Claimant:

    1. There was no charge against the Claimant that fits the statute and the conduct described by the Defendants that any money or property of government was defrauded.
    2. The limited expression in definition was surpassed by a reading of the statute to convey & enforce a use of law not intended by Congress.

30. These independent readings of the statute law are barred by the Supreme Court termed as the Margiotta Theory, where the Defendants state authority exists, 'Because of a special relationship in the government and/or he in fact makes government decisions.', quoting US v Margiotta 688 F2d 108 122 (CA2 1982). The Supreme Court then concludes that:

> 'It is unmistakable the statute [§1341 et al] reached false promises and missrepresentations as to future **as well as other frauds involving money or property.'...'If Congress desires to go further it must speak more clearly.'** Justice White at 302. (This is the edict applying §371 to all frauds).

31. Even the sponsor of the 1909 legislation did not address the significance of the of the origin of all the fraud laws enacted citing that its history and intent of §371 are **'self-explanatory'**, citing Sen. Heyburn, 42 Cong Rec 1036, (1908). It is noticed throughout the McNally Rule that the Justices rejected any and all interpretations and disparities in the use of §371 put forth by the Defendants such as the one where they stated 'delegation of authority' is left to the court to so interpret or fill gaps: These false contentions were also put to bed by the Court where they ruled:

> 'The statute [§371] was frozen..by the framers of the statute when it first passed in the 19th century. This seeme to us the extreme opposite and equally untenable from arguing that fraud **is whatever strikes a judge** as bad.' Id at 311, Justices Stevens and O'Connor dissenting.

This is direct confirmation that even those who dissented the McNally Rule even recognized that the original statute definition fron an Act of congress creating the subsequent fraud laws was 'divine', not to be superceded.

32. The Supreme Court even in McNally and long before the Skilling and Black Rules came to fruition that:

> **'There is no evidence that Congress contemplated 'intangible rights!! [honest services theory].** McNally at 312,III.

This is another proof of claim by the Claimant that the use of §1341 and all other frauds used by the Defendants doesn't comport with historical and legislative intents of Congress. A current use of law impeached by not comporting with the Congress or Legislature convention which constructed them is forever void, as explained by Judge Reinhardt in Preston supra:

> '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the statute, **is entitled to judicial review.'** Id at 1364., and,
>
> 'Unless Congress enacts a title of United States Code into law, the title is only prima facis evidence of the law.' See 1 USC 204(a)(1982), and,
>
> 'The very meaning of 'prima facie' is that the Code cannot prevail over the Statutes At Large when the two are inconsistent.' See

Stephens 319 US 423 426 (1943)(per curium); Am Bk & Trust Co v Dallas County 463 US 855 n8 (1983) and US v Welden 377 US 95 98 99 n4 (1964).

33. The Claimant is the Aggrieved Party in this matter and has by a preponderence of overwhelming evidence states the facts and laws he cites as the Defendants unlawful process in this matter were used to obtain a judgment which the Defendants are currently enforcing contrary to any and all known mandates from the Supreme Court and Congress regarding the use of §371 which is the only permitted translation of the fraud statute authorized in law to use, whether §1341 or another. It is the congressional intent described in the McNally Rule stated by Justice White about §371 which remains unchanged, untouched and the settled intent of the fraud law which establshes the facts and elements needed in the Claimant's conduct to attach him to an illegal conduct. And from any and all practical implications of the historical, legislative and accepted application and interpretation of the fraud law, **THE DEFENDANTS HAVE FAILED TO PROVIDE A NEXUS TO THE CLAIMANT!**

34. The Defendants as government agents tried to put forth the Margiotta Theory of special circumstances; prompted Congress to create §1346 via 'honest services theory' and inferred other applications and interpretations rejected and condemned by the U.S. Supreme Court even in the Skilling and Black Rules. The Defendants cannot create statutory authority out of thin air, whereby the Court ruled:

> 'Any ambiguity in the meaning of the criminal statute should be resolved in favor of lenity. The Doctrine of Lenity is of course sound, for the citizen is entitled to fair notice of what sort of conduct will give rise to punishment.' McNally at p.312,III.

35. The McNally Court along with the following Skilling and Black Rule dictate even prior to commencement of a charge the Defendants have a duty and that it is:

> '..appropriate to identify the class of litigants..', citing Nash v US 229 US 373 377 (1913), p.312,subscript.

The dissenting Justices even excoriate the Defendants where Justices Stevens and O'Connor stated:

> 'I realize there[government prosecution] may have some overly expansive applications [§1341 et al] in the past.' Id at 312.

This statement is important as even the dissenting Justices confirm the statute's misuse. The Claimant's corresponding application being no exception.

36. The McNally Court regarding any and all theories of the use of the fraud law is nicely contained in their statement:

> '..the court's action today is its casual - almost summary rejection.' Id at p.313.IV.

It is this Claimant's proof of claim which are undeniable facts that what developes in the presentation of case law which date back to the framers of the fraud law in alignment with constitutional obligation to the rights of citizens is that: **THE DEFENDANTS CAN SHOW BASIS OF STANDING TO BRING SUIT AND CLAIM EQUITY AS IT IS CONGRESS AND NOT THE COURTS WHICH MAKE THE LAW.**

37. A correct synopsis to enunciate the findings of fact so far is:

    1. It is an undenable fact that the Defendants did not use §371 lawfully.
    2. It is an undeniable fact that the money and property were not their owned by the Defendants.
    3. It is an undeniable fact that an error in application of the limited scope of the §371,§1341,§1343,§1344,§1346 et al. was given to a grand jury for indictment or a petit jury for a judgment.

Under these as cited in paragraphs 1 to 37, the concession to wrongful conviction given in paragraph 22 herein by the government agents in the McNally Rule:

> 'The government concedes that if the petitioner's substantive mail fraud convictions are reversed, their conspiracy convictions should also be reversed.' Justice White at p.303,

**is now applicable in succession to the Claimant by virtue of the Equal Protection Clause, Due Process Clause and Fair Notice requirements due all citizens.**

38. Just from the McNally Rule, historical and legislative congressional intent on the use of the fraud law and other defects and infirmities of law the Defendants did not and cannot describe and attach the elements and factors of the fraud statute to the Claimant's conduct **AT ANY TIME. Thus, the judgment is VOID.** The collection of facts, evidence and law is ardently clear in the Claimant's favor that the government fails in fatal fashion to apply and interpret statute law of the fraud expression to their use of U.S. code in the indictment, jury or judgment upon which they claim equity against this Claimant. The unconstitutional practices are rampant throughout this issue and their actions void this matter by their mere presence. See Marbury v Madison 5 US 137 (1803), Justice Marshall.

THE BLACK RULE AND SKILLING RULE
AFFIRM AND ASSESS THE CORRECT USE OF SECTIONS 3771
IN THE APPLICATION OF FRAUD TO ANY CITIZEN
AS THE FOUNDATIONAL INTENT AND TOOL OF CONGRESS

39. Where after a completion of a finding of fact, in invoked use of United States Code is found not in unison with the statute definition from an Act of Congress, the Claimant as a citizen and/or recipient of constitutional rights is now so empowered by these U.S. Supreme Court rulings in McNally 483 US 350 (1987) and now in Black v US 561 US, 177 LEd 2d 695 (2010) and Skilling v US 561 US, 177 LEd 2d 619 (2010)(2013) to rightfully place and post his DEMAND AND NOTICE FOR IMMEDIATE RELEASE in any and all records, public and private, to exonerate, and vindicate the judgment unlawfully imposed and to DEMAND AND NOTICE the parties of any and all in possession of such records that expunction of the record is also warranted in law. See US v Throckmorton 98 US 61 (1878).

40. The fraud law where it has been ruled to lack fair notice to the Claimant is an element of the law particularly proscribed not in alignment with conduct. See Constitutional Law Key §13.0(7). Failure to define with exactness the complaint, indictment, judgment or information bringing forth a charge, entitles this Claimant to dismissal of the Defendant's action, nunc pro tunc. Such violates the Bouie Doctrine in Bouie v City of columbia 378 US 347 (1964), which mandates adequate notice of the prohibited conduct. The Black and Skilling Rules completely and conclusively prove that the UNITED STATES OF AMERICA and its agents and cohorts assigned did and are currently enforcing a judgment against the Claimant and writ of habeas corpus ad prosequendum that does not meet the text of the Act of Congress from the original framers of the fraud law.

41. It is important to remind ourselves that the Framers of this nation and the organic Constitution of 1787 chose their words very carefully with precision and purpose as stated by the following U.S. Supreme Court rulings regarding the laws express intent and nothing else:
   1. 'These words cannot be meaningless, else they would not have been used.' See Us v Bultler 56 SCt 312 319.

   2. 'It cannot be presumed that any clause of the Constitution is intended to be without effect; and therefore such a construction is admissable..'. See Cohens v Virginia 19 US 264 400.
   3. The intent of the Framers of this nation and the representatives we send to Congress to develope and create the laws which we are subject to the U.S. Supreme Court stated: 'As men, whose intentions require no concealment, generally employ the words most directly and aptly the ideas they intend to convey.' See Gibbons v Ogden 22 US 1 (1824).
   4. 'If the statute[use] plainly violates the stated principle of the Conssti-tution, we must so declare. It is an established principle that the attainment of a prohibited end may not be accomplished.' See US v Butler 297 US 1 (1936).

42. The U.S. Supreme Court and the Constitutions, federal and state, are the final arbitors of the direct and express intent of Congress. In short and as prepared in this synopsis, **ANY OTHER USE OF THE STATUTE DEFINITION PRESCRIBED THEREIN HAS BEEN RULED VOID AND NOT BINDING, THE FOUNDERS AND SUPREME COURT ARE CLEAR. ONLY THE ORIGINAL INTENT APPLIES.**

43. Without sufficient notice, no other considerations of the validity of the use of the law or its instruments is fundamentally relevant. To admit contrary throws the legal system on its head. There must be no judgment which can acquire legal effect where there is no legal standard justifiably defensible applicable to the conduct of the alleged violator. See Bouie v City of Columbia 378 US 347 (1964) and Rogers v Tennessee 532 US 451 (2001).

44. Invocation of an invalid statute, '..too vague to inform the public what it prohibits has created a situation in which we cannot square this conviction with an essential **procedural due process of law..the judgment is reversed and the districtrcourt is directed to grant a writ of habeas corpus.'** Chief Judge Hastie in Clark 502 F2d at 1083. **'The majority ..reverses the judgment of the district court and in so doing also repudiates the conclusion..'.** Judge Adams in Clark 502 F2d at 1084. So must this court do what is demanded and noticed and assist the Claimant in any way to see that the judgment which binds him and deprives him of liberty is properly taken apart and dismantled of its validity. **So this court as a court in the United States must so declare.**

45. 'The notice requirement of the due process clause[does not permit] a state[gov't] agency or court] after ruling one of its criminal statutes overly vague, to apply the statute's superceded predecessor to the defendant in the very case which ruled that successor statute unconstitutional.' Judge Adams in Clark 502 F2d at 1084. It is noticed that this Claimant cites the Clark Rule of the third circuit as it is a court in Pennsylvania; expresses corraboration and approbation of the McNally, Skilling and Black rules and it is where the in personam jurisdiction of the Claimant and his property illegally reside. The Defendants cannot prove contrary to this lest they commit more perjury and fraud. No court can permit misinterpretation and also misapplication of statute law done in provable error to exist. This case is no excep-tion. Judge Adams in Clark also makes known:

> 'The doctrine known by the alternative rubrics 'void for vaguenes' and 'unconstitutional indefiniteness' is the track by which the public deter-mines the nature and scope of the particular statutory restriction at issue. Then if, in a court's judgment, those steps apply unduly circuitous **it must strike down as unconstitutional the specific rule that requires** those steps to be taken to determine the criminal provision

those specific steps to be taken to determine the criminal provision governing the conduct.' Id at 1084.

This court now demanded and noticed must also strike down this judgment against this Claimant stating that the use of U.S. Code does not comply with the statute definition and is accordingly void by the Claimant's evidence, facts and laws so placed on exhibit before this public registry..

46. 'A per se rule of reasonableness would appropriately enlist federal courts in the enforcement of state[gov't] rules of criminal and judicial procedure.' Judge Barry in US v Laville 480 F3d 187 193 (3rd Cir 2007), referencing the Void For Vagueness Doctrine in Poulos v New Hampshire 345 US 395 (1953). Any official failure to assist the Claimant in this matter is a violation of the oath of office and unconstitutional. By the reading of the Clark and Laville Rules, we also can readily ascertain that where a use of U.S. code is inconsistent with a statute definition from an Act of Congress, even the making of another use of U.S. code, as Congress abruptly so manufactured in 18 USC 1346 for 'honest services' is also unconstitutional. The discussion in the Black and Skilling Rules to follow correctly display these points.

47. The Clark Rule of this third circuit finally and concisely testifies:

> 'The Doctrine of Unconstitutional Indefiniteness serves as a bulwark against the destruction against salient constitutional and societal values: First.. we must insist the laws give a person of ordinary intelligence a reasonable opportunity to know what is prohibited..vague laws may trap the innocent by not providing fair warning..second..a vague law impermissably delegates basic polic matters to policemen, judges, and juries for resolution on an ad hoc andisubjective basis with the attendant dangers of arbitrary and discriminatory application..Third..a vague statute abuts upon sensitive areas of First Amendments Freedoms.' See also US v Loy 237 F3d 251 262 (3rd Cir 2000), Judge Becker for the court.

48. The Defendants must show cause in this matter whether their use of U.S. code can pass constitutional muster in the Grayned Test located at 408 US 104 (1972):
    1. Did the Claimant receive Fair Notice of illegal conduct?
    2. Did the statute at issue lend itself to arbitrary and discriminatory enforcement?
    3. Did the use of the statute stultify First Amendment rights? Id also in Clark F2d at 1088.

49. The Claimant has even met the Grayned Test:
    1. Fair Notice cannot be proven to be provided as the use of the law in this matter is 'for the government alone', cited by Justice White.
    2. The use of the U.S. code invoked by the Defendants as valid do not apply to him.as ruled by the Justices in McNally,Black and Skilling.
    3. The First Amendment is violated in this matter by the Defendants as the freedoms allocated to others who have had their matter dismissed and released from an unproven liability has been denied to this Claimant.under the exact causes. See Strickland 466 US 668.

50. The U.S. Supreme court in US v Harriss 347 US 617 (1954) was faced with a challenge under the Vagueness Doctrine pertaining to the Federal Regulation of Lobbying Act:

> 'the constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.'

51. The Claimant declares and proclaims that this DEMAND AND NOTICE is a direct challenge to the authority and jurisdiction the McNally Court by Justice White states is void and prohibited. But, further than this is the illegal use of U.S. code that cannot be justified on any legal grounds, including as we know in this presentment which this third circuit in Clark and other rules condemns. This evidence of facts and laws herein by the Claimant in paragraphs 1 to 51 is irrefutable and logically indefensible that the Defendants have acted without proper statute authority expressly and clearly stated in an Act of Congress. THIS IS THE PROHIBITED END DESCRIBED BY THE U.S. SUPREME COURT IN NUMEROUS RULES.

52. The Supreme Court extends in other rulings that notice and sufficiency of conduct applicable to the Claimant by the statute definition must be explicit:

> 'In determining the sufficiency of the notice a statute must of necessity be examined in light of the conduct with which the defendants is charged.' See US v National Dairy 372 US 28 (1963).

As this presentment of DEMAND AND NOTICE is made by the depth of the Claimant's evidence, it surely is stated that the Defendants methods and process used to acquire a judgment against him meets no standards as prescribed by the U.S. Supreme Court and the Constitutions, federal and state. Nor can the Defendants fulfill these edicts from subsequent legal proceedings:

> 'It will be enough for the present purposes to say generally that the decisions of this court, upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them or a well settled common law meaning..'. See Connally v General Const Co 269 US 385 (1926).

53. A court in receipt of this DEMAND AND NOTICE must fulfill its constitutional duty as stated previously and:

> 'strike down the..practice if it implicates some of the other interests protected by the Doctrine of Constitutional Indefiniteness. Although, a statute may neither be vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise itsvagueness or unconstitutional overbreadth as applied to others. When the uncertain language of a statute promotes discriminatory and arbitrary enforcement, a person clearly within the statutes bounds may be permitted to challenge its unconstitutionality.' See Gooding v Wilson 405 US 518 521 (1972) and Coates v City of Cincinnati 402 US 611 619-620 (1971).

54. Paragraphs 1 to 54 obviously, clearly, undoubtedly and succinctly promulgate that not only is the Claimant's proof of claim solidified in foundational law but so is his right to challenge the defendants that what they do is done to a legitimate standard. As the Claimant may bring this void judgment into any U.S. court for remedy and relief in his favor as in Old Wayne Mut L Ins Co v McDonough 204 US 8 (1907), so must this court refuse to allow the Defendants to permit proven illegal use of U.S. code contrary to the intent of Congress. See Furman v/Georgia 408 US 238 (1972). As such, being that the grand or petit jury proceeded by error of instruction from the Defendants to obtain a true bill and judgment void in law, Federal Rule of Civil Procedure 60(b) or some other independent action or notice is all that is necessary to DEMAND AND NOTICE the Defendants that their actions are unlawful. See VTA Inc v Airco Inc 597 F2d 220 224 (10th Cir 1979).

55. In the Black rule, Justice Ginsburg clarifies what counsel must do to preserve a claim of error regarding instruction, to either jury. See Fed.R.Crim.P. 30(d).

Even this minimum has not been met. Justice Ginsburg also notes that a local rule cannot impose a requirement to be used in a manner causing a party to lose his rights. See Fed.R.Crim.P 57(b). As a Claimant with Secured Party standing by a DEFAULT in known legal duties owed him in law, he need not request special interrogatories or acquire the the government's findings of fact by the jury, grand or petit, as it is based on a use of U.S. code declared and proclaimed VOID AND OF NO EFFECT.

56. **The core issue of this matter is the following indisputable fact:**

> **'[The] indictment rested, in part, on an improper instruction..'**
> and,
> **'[The court must] determine what conduct Congress rendered criminal..**
> Id I in Black 561 US supra, [Emphasis Added].

**THE DEFENDANTS HAVE GIVEN 'IMPROPER INSTRUCTION' OF THE FRAUD LAW AND THE COURT OPERATED FROM THAT TO ENTER ITS JUDGMENT AGAINST THE CLAIMANT BY LAWLESS PROCESS.**

57. Justice Scalia in Black supra is even more direct than Justice Ginsburg in the condemnation of the use of the fraud law as lawless:

> '..the district court's honest services fraud instruction to the jury was erroneous but for quite a different reason. **the error lay not in instructing inconsistently..set forth in Skilling v United States..but in instructing the jury on honest services fraud at all. For the reason set forth..18 USC 1346 is unconstitutionally vague.**
> Id at Black 177 LEd 2d 695 701-703.

58. 'Here too, the government and trial court advanced an interpretation..rejected by the Court's opinion in Skilling.' Justice Ginsburg in Black supra, at 703.

59. Accordingly in Skilling supra, Justice Ginsburg emphasizes that:

> 'A court is required if it can to construe not condemn Congress's enactments. A strong presumptive validity that attached to an Act of Congress.'
> Id at LEd Digest: Evidence §99.

It has been held even in the Skilling mandate that the U.S. Supreme Court's edicts consistently provide that the courts are 'limited in scope' and 'construction' to the statute definition. Courts are to avoid constitutional difficulties where there is a plain reading of the statute definition. See McNally plainly reads the statute is for the 'government alone' and is limited to its own 'money and property'. This is the reasonable construction of Congress Justice Ginsburg states must be followed. See Skilling at Hn28.

60. Any reading of the statute definition wider than a range expressly proscribed does raise due process concerns, 'underlying the Vagueness Doctrine.' Id at Skilling in Hn30. 'A court does not legislate but instead respects the legislature by preserving a statute through a limiting interpretation.' Id at Hn32. Any ambiguity in concerning an interpretation must be settled in favor of the Claimant by the Doctrine of Lenity. This interpretive guide dictates that the one translation in which the citizen is to be penalized must be invoked by the lesser penalty of the two. As fraud is a predicate offense to a RICO or conspiracy charge this too must be resolved in this manner, which this Supreme court has vacated in Skilling. As then must any and all other false or predicte allegations magnetized to an error of instruction before a jury fall and be forgotten. See Skilling at Hn33.

61. Justice Ginsburg states quite clearly and forcefully that:

> 'even if the outermost boundaries of the statute are imprecise..any such uncertainty has little relevance.'
> and,

> 'Constitutional error occurs when a jury is instructed on alternate theories of guilt and returns a general verdict that may rest on a legally invalid theory.'
> Id in Skilling at Hn 36 and 40 by Justice Ginsburg.

Justice Ginsburg only found that §1346 solely applies to 'bribes and kickbacks' and it is upon the original, historical, and legislative records that the Skilling Rule is founded. Since the 1940's, one after another of the courts have interpreted the fraud statute to include not only 'money and property' but also 'honest services'. Justice ginsburg quoting Shushan v US 117 F2d 110:

> **'Most often these cases involved bribery of public officials,'but over time the courts increasingly recognized that the doctrine applied to a private employee who breached his allegiance[duty]..By 1982 all Courts of Appeal had embraced this honest services theory of fraud.'**
> Id in Skilling 177 LEd 2d 619 654-655.

62. It is this important finding of fact by the Skilling Court that identified a 'shady blurring of the line' between authoritative interpretation of the §371 definition and atheoretical one reading an offense that is not expressed in the statute at all. If the courts want to decipher this and interpret a 'private' cause of offense, Justice White in McNally and Justice Ginsburg in Skilling concur:

> '[Congress] must speak more clearly.' Skilling at 656 and McNally at 303.

Since the courts cannot legislate, this concurrance by the Justices clearly elaborate that Congress must write this into the statute definition not the policmen, judges, prosecutors or juries. The intent of Congress is the People's intent by its elected representatives that governs the writings of the laws and the enforcement. Never can arbitrary or prejudicial application of law be permitted. It is only the written word which 'further advances' the People's directives and is of 'paramount importance'. See Landgraf v USI Film 511 US 244 252; Reno v Catholic Services 509 US 43 73 and Darby v Cisneros 509 US 137 at Hn3.

63. The U.S. Supreme Court regards the congressional intent not only as 'divine', but 'Where a congressional intent is clear, it must be enforced.' See Penn Welfare Dept v Davenport 495 US 552 593. The intent of Congress can only be ascertained by an 'unambiguous', 'determining factor', 'relevant to construction'. See Brown v Massachusetts 487 US 879 at Fn46; Thompson v Thompson 484 US 174 at 514; and US v Hohn 482 US 64 at Hn4. As cited before by this Claimant, the congressional intent trumps any Senator's oration or judge's oration of what the law should be. Any other implied interpretation is 'pointless' and 'unwarranted.' See Crosby v Natl Foreign Trade Council 530 US at 371. **ONLY THE CONGRESSIONAL INTENT IS PARAMOUNT.**

64. Summarizing the historical and legislative intent correctly Justice Ginsburg does predict:

> **'In view of the history, Congress intended[only]..bribes and kickbacks. To read a wider construction is unconstitutional.'** Id at (3).

65. The Claimant agrees with these findings of fact and also concludes by his research that it is a most preposterous and arrogant supposition that the Defendants acted upon a 'catagory of conduct' and 'classification of citizen' not written in the statute definition. This injection of 'implied power' is the same 'self-dealing' that the Defendants alleged of this Claimant. By any and all facts, the Defendants application and interpretation of the law against this Claimant does not **exist.**

66. 'Reading 1346 to proscribe bribes and kickbacks **and nothing more satifies Congress'** undoubted aim.' Justice Ginsburg at 3112. Although it is true that many pre-McNally

cases touch on self-dealing, the vast majority, '..reached no consensus on which schemes qualified.' Id at 3. Thus, the Supreme Court concludes:

'We conclude that reasonable limiting construction of 1346 must exclude this amorphous catagory of cases. Id at 3,¶3, Justice Ginsburg.

This is a blanket rejection by the Skilling Court of any and all case law which does not comport to the congressional intent of either §371 or 1341 or 1346. To infer any other interpretation is absurd. This position of the Claimant is also supported by the Court's ruling in Skilling:

'[§371,§1341,§1346 et al] does not encompass conduct more than 'bribes and kickbacks', actions of the government alone.

and,

'We resist the government's less constrained construction.' citing US v Universal CIT Credit Corp 344 US 218 221-222 (1952). Id at Skilling.

67. The Skilling Court also notes that 1346 is:

'meant to reinstate the body of the pre-Mcnally honest services law.' Id at Hn27.

'can and should be salvaged by conforming its scope to core pre-McNally applications.' Id at Hn29.

'accomplishes Congress's goal of overruling McNally.' Id at

**EVEN WHERE THE SKILLING COURT MENTIONS MCNALLY IS OVERRULED,-IT IS LIMITED ONLY TO THE ACKNOWLEDGEMENT THAT 1346 RECOGNIZES BRIBES AND KICKBACKS AND THE CORE ELEMENTS OF §371. NO OTHER EXCEPTIONS OR EXEMPTIONS ARE MENTIONED. THIS IS THE ONLY ACCEPTED APPLICATION AND INTERPRETATION OF THE FRAUD STATUTE DEFINITION. THIS HAS NOT BEEN ADHERED TO IN THE CLAIMANT'S PROCESS NOW FOUND VOID IN SKILLING.**

68. By this evidence, facts and laws cited by the Justices and the Claimant's legal research, it is readily certain the government agents as Defendants in this issue used an interpretive scheme to seize and convert the Claimant's person and property. The Defendants indictment, information, true bill or complaint to force the act of the Claimant's general appearance was unlawful. This is concluded by Justice Ginsburg announcing:

'Skilling's conviction is flawed.' Id Skilling at p.664.

69. Justice Scalia concurs with Justice Ginsburg's summation but is more direct pointing to the moral turpitude of the Defendants:

'I also agree that the decision to uphold Skilling's conviction.. must be reversed..but for a different reason. In my view..1346 that scheme or artifice to defraud in the mail fraud and wire fraud statutes, 1341 and 1343..is vague and therefore violates the Due Process Clause of the 5th Amendment.',

and,

'..our task is not to destroy the Act[§371 of 1867] but to consrue it.' Id at Skilling p.665, along with Justices Thomas and Kennedy.

69. The Justices in Skilling also admit:

'A statute that is unclear cannot be saved by a more precise indictment, see Lanzetta v New Jersey 306 US 451 453 (1939), nor by judicial construction that writes in specific criteria that its text does not contain.' Id at 665.

**THIS IS A DIRECT MANDATE THAT THE CLAIMANT CANNOT BE RETRIED OR REINDICTED ON A THEORY OF LAW NOT EXPRESSLY CONTAINED IN THE STATUTE DEFINITION IN AN ACT OF CONGRESS SUCH AS §371 OF 1867 OR §1341 of 1872 BY JUDICIAL RULINGS WHICH DO NOT AGREE WITH THE ORIGINAL INTENT OF THE MEMBERS IN SESSION WHO CRAFTED THE STATUTE.**

70. To do and opposite any of these Justices mandates would:

'..encourage seriously discriminatory enforcement.' Id at 665, By Justices Scalia, Thomas and Kennedy.

and,

'[The]doctrine provides no ascertainable standard of guilt.' Id supra.

This is the Skilling Court's edict that any enforcement of §371,§1341 et al., contrary to the express invitation of the original crafters is lawless and unenforceable graft by judicial-activists and law school theoreticians.

71. Justice Scalia refines the and details from unlawful attacks by the Defendants using the private sector marketplace as the recipient of the express intent of the fraud statute's intitiatives to penalize private citizens's activites:

1.'..private individuals who merely participated in public decisions.' citing US v Gray 790 F2d 1290 (CA6 1986),

2.'..private employee who had no role in public decisions.', citing US v Lemire 720 F2d 1327 (CADC 1983), and,

3.'..a fiduciary..', citing SEC v Chenery Corp 318 US 80 (1943), p.666.

Justice Scalia also condems and scrutinizes the Defendants with this to extrapolate there is no correct use of the fraud statute in line with the intent of §371 as the uses in 'fiduciary' obligations are ad infinatum, and revolve mostly around 'trust law'. Justice Scalia quoting McNally supra.THE FRAUD STATUTE HAS NO SUCH CITES.

72. It is certain and conclusive that Justice Scalia shows there is no settled criterion 'what was in and what was out' as far as pre-McNally case law. Id at 667. This is why the Skilling Court:

1.Pared down the fraud statute to it's core[bribes and kickbacks]. Id at 668, [Emphasis Added], and,

2.'Therefore, it must be the case..Congress meant by its reference to the honest services doctrine.' Id at 668.

The Defendants quasi-claim to 'respect the legislature' which they are required to do in every use of the law to impose penalty on a citizen has not been fulfilled upon this Claimant, because the lower courts failed too follow the simple demand upon them to limit the fraud law to:

1. The express statute definition of the original Act of congress.
2. The money and property of the federal government alone.
3. Any use outside these parameters in #1 and #2 herein is error of law.

Any other use as Justice Scalia supports, as in McNally, 'is fake':

'That simply does not mean, as the Court now holds that 1346 criminalizes only bribes and kickbacks.'

This is a correct assessment as it is also limited to other elements in the statute definition and money and property of the federal government alone as Justice Scalia orates the narrow construction of the fraud law must be:

1.'fairly possible', citing 485 US 331 371,

2.'reasonable', citing 155 US 648 657, and,

3.'or not plainly contrary to the intent of Congress.', citing 485 US 568 575.

73. Justice Scalia proclaims and finally opines:

1.'But I do not believe we have the power, in order to uphold an enactment, to rewrite it.' Id at p.670 in Skilling.

2.'I would ..reverse Skilling's conviction on the basis that 1346 provides no ascertainable standard for the conduct it condemns.',and,

3.'..fails to define the conduct it prohibits.'. Id at p..670,III

4.'The fate of the statute in future prosecutions obvious from my reasoning in the case - would be a matter of stare decisis. Id at 670,III.

74. Justice Alito joining Justices Scalia, Thomas and Kennedy also states in final determination by inputting:

'Because I do not believe Skilling's trial met this standard, I WOULD GRANT HIM RELIEF.' Id at p.694, Skilling.

75. Constitutional requirements which are proven not to have been met by the Defendants must never exist or be honored and given recognition by any government agency or party claiming equity. See Freytag v CIR CIR 501 US 868 896 and Bowen v Johnson 306 US 19 24. The Defendants and any party currently honoring this judgment against this Claimant are in grievous error of law acting complicit as co-accomplices. Any action beyond one's authority is not voidable but simply void. See Williamson v Berry 8 How, 540 LEd 1170 1189 (1850).

76. The U.S. Supreme Court is quite direct, clear and pronounced as to the correct use of the fraud law in §371 and others as it is limited only to express intent of Congress from the original crafters of the statute definition, not some theory or judicial construction. The Clark Rule in this circuit and others confirm it too.

THE CLAIMANT DEMANDS AND NOTICES THIS COURT
TO PROVIDE THE DUE PROCESS AND EQUAL PROTECTION
THE UNITED STATES SUPREME COURT DECLARES IN
THE MCNALLY, BLACK AND SKILLING RULES
AND THIS THIRD CIRCUIT DECLARES IN
THE CLARK RULE ON ILLEGAL USE OF STATUTE LAW

77. As the Supreme Justices declare and proclaim; conclusively, precisely and with exact detail, the correct and only use of the fraud law allowed is not now nor was it used to obtain judgment against this Claimant. The judgment is void as well as a matter of law also because this method of reference to the congressional intent used to apply and interpret the law applicable on the Claimant's conduct is stare decisis.

78. The cases vacating, dismissing and reversing convictions because of the McNally, Black and Skilling Trio are legion. One particular matter of parallel synergy attracted is the issue of US v Panarella 2011 US Dist LEXIS 84102, Case No. 00-655, ED-Pa, decided July 29, 2011, where Judge McLaughlin correctly adds that Nicholas Panarella's conviction was error of law in the third circuit:

'Therefore, Panarella's conviction was predicated on conduct...which constitutes an error of "the most fundamental kind" such as "to render the proceeding itself irregular and invalid." Stoneman 870 F2d at 106.' [The Court of Appeals quoted McNally].

79. This Third Circuit has explained in these matters that the Claimant has established fundamental error in the illegal use of law currently and illegally being acted upon and enforced against him, as in Panarella supra in the use of the fraud law:

'..where a defendant is convicted or punished "for an act that the law does not make criminal, there can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify relief." Stoneman 870 F2d at 105 quoting Davis v US 417 US 333 (1974).'

80. The Claimant has correctly, certainly and completely provided proof of claim that the judgment obtained and enforced using the fraud law at §371,§1341,§1343,§1344 or any other section including any RICO or conspiracy section are VOID AB INITIO. This Claimant is due equal protection of the laws and DEMANDS IMMEDIATE RELEASE.

CLAIMANT'S SECURED RIGHT OF TITLE
TO DISAVOW THE DEFENDANT'S JUDGMENT
BY THE ILLEGAL USE OF STATUTE LAW IN U.S. CODE
IS AN ESTABLISHED PRINCIPLE IN THE THIRD CIRCUIT

81. The Claimant does do declare and proclaim in this DEMAND AND NOTICE that the following parties were released from an unproven liability by the Defendant's illegal use of the fraud statute in U.S. code violating the McNally, Black and Skilling Rules; Such were dismissed, reversed or vacated in this circuit:
1. US v Panarella 2011 US Dist LEXIS 84102 (3rd Cir July 29),Judge McLaughlin
2. US v Riley 621 F3d 312 (3rd Cir 2010),Judge Restani
3. US v Gordon 183 Fed Appx 202 (3rd Cir 2006),Judge McKee
4. US v Thomas 315 F3d 190 (3rd Cir 2002),Judge Rosenn
5. US v Fention 309 F3d 825 (3rd Cir 2002),Judge Nygaard
6. US v Murphy 323 F3d 102 (3rd Cir 2002),Judge Becker
7. US v Antico 275 F3d 245 (3rd Cir 2001),Judge Ambro
8. US v Monostra 125 F3d 183 (3rd Cir 1997),Judge Nygaard
9. US v Bertoli 40 F3d 1384 (3rd Cir 1994),Judge Greenberg
10. US v Menon 24 F3d 550 (3rd Cir 1994),Judge Becker
11. US v Henry 29 F3d 112 (3rd Cir 1993),Judge Nygaard
12. US v Pelullo 964 F2d 193 (3rd Cir 1992),Judge Greenberg
13. Kehr Packages v Fidelcor 326 F2d 406 (3rd Cir 1990),Judge Scirica
14. US v Olatunji 872 F2d 1161 (3rd Cir 1989),Judge Cowen
15. Herskowitz v NutriSystem 857 F2d 1179 (3rd Cir 1988),Judge Gibbons
16. US v Zauber 857 F2d 137 (3rd Cir 1988),Judge Hutchinson
17. US v Nelson 852 F2d 706 (3rd Cir 1988),Judge Greenberg
18. US v Dwyer 855 F2d 144 (3rd Cir 1987),Judges Higginbotham,Sloviter,Garth(per curiam)

This is an incomplete amount of causes released in the third circuit as this list does not include unpublished appellate, private appellate, unpublished district and published district court accounts surrounding the illegal use of the fraud statute. These accounts from illegal use of the fraud law using the McNally, Black and Skilling Rules are a recognized and established principle for relief and remedy in the third circuit. This is another equal protection claim, just and enforceable.

82. On or about July 22, 2013, Jeffrey Skilling was released from his unproven cause and obligation placed against him. The attached APPENDIX OF EVIDENCE AND EXHIBITS corroborates the Claimant's proof of claim that the Justices of the Supreme Court and appellate court of third circuit have the correct application of the fraud law. It matters not whether the Defendant's judgment against the Claimant was acquired by plea, jury, bench trial, in absentia or otherwise as NO PARTY CAN BE PERMITTED TO EXPOSE THIS CLAIMANT OR ANY OTHER TO AN ADJUDICATION BY ILLEGAL USE OF U.S. CODE INCONSISTENT TO THE INTENT OF CONGRESS. THE STATUTES ALWAYS PREVAIL OVER U.S. CODE. See NY and Cuba Steamship Co 290 F2d 925 (1961);Murrell v Western Union Tele 160 F2d 787 788 (1947);Bevill Asset Mgmt Co v Spencer S&L Assn 878 F2d 742 (CA3 1989) (Judge Aldisert ruled that the statutes are the 'surest guide' to the intent and and meaning of the law); See also the third circuit decisions in support thereof: Citizens Council of Delaware Cty v Brinegar 741 F2d 584 (CA3 1984);US v Rabb 680 F2d 294 (CA3 1982) and Comm of IRS v Textile Mills Sec Corp 117 F2d 62 (CA3 1940), Circuit Judges Cerilli,Garth and Clark, respectively, providing this matter as res judicata and stare decisis as Justice Scalia did in Skilling supra.

83. Where two uses of law are at issue,the job of the judiciary is to hold each side by side to Constitutions, federal and state,and the one holding closests to Congress' and what the Framers envisioned is the one as accepted,and the other must be ended. Any other reason for not doing what is constitutionally and congressionally valid is 'wholly irrelevant to the inquiry.' Justice Sutherland, Carter 238 US 298.

CLAIMANT'S RELIEF AND REMEDY DEMANDED

84. The Claimant has provided to this judicial and administrative tribunal the evidence, facts and laws which detail his proof of claim as admitted and verified facts in the U.S. Supreme Court by Justices White, Rehnquist, Brennan, Marshall and Blackmun in McNally & Justices Roberts, Alito, Scalia, Thomas, Breyer, Ginsburg, Kagan and Kennedy in Black and Skilling supra by votes of 9 to 0 in both accounts ruling per curiam that there was illegal use of the fraud law. In concurrent and corresponding style the third circuit judges which are McLaughlin, Restani, Scirica, McKee, Rosenn, Nygaard, Becker, Ambro, Greenberg, Becker, Cowen, Gibbons, Hitchinson and a per curiam court in Dwyer to include Sloviter, Higginbotham and Garth have ruled with identical certification that what the Claimant states, declares and proclaims is the law of this land and circuit. Failing to provide the protection and relief demanded by this Claimant puts this court in the middle of a constitutional controversy, indirectly elating that thirteen Justices of the U.S. Supreme Court and sixteen judges of the appellate court in the third circuit are in error of fundamental law and their rulings hold no value as practices of judicial and ministerial functions to fill the law digests in this nation's law schools. That is an absurd proposition and thesis at best in light of paragraphs 1 to 84 herein by the courts in toto.

85. This Claimant now honorably, justifiably and rightfully files and enters in this court his DEMAND FOR IMMEDIATE RELEASE, post haste, attaching to all parties.

FURTHER THIS CLAIMANT AS AFFIANT SAYETH NOT.

I, the Undersigned, hereby affix my approval of the foregoing evidence, facts and laws as true, certain and complete concerning this issue currently in this administrative court of law of this circuit, to the best of my knowledge and belief. So help me God.

Date: April 8, 2014

Claimant/Affiant/Petitioner
Witness For The Record res gestae
Richard Enrique Ulloa, In Pro Per

THIS SPACE INTENTIONALLY LEFT BLANK

THIS SPACE INTENTIONALLY LEFT BLANK

APPENDIX OF
EVIDENCE AND EXHIBITS

SCHEDULE OF EVIDENCE AND EXHIBITS

EXHIBIT A - COPY OF FIRST PAGE FROM CASE MCNALLY V US 483 US 350 (1987) AND DECISION OF THE COURT REGARDING SECTION 371 AND 1341 AND ITS USE IN RELATION WITH THE STATUTE LAW DEFINITION.

EXHIBIT B - COPY OF THE WALL STREET JOURNAL ARTICLE WHERE IT ANNOUNCED THE U.S. SUPREME COURT PROCLAIMED THE SKILLING CLAIM OF ILLEGAL USE OF LAW AS VALIS AND THE JUDGMENT AGAINST JEFFREY SKILLING AS VOID IN LAW.

EXHIBIT C - COPY OF FIRST PAGE FROM CASE US V PANARELLA 2011 US DIST CT LEXIS 84102 FROM THE THIRD CIRCUIT DECLARING THE JUDGMENT AS VOID DUE TO THE MCNALLY RULE AND OTHERS.

EXHIBIT D - COPY OF THE ANNOUNCEMENT FROM ERIC HOLDER STATING THE JUDGMENT BY THE UNITED STATES OF AMERICA IS DISMISSED AGAINST THEODORE STEVENS A FORMER AND DECEASED U.S. SENATOR CONVICTED USING THE ILLEGAL USE OF THE FRAUD LAW.

EXHIBIT E - COPIES OF MEMORANDUMS OF LAW DATING BACK TO THE FOUNDING OF THIS NATION REGARDING VOID JUDGMENTS, DELEGATION OF AUTHORITY AND TERRITORIAL JURISDICTION.

EXHIBIT F - COPY OF THE TRUE BILL FROM AGENTS OF THE UNITED STATE PROVIDING PROOF OF CLAIM RICHARD ENRIQUE ULLOA WAS ADJUDICATED USING THE SECTION OF 1341 AS STATED IN THE MCNALLY RULE, DATED 10/27/2014.

EXHIBIT G - COPY OF THE JUDGMENT DEEMED AND RULED VOID IN THE MCNALLY RULE AND THE BLACK AND SKILLING RULES AT 561 US SCT (2010)(2013) AS SO ENTERED UPON THE COURT AND PUBLIC RECORD AGAINST RICHARD ENRIQUE ULLOA. THIS JUDGMENT IS ALSO VOID AS IT IS DATED 12/12/2011 BUT ANNOUNCES A SUPERCEDING INDICTMENT 12/30/2010 VIOLATING THE LANZETTA RULE WHICH MANDATES A CITIZEN CANNOT BE RETRIED ON A PROVEN ILLEGAL USE OF LAW.

EXHIBIT A

CHARLES J. McNALLY, Petitioner
vs.
UNITED STATES (No. 86-234)

JAMES E. GRAY, Petitioner
vs.
UNITED STATES (No. 86-286)

483 US 350, 97 L Ed 2d 292, 107 S Ct 2875

[Nos. 86-234 and 86-286]

Argued April 22, 1987.

Decided June 24, 1987.

**Criminal Law § 1 - punishable offenses**

4. There are no constructive offenses; before one can be punished, it must be shown that his case is plainly within the statute.

On certiorari, the United States Supreme Court reversed and remanded. In an opinion by White, J., joined by Rehnquist, Ch. J., and Brennan, Marshall, Blackmun, Powell, and Scalia, JJ., it was held that (1) § 1341 is limited in scope to the protection of property rights, and does not refer to the intangible right of the citizenry to have public officials perform their duties honestly, (2) the chairman did not violate § 1341 because he was not charged with defrauding the state of any money or property, and (3) the District Court's jury instruction erroneously permitted a conviction for conduct not within the reach of § 1341.

there was nothing in the jury charge that required such a finding. We hold, therefore, that the jury instruction on the substantive mail fraud count permitted a conviction for conduct not within the reach of § 1341.

The Government concedes that if petitioners' substantive mail fraud convictions are reversed their conspiracy convictions should also be reversed. Id., at 36, n 28.

The court concluded, however, that "[a] statute which ... has for its object the protection of the individual property rights of the members of the civic body, is one thing; a statute which has for its object the protection and welfare of the government alone, which exists for the purpose of administering itself in the interests of the public, [is] quite another." Id., at 7. Section 371 is a statute aimed at protecting the Federal Government alone; however, the mail fraud statute, as we have indicated, had its origin in the desire to protect individual property rights, and any benefit which the Government derives from the statute must be limited to the Government's interests as property holder.

EXHIBIT B

# THE WALL STREET JOURNAL.

FRIDAY, JUNE 25, 2010 - VOL. CCLV NO. 147

*** $2.00

What's News—

Business & Finance

World-Wide

# Court Backs Skilling Appeal

*Justices Narrow Reach of Fraud Statute Used in Several High-Profile Convictions*

Cheeseburger Diplomacy Puts Russia a Step Closer to WTO Membership

EXHIBIT E

MEMORANDUM OF LAW AND POINTS OF AUTHORITY ON VOID JUDGMENTS

MEMORANDUM OF LAW AND POINTS OF AUTHORITY ON DELEGATION OF AUTHORITY

EXHIBIT C

**UNITED STATES OF AMERICA v. NICHOLAS PANARELLA, JR.**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**2011 U.S. Dist. LEXIS 84102**
**CRIMINAL ACTION NO. 00-655**
**July 29, 2011, Decided**
**August 1, 2011, Filed**

**Editorial Information: Subsequent History**

Motion denied by United States v. Panarella, 2012 U.S. Dist. LEXIS 17712 (E.D. Pa., Feb. 13, 2012)

**Counsel** For NICHOLAS PANARELLA, JR., Defendant: JEROME M. BROWN, LEAD ATTORNEY, JEROME BROWN, ESQUIRE, PHILADELPHIA, PA; PETER C. BOWERS, LEAD ATTORNEY, PETER C. BOWERS & ASSOC., PHILADELPHIA, PA.
For USA, Plaintiff: CATHERINE VOTAW, LEAD ATTORNEY, U.S. ATTORNEY'S OFFICE, PHILADELPHIA, PA; JOSEPH F. MINNI, ROBERT A. ZAUZMER, LEAD ATTORNEYS, UNITED STATES ATTORNEY'S OFFICE, PHILADELPHIA, PA.

**Judges:** MARY A. McLAUGHLIN, J.

**Opinion**

**Opinion by:** MARY A. McLAUGHLIN

**Opinion**

MEMORANDUM

McLaughlin, J.

Before the Court is a petition for a writ of error coram nobis filed by Nicholas Panarella, Jr., who seeks to vacate his conviction as an accessory after the fact to an honest services wire fraud scheme. In 2001, Panarella pled guilty to a one-count superseding information, which charged him as an accessory after the fact to honest services wire fraud based on a theory of an undisclosed self-dealing. In Skilling v. United States, the Supreme Court limited the range of conduct prohibited by the honest services statute, and held that 18 U.S.C. § 1346 only criminalizes schemes involving bribes and kickbacks, not undisclosed self-dealing. On the basis of Skilling, Panarella now moves to have his conviction vacated by writ of error coram nobis.

The United States agrees that the theory of honest services fraud stated in the Information to which Panarella pled guilty is no longer valid after Skilling. Nonetheless, it opposes coram nobis relief, and contends that Panarella must show "actual innocence" under the remaining theory of honest services fraud that survives Skilling, with which Panarella was not charged.

After a full round of briefing, the Court held oral argument on the motion on January 11, 2011. The

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

17902052

EXHIBIT D

# Department of Justice

FOR IMMEDIATE RELEASE
Wednesday, April 1, 2009
WWW.USDOJ.GOV

AG
(202) 514-2007
TDD (202) 514-1888

## Statement of Attorney General Eric Holder Regarding United States V. Theodore F. Stevens

"In connection with the post-trial litigation in *United States v. Theodore F. Stevens*, the Department of Justice has conducted a review of the case, including an examination of the extent of the disclosures provided to the defendant. After careful review, I have concluded that certain information should have been provided to the defense for use at trial. In light of this conclusion, and in consideration of the totality of the circumstances of this particular case, I have determined that it is in the interest of justice to dismiss the indictment and not proceed with a new trial.

"The Department's Office of Professional Responsibility will conduct a thorough review of the prosecution of this matter. This does not mean or imply that any determination has been made about the conduct of those attorneys who handled the investigation and trial of this case.

"The Department of Justice must always ensure that any case in which it is involved is handled fairly and consistent with its commitment to justice. Under oftentimes trying conditions, the attorneys who serve in this Department live up to those principles on a daily basis. I am proud of them and of the work they do for the American people."

###

09-288

# EXHIBIT F

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
OCT 27 2010
LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************

UNITED STATES OF AMERICA,

v.

RICHARD ENRIQUE ULLOA,

Defendant.

*******************************

Criminal Action No.
10-CR-321 (TJM)

**SUPERSEDING INDICTMENT**

VIO: 18 U.S.C. §§ 1341and 1349

Seven Felony Counts

THE GRAND JURY CHARGES:

**COUNTS ONE THROUGH SEVEN**

**(18 U.S.C. § 1341 – MAIL FRAUD)**

**INTRODUCTION**

1. For the relevant period of this indictment, defendant RICHARD ENRIQUE ULLOA was a resident of the Northern District of New York.

**THE LIEN SCHEME**

2. From in or about June 2009, and continuing until on or about at least February 2010, within the Northern District of New York, defendant RICHARD ENRIQUE ULLOA, with the intent to defraud, devised and intended to devise a scheme or artifice to defraud, and for obtaining money and property by means of materially false or fraudulent pretenses,

# EXHIBIT G

AO 245B NNY(Rev. 10/05) Judgment in a Criminal Case
Sheet 1

## UNITED STATES DISTRICT COURT

Northern District of New York

UNITED STATES OF AMERICA
V.
Richard Enrique Ulloa

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DNYN110CR000321-001
USM Number: 17902-052
AFPD Paul Evangelista, Esq., 39 N. Pearl Street, 5th Floor
Albany, New York 12207 (518) 436-1850
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

X was found guilty on count(s) 1, 2, 3, 4, 5, 6 and 7 of the seven-count Superseding Indictment on December 30, 2010 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341 & 1349 | Conspiracy to Commit Mail Fraud | 02/28/2010 | 1 - 7 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed in accordance with 18 U.S.C. § 3553 and the Sentencing Guidelines.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 12, 2011
Date of Imposition of Judgment

Thomas J. McAvoy
Senior, U.S. District Judge

December 14, 2011
Date

CEB

C E R T I F I C A T E   O F   S E R V I C E

I, the Undersigned, did mail a copy of DEMAND AND NOTICE FOR IMMEDIATE RELEASE to the parties captioned below this 8th day of the month of April, 2014.

With All Rights And Remedies,

Claimant/Plaintiff/Petitioner
Richard Enrique Ulloa, In Pro Per

SERVICE OF PROCESS EXECUTED UPON:

COURT CLERK
U.S. DISTRICT COURT
228 WALNUT STREET
HARRISBURG, PENNSYLVANIA 17108
(Via USPS Cert Mail No.7006 2150 0004 7632 8913)
7006 2150 0004 7632 8913

SYNOPSIS OF INSTRUMENTS SERVED:

1. DEMAND AND NOTICE FOR IMMEDIATE RELEASE
2. COVER LETTER TO COURT CLERK/U.S. DISTRICT COURT
3. APPENDIX OF EVIDENCE AND EXHIBITS-EXHIBITS A TO F
4. SCHEDULE OF EVIDENCE AND EXHIBITS
5. CERTIFICATE OF SERVICE(Same)
6. COVER PAGE OF LITIGANTS
7. COVER LETTER TO TRIBUNAL

THIS SPACE INTENTION

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7006 2150 0004 7632 8913

| | |
|---|---|
| Postage | $ 2.45 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.75 |

Postmark Here

Sent To
COURT CLERK OF THE U.S. DISTRICT COURT
Street, Apt. No.; or PO Box No.
228 WALNUT STREET
City, State, ZIP+4
HARRISBURG, PENNSYLVANIA 17101

PS Form 3800, August 2006 See Reverse for Instructions

Case 3:14-cv-00321-MEM-DB Document 1-3 Filed 04/11/14 Page 16 of 16

Richard Enrique Ulloa
P.O. Box 1000/Reg 17902-052
LSCI Allenwood
White Deer, PEnnsylvania 17887

LOW SECURITY FEDERAL CORRECTION INSTITUTION MAIL

LEGAL MAIL

⇔17902-052⇔
Middle-Dis Clerk
Middle-District
228 Walnut
USDC OF Pennsylvannia
Harrisburg, PA 17108-9998
United States

LEGAL MAIL

Low Security Correctional Institutio
Allenwood, PA 17887
Date 4-8-14
The enclosed letter was processed throu
special mailing procedures for forwardin
you. The letter has neither been opened
inspected. If the writer raises a questio
problem over which this facility has
jurisdiction, you may wish to return t
material for further information or clarifi
If the writer encloses correspondence